1
2
3
4
5
6              **UNITED STATES DISTRICT COURT**
7             **EASTERN DISTRICT OF CALIFORNIA**
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | | |
|---|---|---|
| 1 | CARRIE HAWECKER and MICHELLE BROUSSARD, individually and on behalf of a class of similarly situated persons, | ) ) ) ) ) | 1:10-cv-0085 OWW DLB |
| 2 | | | SCHEDULING CONFERENCE ORDER |
| 3 | Plaintiffs, | ) ) | Motion for Class Certification Filing Deadline: 9/13/10 |
| 4 | v. | ) ) | |
| 5 | RAWLAND LEON SORENSEN, | ) ) | Opposition Thereto Filing Deadline: 9/27/10 |
| 6 | Defendant. | ) ) | Reply Thereto Filing Deadline: 10/4/10 |
| 7 | | ) ) | |
| 8 | | | Motion for Class Certification Hearing Date: 10/18/10 10:00 Ctrm. 3 |

Discovery Cut-Off: 12/3/10

Non-Dispositive Motion Filing Deadline: 12/17/10

Non-Dispositive Motion Hearing Date: 1/21/11 9:00 Ctrm. 9

Dispositive Motion Filing Deadline: 1/7/11

Dispositive Motion Hearing Date: 2/7/11 10:00 Ctrm. 3

Settlement Conference Date: 12/8/10 10:00 Ctrm. 9

Pre-Trial Conference Date: 3/14/11 11:00 Ctrm. 3

Trial Date: 4/19/11 9:00 Ctrm. 3 (JT-6 days)

I.  Date of Scheduling Conference.

May 12, 2010.

II. Appearances Of Counsel.

Brancart & Brancart by Elizabeth Brancart, Esq., appeared on behalf of Plaintiffs.

Swanson O'Dell by Jeremy D. Swanson, Esq., appeared on

behalf of Defendant.

III.   Summary of Pleadings.

    1.   This is a fair housing case alleging a pattern or practice of sexual harassment by Defendant.  Plaintiffs, two former female tenants of Defendant landlord, seek monetary, declaratory and injunctive relief against Defendant for discrimination and harassment based on sex in violation of the federal Fair Housing Act, 42 U.S.C. § 3601, et seq., and related state laws.  Plaintiffs also seek certification of a class for injunctive relief only.  Defendant denies all material allegations.  Defendant also alleges that Plaintiffs were delinquent in their rent payments and have brought the allegations of the complaint to avoid eviction.

IV.   Orders Re Amendments To Pleadings.

    1.   Plaintiffs reserve the right to amend the complaint once the first round of discovery is completed in order to determine whether additional parties or claims need to be added.

V.   Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   Plaintiff Carrie Hawecker rented a dwelling in Bakersfield from Defendant Rawland Sorensen.

        2.   Plaintiff Michelle Broussard rented a dwelling in Bakersfield from Defendant Rawland Sorensen.

        3.   Defendant Rawland Sorensen is an individual resident of the County of Kern, State and Eastern District of California.

///

    B.    Contested Facts.

        1.    Whether Defendant Rawland Sorensen engaged in unwelcome sexual advances, requests for sexual favors or other verbal or physical conduct of a sexual nature such that the conduct had the effect of creating an environment which a reasonable person in the same position would consider intimidating, hostile, offensive, or otherwise making the tenancy significantly less desirable, in connection with the rental of a dwelling or the provision of benefits or services in connection therewith.

        2.    Whether Defendant Rawland Sorensen engaged in unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature such that submission to the conduct, either explicitly or implicitly, was made a term or condition relating to the rental of a dwelling or the provision of benefits or services in connection therewith.

        3.    Whether Plaintiffs were delinquent in their rent payments and have brought the allegations of the complaint to avoid eviction.

VI.    Legal Issues.

    A.    Uncontested.

        1.    Jurisdiction exists under 28 U.S.C. § 1331 and 42 U.S.C. § 3601, et seq.  Jurisdiction is also invoked under 28 U.S.C. § 1367.

        2.    Venue is proper under 28 U.S.C. § 1391.

        3.    The parties agree that the substantive law of the State of California provides the rule of decision for supplemental claims.

**B.   Contested.**

1. Whether Defendant has injured Plaintiffs by committing discriminatory housing practices in violation of the federal Fair Housing Act, 42 U.S.C. § 3601, et seq.

2. Whether Defendant has injured Plaintiffs by committing discriminatory housing practices in violation of the California Fair Employment and Housing Act, Govt. Code § 12955 et seq.

3. Whether Defendant injured the individual Plaintiffs in violation of the Unruh Civil Rights Act, California Civil Code § 51 et seq., by discriminating based on gender in the operation of his rental properties.

4. Whether, in acting as alleged in the complaint, Defendant injured Plaintiffs by engaging in a pattern or practice of unlawful conduct in the operation of his rental properties in violation of the California Business and Professions Code § 17200.

5. Whether Defendant injured Plaintiffs by constructively or wrongfully evicting them from the use and enjoyment of the full premises, including invading their private rights of occupancy.

6. Whether Plaintiffs are entitled to compensatory and punitive damages.

7. Whether Plaintiffs are entitled to injunctive and declaratory relief.

8. Whether a class should be certified under Rule 23(b)(2) for injunctive relief only.

///

**VII. Consent to Magistrate Judge Jurisdiction.**

    1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

**VIII.    Corporate Identification Statement.**

    1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

**IX.   Discovery Plan and Cut-Off Date.**

    1.   The parties will first exchange interrogatories and document requests.

    2.   Following receipt of response to written discovery, the parties will conduct the depositions of each party, and certain third-party witnesses.

    3.   The parties have made their initial disclosures pursuant to Rule 26.

    4.   The filing of the Motion for Class Certification shall be September 13, 2010.  The opposition to the Motion for Class Certification shall be filed on or before September 27, 2010.  The reply shall be filed on or before October 4, 2010.  The hearing on same shall be held October 18, 2010, at 10:00 a.m. in Courtroom 3.

    5.   The parties are ordered to complete all discovery on or before December 3, 2010.

    6.   The parties are directed to disclose all expert


witnesses, in writing, on or before September 24, 2010.  Any rebuttal or supplemental expert disclosures will be made on or before October 29, 2010.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    7.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.  Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

    8.   The parties have agreed that all financial and personal information disclosed in discovery shall be treated as confidential information and subject to a protective order.  The parties are discussing the terms of a proposed protective order, which they will lodge with the Court before the Scheduling Conference.

X.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before December 17, 2010, and heard on January 21, 2011, at 9:00 a.m. before Magistrate Judge Dennis L. Beck in Courtroom 9.

    2.   In scheduling such motions, the Magistrate

Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be filed no later than January 7, 2011, and will be heard on February 7, 2011, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

XI.   Pre-Trial Conference Date.

    1.   March 14, 2011, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII.   Motions - Hard Copy.

    1.   The parties shall submit one (1) courtesy paper copy to the Court of any motions filed.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII.   Trial Date.

    1.   April 19, 2011, at the hour of 9:00 a.m. in Courtroom

8

3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.    This is a jury trial.

    3.    Counsels' Estimate Of Trial Time:

        a.    Four to six days.

    4.    Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

## XIV. Settlement Conference.

    1.    A Settlement Conference is scheduled for December 8, 2010, at 10:00 a.m. in Courtroom 9 before the Honorable Dennis L. Beck, United States Magistrate Judge.

    2.    Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.    Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences.  Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.    Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the

parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.   The Confidential Settlement Conference Statement shall include the following:

    a.   A brief statement of the facts of the case.

    b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c.   A summary of the proceedings to date.

    d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

    e.   The relief sought.

    f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV.  Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.   The parties request bifurcation of the amount of

punitive damages, if any.  Those will be determined in a separate phase in a continuous trial before the same jury after entitlement to punitive damages and amount of compensatory damages has been determined.

    2.    Any request for injunctive relief will be heard following return of the jury's verdict.

XVI. Related Matters Pending.

    1.    There are no related matters.

XVII.    Compliance With Federal Procedure.

    1.    The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII.    Effect Of This Order.

    1.    The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.    Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached

11

exhibits, which establish good cause for granting the relief requested.

3.  Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **May 13, 2010**                       **/s/ Oliver W. Wanger**
                                         UNITED STATES DISTRICT JUDGE