UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE HAWECKER and MICHELLE BROUSSARD, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>RAWLAND LEON SORENSEN,<br><br>Defendant. | Case No. 1:10-cv-00085 OWW JLT<br><br>PROTECTIVE ORDER |

**IT IS HEREBY ORDERED THAT:**

1. As used in this Protective Order, "Confidential Information" means:

    (a) Personal information identified in Rule 5.2 of the Federal Rules of Civil Procedure;

    (b) Financial information disclosed by any party in this action;

    (c) The identity of the alleged victims of sexual harassment, including but not limited to their names, addresses and telephone numbers; and,

    (d) The net worth of the defendant.

2. The Confidential Information described above is properly subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure.  Counsel shall not designate any discovery material  CONFIDENTIAL  without first making a good faith determination that protection is warranted and that the material falls into one of the specific categories listed in paragraph 1, above.

3. If a party wishes to challenge the designation of a document or portion of a document as CONFIDENTIAL, the party challenging the designation shall meet and confer in good faith with the designating party in an attempt to resolve the dispute. If the parties are unable to resolve their dispute, the party seeking confidentiality may file a motion with the Court seeking adjudication of the matter under F.R.C.P. 26(c). The party seeking confidentiality has the burden of establishing that protection is warranted under F.R.C.P. 26(c).

4. Confidential Information shall be disclosed by the parties and their counsel only in accordance with the terms of this Protective Order and shall be used solely for the purposes of this action and shall not be used by the parties or their counsel for any other purpose.

5. Confidential Information shall not be disclosed by the parties or their counsel to anyone other than the Court and its officers, counsel and their agents and employees, including investigators, and the parties, all of whom shall be advised of, and bound by, the terms of this Protective Order. Counsel may also disclose Confidential Information to qualified third-parties retained to assist in the prosecution, defense, or settlement of this action, such as investigators, witnesses, and expert witnesses.

6. The filing of confidential information shall be governed by § 14 of the Eastern District s Electronic Case Filing Memorandum, dated January 3, 2005.

7. Prior to hearings or testimony before the Court in this case, the parties, in the event that it is known reasonably in advance of such hearing or testimony that matters involving Confidential Information will be raised, shall so advise the Court.

8. Nothing in this Protective Order shall affect the admissibility of any Confidential Information in this action.

9. Within 30 days after the termination of this action all Confidential Information produced by a party shall be returned to that party s counsel.

1	10.	Nothing in this Protective Order shall be construed to unduly hamper the rights of the parties to prosecute and defend this action.  Nothing in this Protective Order shall preclude any party from moving the Court for modification of any terms and conditions thereof.  Any party may, at any time, move the Court for modification of this Protective Order.

	11.	This Protective Order shall survive the final termination of this action.  The Court shall retain jurisdiction to enforce this Protective Order for six months after the final termination to resolve any dispute concerning the use of Confidential Information.

<u>IT IS SO ORDERED.</u>

**Dated:	November 12, 2010**				<u>/s/ Oliver W. Wanger</u>
						UNITED STATES DISTRICT JUDGE