1

2

3

4

5

6

7

8                   **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   CARRIE HAWECKER and                    )   Case No.: 1:10-cv-00085 OWW JLT
     MICHELLE BROUSSARD, individually and on )
12   behalf of a class of similarly situated persons, )   ORDER GRANTING IN PART AND DENYING
                                            )   IN PART PLAINTIFF'S MOTION TO COMPEL
13                      Plaintiffs,         )   DISCOVERY
                                            )
14        v.                                )   (Doc. 45)
                                            )
15                                          )
                                            )
16   RAWLAND LEON SORENSON,                 )
                                            )
17                      Defendant.          )
     _____ )
18

19        Carrie Hawecker and Michelle Broussard ("Plaintiffs") seek an order compelling discovery

20   and production of documents by Leon Rawland Sorensen ("Defendant").  (Doc. 45).  On January 4,

21   2011, the parties filed a "Joint Statement re: Discovery Disagreements."  (Doc. 50).

22        On January 11, 2011, the Court heard argument regarding this motion.  The Court has read

23   and considered the pleadings and arguments of counsel.  For the reasons set forth below, Plaintiff's

24   motion to compel discovery is **GRANTED IN PART AND DENIED IN PART**.

25   **I.  Factual and Procedural Background**

26        Plaintiffs allege violations of the Fair Housing Act (42 U.S.C. §§ 3604 and 3617), and the

27   California Fair Employment and Housing Act (Cal. Gov. Code § 12955, *et seq.*), and the California

28   Unruh Civil Rights Act (Cal. Civ. Code § 51 *et seq.*), and the California Business and Professions

1

Code § 17200, *et seq.* (Doc. 1 at 9-10).  In addition, Plaintiffs raise claims for unfair business

practices under the California Business and Professions Code § 17200, *et seq.*, and wrongful eviction

under the California Code of Civil Procedure §§1159 and 1160.  *Id.* at 10.  Given these allegations,

Plaintiffs have stated a claim for compensatory and punitive damages.  *Id.* at 11.

Plaintiffs propounded their first set of interrogatories and first requests for production of

documents on March 16, 2010, to which Defendant responded on April 22, 2010.  (Doc. 50 at 1, 5).

Following Defendant's deposition in September 2010, Plaintiffs propounded a request for

supplementation on September 12, 2010, requesting that Defendant produce responsive documents

identified during his deposition that had not yet been produced.  *Id.* at 13.  Plaintiffs asserted the

production was insufficient because responsive documents had not been produced, and those

produced were inadequate to calculate Defendant's net worth, as they are entitled to do given the

claim for punitive damages.

## II.  Scope of Discovery

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure

and Evidence.  Fed.R.Civ.P. 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any
> nonprivileged manner that is relevant to any party's claim or defense – including the
> existence, description, nature, custody, condition, and location of any documents or other
> tangible things. . . For good cause, the court may order discovery of any matter relevant
> to the subject matter involved in the accident.  Relevant information need not be
> admissible at the trial if the discovery appears reasonably calculated to lead to the
> discovery of admissible evidence.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that

is of consequence to the determination of the action more probable or less probable than it would be

without the evidence."  Fed.R.Evid. 401.  Further, relevancy is interpreted "broadly to encompass

any matter that bears on, or that reasonably could lead to other matter that could bear on any issue

that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 427 U.S. 340, 351 (1978).

## III.  Requests for Production of Documents

A propounding party may request documents "in the responding party's possession, custody,

or control."  Fed.R.Civ.P. 34(a).  A request is adequate if it describes items with "reasonable

particularity;" specifies a reasonable time, place, and manner for the inspection; and specifies the

1   form or forms in which electronic information can be produced.  Fed.R.Civ.P. 34(b).  Further, a

2   request is sufficiently clear and unambiguous if it "places the party upon 'reasonable notice of what

3   is called for and what is not.'"  *Kidwiler v. Progressive Paloverde Ins. Co.*, 192. F.R.D. 193, 202

4   (N.D. W. Va. 2000), *quoting Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C.

5   1992); *see also* 2 Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* (2003)

6   Discovery, para. 11:1886 (test is whether a respondent of average intelligence would know what

7   items to produce).

8          The responding party must respond in writing and is obliged to produce all specified relevant

9   and non-privileged documents, tangible things, or electronically stored information in its

10  "possession, custody, or control" on the date specified.  Fed.R.Civ.P. 34(a).  In the alternative, a

11  party may state an objection to a request, including the reasons.  Fed.R.Civ.P. 34(b)(2)(A)-(B).

12  Boilerplate objections to a request for a production are not sufficient.  *Burlington Northern & Santa*

13  *Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005).  When a party resists

14  discovery, he "has the burden to show that discovery should not be allowed, and has the burden of

15  clarifying, explaining, and supporting its objections."  *Oakes v. Halvorsen Marine Ltd*, 189 F.R.D

16  281, 283 (C.D. Cal. 1998), *citing Nestle Food Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104

17  (D.N.J. 1990).  It follows that, where a party objects on the grounds of vagueness and ambiguity, he

18  has the burden to demonstrate the vagueness or ambiguity by setting forth specific facts in support of

19  its objection.  *See id*; *see also Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 298 (E.D. Pa.

20  1980).  Finally, if a party "fails to respond that inspection will be permitted - or fails to permit

21  inspection - as requested under Rule 34," the propounding party may make a motion to compel

22  production of documents.  Fed.R.Civ.P. 37(a)(3)(B)(iv).

23  **IV.  Discussion and Analysis**

24         According to the "Joint Statement" filed by the parties, the disputes concern primarily the

25  production of documents related to Defendant's net worth and documents created in the course of his

26  rental business.  (Doc. 50 at 5).  Plaintiffs seek the discovery "to (1) determine defendant's financial

27  condition; (2) test defendant's assertions concerning the drop in his net worth; (3) make informed

28  settlement decisions; and (4) prepare for trial on their punitive damages claim."  *Id.* at 3.

A.   Requests related to Defendant's net worth

Plaintiffs argued Defendant's responses "are insufficient to enable plaintiffs to calculate his net worth and determine whether his claims to reduced monetary means are meritorious."  (Doc. 50 at 9).  Plaintiffs have stated a claim for punitive damages, and as such argue that information relating to Defendant's financial condition is relevant to their case.  *Id.* at 4.

*Special Interrogatory No. 5*

Plaintiffs requested Defendant "[s]tate the net worth of defendant, listing all assets and liabilities over $1,000.00 in value."  (Doc. 50 at 5).  Defendant responded, but Plaintiffs seek further responses because according to Plaintiffs' expert, much more information was needed to calculate Defendant's net worth.  *See id.* at 10.  Defendant stated he "does not know his specific net worth and has never had his net worth evaluated by a professional."  *Id.*  In addition, Defendant stated he would "do his best to gather and give counsel documents that fully reflect his net worth," including year-end statements for bank and investment accounts, and statements showing the cost to purchase his properties, the loan amounts, and the outstanding balance on the loans.  *Id.* at 10-11.  Therefore, the motion to produce documents responsive to Special Interrogatory No. 5 is **GRANTED.**

*Document Request No. 14*

Plaintiffs requested copies "of each net worth or financial statement prepared by or on behalf of defendant at any time since January 1, 2008, including but not limited to any loan applications, credit applications, or refinancing options."  Defendant stated he did not have documents responsive to this request.  In response, Plaintiffs argued Defendant has lines of credit with Chase and Bank of America, and they seek "(1) any renewal applications he has submitted for those lines, as well as (2) complete year-end statements showing the activity for 2008, 2009, and 2010."  Defendant asserted there are no documents responsive to this request.

In *Evans v. Tilton*, the Court ruled the defendants had adequately responded to a request for production where the plaintiff failed to present "a sufficient showing...which creates a reasonable belief that more information exists.  *Evans v. Tilton*, 2010 U.S. Dist. LEXIS 36953, at *8 (E.D. Cal. March 18, 2010).  Though Defendant twice stated no such documents exist, the declaration of John Herberger demonstrates that responsive documents should exist, including year end loan statements,

4

year in lines of credit statements, and year end trade statements. (Doc. 50, Ex. 1 at 1-2).  Defendant

admits to receiving such documents, and agrees to provide these documents and documents related

to the cost of the properties, loan amounts, and outstanding balances.  These documents and

whatever other like documents within Defendants' control constitute financial statements prepared

on behalf of defendant.  Therefore, the motion to produce documents responsive to Request No. 14 is

**GRANTED**.

*Document Request No. 15*

Plaintiffs requested "all appraisals conducted at any time since January 1, 2008 of all real

property held in part or in full by defendant."  Defendant responded he did not have any documents

responsive to this request, and was unaware of the existence of any such documents.  Therefore,

Plaintiffs seek "alternative information" including "copies of the declarations pages of each of the

fire, property, and casualty insurance policies maintained by Mr. Sorensen on his rental properties to

compare with the insured value with the amounts he now claims the policies are worth."  (Doc. 50 at

12).  Assuming these insurance policies may be used to pay any judgment in this case, the documents

are discoverable under Fed.R.Civ.P. 26(a)(1)(A).

On the other hand, the declaration pages of these policies would provide information

regarding the insurance company's opinion as to the value of the properties.  Therefore, the motion

to produce documents responsive to Request No. 15 is **GRANTED**, and Defendant must provide

copies of the declaration pages of the insurance policies for each of his properties.

*Document Request No. 16*

Plaintiffs requested "all most recent year-end statements reflecting the account number and

balance of accounts held by defendant, including savings, checking, annuities, or mutual, stock or

bond funds." (Doc. 50 at 6).  Defendant objected to the request on the grounds that it invades his

constitutional right to privacy.  *Id.*  However, Defendant agreed to provide copies of "assets for the

years 2008, 2009, and 2001, including Form 1099s, 1098s, K-1s, property tax statements, and any

statements prepared by an accountant." *Id.* at 12.  Because Defendant's counsel agreed to produce

these documents, the motion to produce documents responsive to Request No. 16 is **GRANTED**.

///

5

1

2       *Document Request No. 17*

3       Plaintiffs sought further response to this request for "all most recent year-end statements

4   reflecting the account number and balance of loans or debts of defendant, including but not limited

5   to mortgages, vehicle or boat loans, judgments, or tax liens." (Doc. 50 at 6-7). Defendant objected

6   to this request on the grounds that it invades his constitutional right to privacy, and provided

7   statements reflecting the amount owed in mortgages. *Id.* at 6. Upon application of Plaintiffs for

8   "year end statements for each debt owed . . . for the years 2008, 2009, and 2010, including

9   amortization or payment schedules and IRS forms 1098," Defendant agreed to provide the additional

10  documents. *Id.* at 13. Therefore, the motion to produce further documents responsive to Request

11  No. 17 is **GRANTED**.

12      *Interrogatory No. 3*

13      Because Defendant provided the information requested, the motion to produce information

14  responsive to Interrogatory No. 3 was **WITHDRAWN**.

15      B. Requests related to Defendant's business records

16      Plaintiffs asserted Defendant failed to respond to a request that he supplement his responses

17  to the first set of requests for production of documents by producing documents identified by him at

18  the deposition but not yet produced. *Id.* at 13. These documents include:

19          (1) any rental agreements in defendant's possession, not just those of his current tenants;
            (2) a complete copy of the "tenant ledger" described by defendant in his deposition; (3)
20          a complete copy of any receipt book he used or maintained; (4) any documents reflecting
            security deposit funds; (5) a complete copy of any rental application submitted by a
21          prospective tenant; (6) advertisement documents; and (6) documents showing money let
            or paid to employees since 2008.

22  (Doc. 50 at 13). According to Plaintiffs, each document was responsive to original requests for

23  production of documents. *Id.*

24      *Requests for Supplementation Nos. 1-5*

25      Plaintiffs argued they are entitled to the information created by Defendant in the course of his

26  rental business. (Doc. 50 at 19). Defendant testified "his longstanding practice is to keep a looseleaf

27  notebook in his desk" in which he records information about his tenants. According to Defendant's

28  testimony, these "ledgers" differ from the documents already produced in discovery. *Id.* Plaintiffs

6

1   asserted these documents include information such as the amount collected and spent in the

2   operation of the rental units, including whether Defendant returned or retained security deposits, and

3   identify former tenants.  *Id.*  In addition, Defendant testified he gives receipts to tenants for a deposit

4   or rent, and Plaintiffs argued these receipt books are "relevant both to establish net worth and to

5   weighting defendant's assertions that he accurately recorded his receipt of monies."  *Id.* at 20.

6        In response to Supplemental Requests 1-5, Defendant stated he does not have further rental

7   agreements to produce.  (Doc. 50 at 20).  Further, Defendant argued "he does not keep renter

8   applications and therefore does not have these documents to produce, other than a few miscellaneous

9   items he has discovered at his home."  *Id.*  Defendant agreed to produce copies of these items, the

10  receipt books and the ledger, the "loose leafs" that he testified were kept on Defendant's desk, which

11  Defendant stated are the only documents containing information regarding the security deposits.

12       Therefore, the motion as to Request for Supplementation Nos. 1 through 5 is **GRANTED**.

13                    *Request for Supplementation No. 6*

14       Plaintiffs requested production of "[a] complete copy of each advertisement published by

15  defendant in the *Bakersfield Californian* newspaper at any time since 2002."  (Doc. 50 at 17).

16  Defendant objected to this request as "irrelevant and not calculated to lead to discoverable evidence"

17  and "overly broad, burdensome, and duplicative."  *Id.*  Also, Defendant responded that the

18  advertisements were a matter of public record, equally available to Plaintiffs.  Finally, Defendant

19  responded all documents within his possession responsive to this request were provided to Plaintiffs.

20  Though Defendant objected that the request was "overly broad" and irrelevant, relevance is not a

21  proper objection and this objection is overruled.  Moreover, because Defendant testified that the

22  content of the advertisements reflected the rent sought ans the deposit amounts, the Court finds that

23  this information is reasonable calculated to lead to admissible evidence.  Likewise, the time frame

24  specified is reasonably tailored to the alleged events at issue.  Thus, the objection is overruled.

25       Therefore, the motion as to Request for Supplementation No. 6 is **GRANTED**, and

26  Defendant is ordered to obtain copies of the advertisements to the extent copies are available from

27  the *Bakersfield Californian* and provide these to Plaintiffs.

28  ///

1    *Request for Supplementation No. 8*

2         Plaintiffs requested "a complete copy of any documents showing the sums of money paid,

3    lent, or given to any employee, at any time since January 1, 2008." (Doc. 50 at 18).  Defendant

4    objected that "the request is not calculated to lead to the discovery of relevant evidence," or material

5    evidence, and that the request is "overbroad and burdensome." *Id.*  However, Defendant did not

6    meet his burden of clarifying, explaining, or supporting these objections. *See Oakes*, 189 F.R.D. at

7    283.  Rather, Defendant responded to this motion that "he does not have any employees and

8    therefore does not have any business documents responsive to this request," though he hired

9    independent third parties to perform services.

10        Plaintiffs asserted the word "employee" was used to broadly refer to those you regularly

11   performed work for Defendant, such as Charles Willbourn, Peggy Moorehead, Kendra Herd, and

12   Sandra Hawkins.   Counsel asserted that this clarification had been communicated to Defendant's

13   counsel during the meet-and-confer process.  Further, Plaintiffs argued that this information is

14   relevant to evaluating the bias of these individuals if they are called to testify.  At the hearing,

15   Defendant agreed at the hearing to this broader definition of the word "employee," as he already

16   offered the information regarding the third parties.  Therefore, the motion as related to Request for

17   Supplementation No. 8 is **GRANTED**.

18   **V.   Order**

19        Based on the foregoing, Plaintiff's Motion to Compel Discovery (Doc. 45) is GRANTED IN

20   PART and DENIED IN PART as follows:

21        1.      The Motion to Compel Discovery for Special Interrogatory No. 5; Document

22                Requests Nos. 15, 16, and 17; and Requests for Supplementation Nos. 1, 2, 3, 4, 5, 6,

23                and 8 is **GRANTED**; and

24        2.      Defendant is ordered to provide amended responses and the underlying documents to

25                Plaintiff's counsel no later than February 21, 2011.

26   IT IS SO ORDERED.

27   Dated:   **January 12, 2011**                                    **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE
28

8