1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE HAWECKER and<br><br>MICHELLE BROUSSARD,<br><br>        Plaintiff,<br><br>v.<br><br>RAWLAND LEON SORENSEN,<br><br>        Defendant. | 1:10-cv-00085 OWW JLT<br><br>MEMORANDUM DECISION RE<br>PLAINTIFF'S MOTION FOR CLASS<br>CERTIFICATION (DOC. 22). |

## I.  INTRODUCTION

This case involves allegations of sexual harassment and sex discrimination in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq*., and related state laws.

Plaintiffs move to certify a class action under Fed. R. Civ. P. 23(a) and 23(b)(2). Doc. 22. Defendant filed an opposition (Doc. 33), to which Plaintiffs replied (Doc. 38).

## II. FACTUAL BACKGROUND

Defendant owns and operates over 50 properties, mostly single family homes, in Bakersfield, California. Defendant manages the properties, collects rent, and performs evictions. Named Plaintiffs are Defendant's former tenants.[1]

---

[1] The complaint alleges that Plaintiffs were living in Defendant's properties when the lawsuit was filed.

1

On January 15, 2010, Plaintiffs filed a complaint against Defendant. Plaintiffs assert claims under the FHA, California Fair Employment and Housing Act, California Unruh Civil Rights Act, California Business and Professions Code, and California Code of Civil Procedure. Plaintiffs allege that Defendant has a continuous pattern or practice of discrimination and harassment against women in the ownership and operation of rental properties, including: (1) making offensive statements to female tenants about their bodies; (2) asking female tenants to pose nude in exchange for rent reductions or rent workout agreements; (3) touching female tenants' bodies; (4) proposing that female tenants engage in sexual activities in exchange for rent reduction; and (5) using the threat of filing, filing, or agreeing to dismiss, unlawful detainer actions to coerce female tenants into sexual activities. Plaintiffs seek (1) individual compensatory and punitive damages and (2) injunctive and declaratory relief on behalf of themselves and past, current and future female tenants of Defendant. Defendant filed an answer February 22, 2010.

Plaintiffs now move for class certification for purposes of injunctive and declaratory relief. Specifically, they seek to certify a class defined as:

> All women who, since January 1, 1995, have resided in a rental unit owned or operated by Rawland Leon Sorensen, including future female tenants.

2

Plaintiffs also seek to have their counsel appointed as class counsel. Defendants filed an opposition (Doc. 33), and Plaintiffs filed a reply (Doc. 38).

### III. LEGAL STANDARD

A class action "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. of Sw v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364 (1982). The four requirements of Rule 23(a) are: (1) the class must be so numerous that joinder of all members is impracticable; (2) there must be questions of law or fact common to the class; (3) the claims of the class representatives must be typical of the claims of the class; and (4) the class representatives must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

In addition to satisfying Rule 23(a), a proposed class must also fit within one of three categories in Rule 23(b). Here, Plaintiffs seek certification under Rule 23(b)(2). Class certification under Rule 23(b)(2) may be maintained if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

The party seeking class certification has the burden of demonstrating that all the requirements of Rule 23(a) and at least one requirement of Rule 23(b) are met. *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 580 (9th Cir. 2010).

District courts have broad discretion to determine whether to certify a class, and may revisit certification throughout the proceeding. *Armstrong v. Davis*, 275 F.3d 849, 872 n.28 (9th Cir. 2001). In deciding class certification, the primary question is not whether plaintiffs have stated a cause of action that will prevail on the merits, but whether the party seeking certification has met the requirements of Rule 23. *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v. ConocoPhillips Co.,* 593 F.3d 802, 808 (9th Cir. 2010). Courts must perform a rigorous analysis to ensure that Rule 23's requirements are actually satisfied, not simply presumed from the pleadings. *Dukes*, 603 F.3d at 581-582. The analysis will often require looking behind the pleadings, even to "issues overlapping with the merits of the underlying claims." *Id.* at 581.

## IV. DISCUSSION

### A. Standing

Neither parties address standing explicitly, but federal courts are required to examine it *sua sponte*. *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008).

4

Standing is the threshold issue in any lawsuit. *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors*, 498 F.3d 920, 923 (9th Cir. 2007). "If the individual plaintiff lacks standing, the court need never reach the class action issue." 1 ALBA CONTE & HERBERT NEWBERG, NEWBERG ON CLASS ACTIONS 400 (4TH ed. 2002). In a class action, standing is satisfied if at least one named plaintiff has standing. *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007).

Art. III of the Constitution limits federal court jurisdiction to "cases" and "controversies." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395, 100 S.Ct. 1202 (1980). To establish a "case" or "controversy", a plaintiff must show: (1) injury in fact, i.e., an injury that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (2) causation, i.e., the injury is fairly traceable to the challenged action; and (3) likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130 (1992). Here, Plaintiffs seek to certify a class solely for injunctive and declaratory relief. To satisfy standing where prospective injunctive relief is sought, a plaintiff must show: (1) that he "has suffered or is threatened with a concrete and particularized legal harm, coupled with a sufficient likelihood that he will again be wronged in a similar way"; (2) "real and

immediate threat of repeated injury. Past wrongs do not in themselves amount to a real and immediate threat of injury necessary to make out a case or controversy. However, past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury"; and (3) "the claimed threat of injury must be likely to be redressed by the prospective injunctive relief." *Bates*, 511 F.3d at 985 (internal quotations and citations omitted).

A case may become moot after it is filed "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Porter v. Jones*, 319 F.3d 483, 489 (9th Cir. 2003)(quoting *Clark v. City of Lakewood*, 259 F.3d 996, 1011 (9th Cir. 2001)). The question of mootness focuses on whether a court can still grant relief between the parties. *Dream Palace v. County of Maricopa*, 384 F.3d 990, 999-1000 (9th Cir. 2004). Certain claims that are "capable of repetition, yet evading review" can survive a mootness challenge. *Padilla v. Lever*, 463 F.3d 1046, 1049 (9th Cir. 2006). This exception permits actions "for prospective relief to go forward despite abatement of the underlying injury only in exceptional situations . . . where the following two circumstances [are] simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining

party would be subjected to the same action again." *Wolfson v. Brammar*, 616 F.3d 1045, 1053-1054 (9th Cir. 2010)(quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 474, 481, 110 S.Ct. 1249 (1990)).

In the class action context, there must be a named plaintiff who has standing at the time a complaint is filed and at the time the class action is certified pursuant to Rule 23. *Sosna v. Iowa*, 419 U.S. 393, 402, 393 S.Ct. 553 (1975). Mootness can be avoided through certification of a class prior to expiration of the named plaintiff's personal claim. *Geraghty*, 445 U.S. at 398. If a named plaintiff has standing at the time a class is certified but his or her claim later becomes moot, the remaining class members will retain standing if an identifiable class member has standing. *See Bates*, 511 F.3d at 987-988; *Sosna*, 419 U.S. 399. If a controversy becomes moot before the court can "reasonably be expected to rule on a certification motion . . . whether the certification can be said to 'relate back' to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise would evade review." *Sosna*, 419 U.S. at 402.

Here, Plaintiffs do not have standing to bring claims against Defendant solely for injunctive and declaratory relief. Plaintiffs are no longer tenants of Defendant. Although Plaintiffs have sufficiently alleged past concrete injuries, past wrongs do not amount to real and immediate threat sufficient to

establish a case or controversy for purposes of prospective, injunctive relief. *See Bates*, 511 F.3d at 985. There is no showing of likelihood any of Plaintiffs will be Defendant's tenants in the future, and any declaratory or injunctive relief will not redress their past injuries. Claims solely for declaratory and prospective injunctive relief under the Fair Housing Act are rendered moot when a plaintiff moves away from the property where discrimination allegedly occurred. *Harris v. Itzhaki*, 183 F.3d 1043, 1050 (9th Cir. 1999). Moreover, the period identified for alleged injuries were individually experienced by each alleged victim and the statute of limitations have long expired.

Because Plaintiffs do not have individual standing, they cannot represent the class. "Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief." *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).

The facts of this case do not warrant "relating back" certification to the filing of the complaint. *See* Sosna, 419 U.S. at 402. Plaintiffs have not made a showing that the alleged injuries are capable of repetition yet evading review. Nothing in the record suggests a reasonable expectation that named Plaintiffs will be subject to Defendant's harassment again or that any plaintiff's tenancy would be of such limited duration

that it would expire before a motion for class certification could be filed. Defendant's acts will not evade review if a class is not now certified, as Plaintiffs still have a claim for damages and other members of the putative class could assert damages actions. *See Alvarez v. Smith*, 130 S.Ct. 576, 581 (2009) (concluding that where those affected by police department's alleged unlawful warrantless seizures could bring actions for damages after complaint for declaratory and injunctive relief became moot, the forfeitures did not evade review).

Plaintiffs cite *Simpson v. Fireman's Fund Insurance Co.*, 231 F.R.D. 391 (N.D. Cal. 2005), a case that has no precedential effect, as an example of a terminated employee certified to represent a class that included current and future employees. Plaintiffs argue that the *Simpson* court certified the class because the class representative still shared common issues of fact and law with current employees. In *Simpson*, a totally distinguishable case, standing was not at issue. Injunctive relief would have redressed the named plaintiff's and current employees' injuries. *See Simpson*, 231 F.R.D. at 395 ("In seeking injunctive relief, Plaintiff is trying not only to obtain reinstatement for himself and other discharged employees, but also to prevent Defendants from enforcing the amended policy in the future.").

Plaintiffs do not have standing to serve as representatives

9

of the proposed class. Plaintiff's motion for class certification

is DENIED without prejudice. Other members of the putative class

who have viable claims are free to file a motion to intervene.

### B. Class Definition

Plaintiffs define the proposed class as:

> All women who, since January 1, 1995, have resided in a
> rental unit owned or operated by Rawland Leon Sorensen,
> including future female tenants.

Plaintiffs contend the inclusion of all female tenants from

January 1, 1995 is appropriate because: (1) Defendant's first

unlawful detainer action was filed July 17, 1995, (2) interviews

with former tenants did not uncover any incidents before 1995,

and (3) Defendant has engaged in a pattern or practice of

sexually harassing female tenants, demanding sexual favors, and

creating a hostile environment since at least 1995.

In *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 102 S.Ct.

1114 (1982), the Supreme Court held:

> [A] "continuing violation" of the Fair Housing Act should be
> treated differently from one discrete act of discrimination.
> . . . [W]here a plaintiff, pursuant to the Fair Housing Act,
> challenges not just one incident of conduct violative of the
> Act, but an unlawful practice that continues into the
> limitations period, the complaint is timely filed when it is
> filed within [the statutory period] of the last asserted
> occurrence of that practice.

*Id.* at 380-381. Following *Havens*, Congress codified the

continuing violation doctrine in the text of the FHA. *Garcia v.*

*Brockway*, 526 F.3d 456, 462 (9th Cir. 2008)(en banc); H.R. Rep.

No. 100-711, 33 (1988), *reprinted in* 1988 U.S.C.C.A.N. 2173.

10

Section 813(a)(1)(A) of the FHA provides in pertinent part:

> [A]n aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the *termination* of an alleged discriminatory housing practice . . . to obtain appropriate relief with respect to such discriminatory housing practice or breach.

42 U.S.C. § 3613(a) (emphasis added).

Defendant contends that class certification to 1995 is improper. Defendant argues that *Havens*, which addressed racial segregation in housing, is limited to cases which implicate an "encompassing societal effect." Doc. 33, 31. Defendant's argument overlooks Congress's codification of *Havens*' continuing violations doctrine into FHA § 813(a)(1)(A). FHA § 813(a)(1)(A) does not limit the continuing violations doctrine to racial segregation or situations with an encompassing societal effect. *See* 42 U.S.C. § 3613(a).

Plaintiffs challenge an alleged pattern and practice of sexual harassment and discrimination. Plaintiffs' complaint, filed declarations, and excerpts of eight depositions detail Defendant's alleged continuing violations. The allegations span years and continue into the two-year period preceding the filing of this lawsuit.  Under FHA § 813(a)(1)(A), the statute of limitations does not begin to run until two years after the termination of the discriminatory housing practice. 42 U.S.C. § 3613(a). The class definition could include all women who resided in a rental unit owned or operated by Defendant since January 1,

1995.

Plaintiffs, however, seek to certify a class only for declaratory and injunctive relief. Females who no longer lived in Defendant's properties when the complaint was filed do not have standing to pursue injunctive or declaratory relief. *See Dukes v. Wal-mart Stores, Inc.* 603 F.3d 571, 623 (9th Cir. 2010) ("We agree with Wal-Mart to this extent: those putative class members who were no longer Wal-Mart employees at the time Plaintiff's complaint was filed do not have standing to pursue injunctive or declaratory relief"). If a class is certified solely for injunctive and declaratory relief under Rule 23(b)(2), the class would be limited to female tenants who resided in Defendant's properties from the date the complaint was filed (January 15, 2010), including future tenants. *See Maldonado v. Ochsner Clinic Found.,* 493 F.3d 521, 525 (5th Cir. 2007) (holding that certification of a class based on an allegation that defendant acted or refused to act on grounds generally applicable to the class, so that final injunctive or declaratory relief is appropriate, is inappropriate when the majority of the class does not face future harm).

C. <u>Class Certification</u>

The two proposed named Plaintiffs lack standing to serve as class representatives; however, their qualifications and the proposed class will be examined under Rule 23.

12

1

2

### 1. Rule 23(a) Requirements

#### a. Numerosity

3

4

5

6

7

8

9

10

11

12

13

14

15

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Numerosity demands "examination of the specific facts of each case and imposes no absolute limitations." *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 330, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980). In determining numerosity, a court should consider not only class size, but also geographic diversity of the class, ability of class members to file suit separately, and the nature of the underlying action and relief sought. *Nat'l Ass'n of Radiation Survivors v. Walters*, 111 F.R.D. 595, 599 (N.D. Cal. 1986).

16

17

18

19

20

21

22

23

24

25

26

27

28

Numerosity is in dispute. Plaintiffs allege that 27 of Defendant's over 50 homes are currently rented to single women with children, and women reside in most of the other units. Because the class would be limited to current and future female tenants, the class size is, at a minimum, 27 to 50 individuals and includes an unspecified number of future female tenants. The class includes Defendant's future female residents, and "inclusion in the class of potentially aggrieved individuals has often been regarded as sufficient to meet Rule 23(a)(1)'s impracticability requirement." Conte & Newberg, *supra,* at 262. Plaintiff class is seeking only declarative and injunctive

relief, and "special consideration applies to actions seeking declaratory or injunctive relief against conduct that is likely to cause future harm." *Smith v. Heckler*, 595 F.Supp. 1173, 1186 (E.D. Cal. 1984). Given that the proposed class members are mostly low-income single women with children, it is unlikely that many of them would have the financial resources or time to mount individual lawsuits. Considering the totality of factors, joinder of all members of the proposed class would be impracticable, and numerosity would be satisfied.

Defendant contends the class fails numerosity because Plaintiffs have identified less than 20 women who have actual complaints against Defendant. Membership in a class, however, is not limited to identified individuals. *Williams v. City of Antioch*, 2010 WL 3632197, 7 (N.D. Cal. 2010) ("[M]embership in a class is not limited to those individuals who affirmatively express a desire to join the class, nor is it a test for numerosity"). Plaintiffs are not required to allege the exact number or identity of all class members. *Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 448 (N.D. Cal. 1994). This factor is disputed.

b. Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Rule 23(a)(2) has been construed permissively; all questions of law and fact do not need to be

14

common. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). The test for meeting commonality is qualitative rather than quantitative; one significant issue common to the class may be sufficient. *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 599 (9th Cir. 2010). Commonality may be satisfied by either the existence of shared legal issues with divergent facts or common facts with disparate legal remedies. *Hanlon*, 150 F.3d at 1019. "Class suits for declaratory or injunctive relief, 'by their very nature often present common questions satisfying Rule 23(a)(2).'" *Daly v. Harris*, 209 F.R.D. 180, 186 (D. Haw. 2002) (quoting CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, 7A FEDERAL PRACTICE AND PROCEDURE § 1763 (1986)).

Here, the proposed class shares a common question of law: whether Defendant engaged in a pattern and practice of discriminating against female tenants by creating a hostile living environment, engaging in quid pro quo sexual harassment, and interfering with female tenants' enjoyment of their dwelling. Defendant does not contest that commonality is satisfied. The specific factual circumstances of the interactions each female tenant with Defendant will undoubtedly be different.

c. <u>Typicality</u>

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Typicality is satisfied "when each class member's

claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Armstrong*, 275 F.3d at 868, *quoting Marisol v. Guiliani*, 126 F.3d 372, 376 (2nd Cir. 1997)*.* The test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)*, quoting Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985). Under the rule's "permissive standards," representative claims are typical if they are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.

Typicality cannot be analyzed until proper class representatives are identified. The Plaintiffs, however, have allegations typical of the class: Ms. Hawecker alleges that Defendant made inappropriate sexual comments about her body, subjected her to sexual advances, offered her rent reduction in exchange for sex, and photographed her naked; Ms. Broussard alleges that Defendant made inappropriate sexual comments to her and touched her body. These allegations are typical of the class' claims that Defendant engaged in a pattern or practice of sexual harassment and sex discrimination toward his tenants. *See Dukes,*

603 F.3d at 613 (finding that named plaintiffs' claims were sufficiently typical of the class even though individual employees may have received different pay or been denied promotion at different rates, because the alleged discrimination occurred through alleged common practices).

Defendant argues that Ms. Hawecker and Ms. Broussard are not typical class members because Defendant will raise specific defenses against them. Specifically, Defendant argues that Ms. Hawecker is a prostitute, made sexual advances to Defendant, and has a criminal background. A named plaintiff's motion for class certification should not be granted if "there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." *Hanon*, 976 F.3d at 508*, quoting Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2nd Cir. 1990). In *Hanon*, the Ninth Circuit held that the named plaintiff had a unique background and factual situation, i.e., his reliance on the integrity of the market would be in dispute given his extensive experience in prior securities litigation, relationship with lawyers, practice of buying a minimal number of shares of stock in various companies, and uneconomical purchase of only ten shares in a certain company, and it was predictable that a major focus of the litigation would be on a defense unique to him. 976 F.2d at 508-509. Here, Defendant's unique allegations against Ms.

17

Hawecker make her case different and have the potential to consume a considerable amount of time in litigating her defenses. She is not a typical plaintiff. Her interest is in damages, not injunctive relief.

Plaintiffs cite two cases, *Ross v. Bank South, N.A.*, 837 F.2d 980, 991 (11th Cir. 1988), and *Beck v. Maximus, Inc.,* 457 F.3d 291, 300 (3rd Cir. 2006), for the proposition that defenses based on speculation, rumor, and misleading evidence should not be considered by the court. However, the *Ross v. Bank South* opinion was vacated. *See Ross v. Bank South, N.A.,* 848 F.2d 1132 (11st Cir. 1988). *Beck* states that "[i]f a court determines an asserted unique defense has no merit, the defense will not preclude class certification." 457 F.3d at 300. The *Beck* court then agrees with the standard of *Hanon* and other circuits to articulate a "single standard": "A proposed class representative is neither typical nor adequate if the representative is subject to a unique defense that is likely to become a major focus of the litigation. We believe this standard strikes the proper balance between protecting class members from a representative who is not focused on common concerns of the class, and protecting a class representative from a defendant seeking to disqualify the representative based on a speculative defense." *Id. Beck* does not change the inquiry regarding whether the unique defenses will consume a major part of the litigation and detract from the

18

1  common class claims.

2      Defendant further argues that Ms. Hawecker and Ms.

3  Broussard's claims are atypical because they are no longer

4  Defendant's tenants and do not have any interest in obtaining

5  declaratory and injunctive relief. This argument misstates the

6  issue of typicality, which focuses on "whether other members have

7  the same or similar injury, whether the action is based on

8  conduct which is not unique to the named plaintiffs, and whether

9  other class members have been injured by the same course of

10  conduct." *Hanon*, 976 F.2d at 508. Named Plaintiffs have allegedly

11  suffered the same or similar pattern and practice of injuries as

12  the proposed class, so typicality would not be denied for this

13  reason.

14

15      Typicality cannot be analyzed until after a typical class

16  representative with standing intervenes.

17

18      d. <u>Adequate Representation</u>

19      Rule 23(a)(4) permits class certification only if "the

20  representative parties will fairly and adequately protect the

21  interest of the class." Fed. R. Civ. P. 23(a)(4). "The proper

22  resolution of this issue requires that two questions be

23  addressed: (a) do the named plaintiffs and their counsel have any

24  conflicts of interest with other class members and (b) will the

25  named plaintiffs and their counsel prosecute the action

26  vigorously on behalf of the class?" *In re Mego Fin. Corp. Sec.*

27

28

*Litig.*, 213 F.3d 454, 462 (9th Cir.2000). Whether the class representatives satisfy the adequacy requirement depends on "the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive." *Walters v. Reno*, 145 F.3d 1032, 1046(9th Cir. 1998), *quoting Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994).

Defendant does not contest that Plaintiff's counsel would represent the parties fairly and adequately represent the interests of the class. Plaintiffs' counsel declare that they do not have any conflicts of interest with other class members, that they have committed substantial time and resources to the action, and that they will represent the interests of the proposed class fairly and adequately. Rule 23(a)(4) is satisfied as to Plaintiffs' counsel. Plaintiffs' counsel declare that they have over 20 years experience with federal litigation experience and housing discrimination cases in particular, experience serving as class counsel, and have successfully tried a number of FHA cases on behalf of plaintiffs.

As discussed above, Ms. Hawecker and Ms. Broussard do not have standing to serve as class representatives. Defendant argues that Ms. Hawecker and Ms. Broussard do not have any incentive to protect the class's interests. Defendant contends that named Plaintiffs seek individual compensatory and punitive damages and

the class claims for injunctive and declaratory relief will not benefit them. Ms. Hawecker and Ms. Broussard declare that their principal objective has been to ensure that Defendant stops harassing and exploiting his female tenants. Although there is no evidence that Ms. Hawecker and Ms. Broussard would not vigorously seek injunctive and declaratory relief on behalf of the class, they do not share an interest in seeking injunctive and declaratory relief with current and future tenants. A current tenant with standing to seek injunctive and declaratory relief would more adequately represent the class interests. Adequacy of representation will be analyzed after a proper class member intervenes.

   2. Rule 23(b)(2)

        Certification under Rule 23(b)(2) is appropriate when the defendant "has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2). "Class certification under Rule 23(b)(2) is appropriate only where the primary relief sought is declaratory or injunctive." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1195 (9th Cir. 2001). Rule 23(b)(2) certification is not appropriate where monetary relief predominates over injunctive or declaratory relief. *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 617 (9th Cir. 2010). To

determine whether monetary relief predominates, courts should consider the objective "effect of the relief sought." *Id.*

For class certification under Rule 23(b)(2), "[i]t is sufficient if class members complain of a pattern or practice that is generally applicable to the class as a whole. Even if some class members have not been injured by a challenged practice, a class may nevertheless be appropriate." *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998). Here, Defendant has an alleged pattern or practice of sexual harassment and sex discrimination against female tenants, and the alleged practice is applicable to the class of female tenants as a whole.

Defendant argues that Ms. Hawecker and Ms. Broussard's claims for compensatory and punitive damages predominate over the claim for injunctive and declaratory relief. Ms. Hawecker and Ms. Broussard do not have standing to serve as class representatives and their claims for compensatory and punitive damages are individual claims. Class certification is solely for declaratory and injunctive relief, and would satisfy Rule 23(b)(2).

D. Appointment of Class Counsel

Plaintiffs request that Plaintiffs' counsel be appointed class counsel. In appointing class counsel, a court must consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation,

and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1).

Plaintiffs' counsel, Brancart & Brancart, declare that they have spent considerable time investigating the case, locating and interviewing former tenants, and reviewing Accurint and Kern County Superior Court civil records. Plaintiffs' counsel declare that they have over 20 years experience with federal litigation, experience with housing discrimination cases, and experience with class actions. Plaintiffs' counsel declare that they have already committed substantial time and resources to this case and will continue to do so in representing the class. Defendant does not contest the appointment of Plaintiffs' counsel as class counsel. As there is no class representative with standing and a class has not been certified, it is premature to appoint class counsel.

E. Notice to Class

Plaintiffs request that they not be required to provide notice of class certification. If they prevail on the merits, Plaintiffs state that they will notify class members of the suit and the injunctive terms.

Rule 23 does not require notice for classes certified under Rule 23(b)(2). See Fed. R. Civ. P. 23(c)(2)(A) ("For any class certified under . . . (b)(2), the court may direct appropriate

notice to the class"). A court has discretion to require notice and the opportunity to opt-out of Rule 23(b)(2) cases. *Dukes*, 603 F.3d at 621. Some courts focus on the "cohesiveness" of the class and the degree to which the named plaintiffs can adequately represent absent members without notice. Under this approach, the inquiry is to the substance of the class claims, and whether the class claims involve individual relief that would not affect all members equally in the event of settlement or verdict. 3 CONTE & NEWBERG, *supra,* at 178-179. The Advisory Committee to the 1996 Amendment of Rule 23 states that "[i]n the degree that there is cohesiveness or unity in the class and the representation is effective, the need for notice to the class will tend toward a minimum." Fed. R. Civ. P. 23(d)(2) 1996 advisory committee's note.

The class has not been certified due to lack of a class representative with standing. The requirement of notice is premature.

### V. CONCLUSION

For the reasons stated:

1. Plaintiff's motion for class certification is DENIED without prejudice.

2. Defendant shall submit a proposed form of order consistent with this memorandum decision within five (5) days of electronic service of this memorandum decision.

24

1    SO ORDERED.

2    DATED:  January 12, 2011.

3                                             /s/ Oliver W. Wanger
4                                            Oliver W. Wanger
                                     United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

25