UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE HAWECKER and MICHELLA BROUSSARD, individually and on behalf of a class of similarly situated persons,<br><br>    Plaintiffs,<br><br>    v.<br><br>RAWLAND LEON SORENSEN,<br><br>    Defendant. | 1:10-cv-0085 OWW JLT<br><br>FINAL PRETRIAL ORDER<br><br>Motion in Limine Date: 4/29/11 12:00 Ctrm. 3<br><br>Trial Date: 5/10/11 9:00 Ctrm.3 (JT-4 days) |

## I.  JURISDICTION AND VENUE

1.  Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 3601, in that the federal claims alleged in this action arise under the federal Fair Housing Act. The state claims asserted herein fall within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Venue is proper pursuant to 28 U.S.C. § 1391(b) in that the claims arose within the County of Kern, California.  There is no dispute concerning jurisdiction or venue.  (See Scheduling Order, Doc. 13, p. 4.)

///

## II. JURY/NON-JURY

1. Defendant made a timely demand for jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure. (See Answer, Doc. 6, p. 12.) Plaintiff has not demanded a jury.

## III. FACTS

A. <u>Undisputed Facts</u>

1. Defendant Rawland Leon Sorensen owns and operates over 50 properties, mostly single family homes, in Bakersfield, California.

2. Defendant manages the properties, collects rent, and performs evictions.

3. Plaintiff Carrie Hawecker is a former tenant of defendant.

4. Plaintiff Michelle Broussard is a former tenant of defendant.

B. <u>Disputed Facts</u>

1. Whether defendant injured plaintiffs by committing discriminatory housing practices in violation of the federal Fair Housing Act, 42 U.S.C. § 3601, <u>et seq.</u>

2. Whether defendant injured plaintiffs by committing discriminatory housing practices in violation of the California Fair Employment and Housing Act, Govt. Code § 12955, <u>et seq.</u>

3. Whether defendant injured plaintiffs in violation of the Unruh Civil Rights Act, California Civil Code §§ 51, 51.9, by discriminating based on sex and committing acts of sexual harassment in the operation of his rental properties.

4. Whether defendant engaged in unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct

of a sexual nature such that submission to the conduct, either explicitly or implicitly, was made a term or condition relating to the rental of a dwelling or the provision of benefits or services in connection therewith.

5. Whether defendant engaged in unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature such that the conduct has the effect of creating an environment which a reasonable person in the same position would consider intimidating, hostile, offensive or otherwise making the tenancy significantly less desirable, in connection with the rental of a dwelling or the provision of benefits or services in connection therewith.

6. Whether defendant threatened, intimidated, or interfered with female tenants in their enjoyment of dwellings because of sex.

7. Whether defendant evicted female tenants because of sex.

8. Whether defendant imposed different terms, conditions, or privileges, or denied or limited services or facilities in connection with the rental of a dwelling, because of sex.

9. Whether defendant made statements indicating a limitation, preference or discrimination, or the intent to discriminate, based on sex.

10. Whether plaintiffs are entitled to compensatory damages.

11. Whether plaintiffs are entitled to punitive damages.

12. Whether plaintiffs were delinquent in their rent payments and have brought the allegations of the complaint to

3

avoid eviction.  (Doc. 13 at 4.)

## IV.   DISPUTED EVIDENTIARY ISSUES

1.   Plaintiffs anticipate filing motions in limine excluding any attempt by defendant to submit or refer to evidence related to plaintiffs' alleged bad acts, drug use, prior evictions or prior convictions.  Concurrently herewith, plaintiffs have served their notice pursuant to Fed. R. Evid. 415 that they intend to present evidence of defendant's commission of other offenses of sexual assault.

## V.   SPECIAL FACTUAL INFORMATION

1.   Not applicable.

## VI.   RELIEF SOUGHT

1.   Plaintiffs seek compensatory damages pursuant to the federal Fair Housing Act, 42 U.S.C. § 3613 [Claim One], the California Fair Employment and Housing Act ("FEHA"), Govt. Code § 12989.2 [Claim Two], and the California Unruh Civil Rights Act, Civil Code § 52(a) and (b) [Claim Three].

2.   Plaintiffs seek statutory damages under the Unruh Civil Rights Act, Cal. Civ. Code § 52(a), for both plaintiffs up to a maximum of three times the amount of actual damages but in no case less than $4,000 for each and every violation of Civil Code § 51, and a civil penalty of $25,000 on behalf of both plaintiffs for defendant's violation of Civil Code § 51.9.  [Claim Three.]

3.   Plaintiffs seek punitive damages pursuant to the federal Fair Housing Act, 42 U.S.C. § 3613 [Claim One].

## VII.   DISPUTED ISSUES OF LAW

1.   Whether defendant violated the Fair Housing Act, FEHA and Unruh Act by discriminating in the terms, conditions, and

4

privileges of the rental of a dwelling because of sex. 42 U.S.C. § 3604(b); 24 C.F.R. § 100.65(b)(4); Cal. Govt. Code §§ 12927(c)(1), 12955(a), (d), (k), 12955.6; Cal. Civ. Code § 51.

2.   Whether defendant violated the Fair Housing, FEHA and Unruh Act by coercing, intimidating, threatening or interfering with any person in the exercise or enjoyment of a dwelling because of sex. 42 U.S.C. § 3617; 24 C.F.R. § 100.400(c)(2); Cal. Govt. Code §§ 12955, 12955.6, 12955.7; Cal. Civ. Code §§ 51, 51.9.

3.   Whether defendant made statements that indicated a preference or discrimination or an intent to discriminate with respect to the rental of a dwelling because of sex in violation of the Fair Housing Act and FEHA. 42 U.S.C. § 3604(c); 24 C.F.R. § 100.75; Cal. Govt. Code §§ 12955(c), 12955.6.

4.   Whether defendant sexually harassed plaintiffs in violation of FEHA and the Unruh Civil Rights Act. Cal. Govt. Code § 12955(a); Cal. Civ. Code § 51.9.

5.   Whether defendant acted with reckless disregard of plaintiffs' federally protected rights so as to justify an award of punitive damages under the Fair Housing Act. 42 U.S.C. § 3613.

## VIII.   ABANDONED ISSUES

1.   The Court has ruled that plaintiffs lack standing for injunctive and declaratory relief. (Doc. 58, pp. 7-8.) Plaintiffs no longer seek recovery under either Business & Professions Code § 17200 [Claim Four] which is limited to injunctive relief, or for wrongful eviction [Claim Five], which provides no greater remedies than available under the Fair

5

Housing Act, FEHA and Unruh Act and is based on the same factual predicate.

**Not Abandoned**.

2. The Court has ruled that Plaintiffs lack standing.[1]

## IX. WITNESSES

A. **Plaintiffs**

1. Ruby Almaguer
   4521 Quarter Ave.
   Bakersfield, CA 93309

2. Bridget Bautista
   5003 Canyon Peak Dr.
   Bakersfield, CA

3. Cynthia Benford aka Jones
   3461 S. Chester Ave. #145
   Bakersfield, CA 93304

4. Diana Bermudez
   2305 Edgewood St.
   Bakersfield, CA

5. Michelle Broussard
   c/o Brancart & Brancart

6. Thelma chambers
   407 Warren Ave.
   Bakersfield, CA 93308

7. Ruby Childs
   2520 Bishop Dr. Apt. C
   Bakersfield, CA 93306

8. Lamarra Clay
   700 V St.
   Bakersfield, CA 93304

9. Laportia Copeland
   Greenwood Dr.
   Bakersfield, CA 93306

10. Louise Fitzgerald
    2402 Pond Street
    Urbana, IL 61801

---

[1] Not abandoned by Plaintiff.  Will revisit during trial.

11. Angela Hagler
    2524 LeFrance Dr.
    Bakersfield, CA 93304

12. Carrie Hawecker
    c/o Brancart & Brancart

13. John Heberger
    5090 N. Fruit Ave #102
    Fresno, CA 93711

14. Tarnesha Jackson
    3008 Laurel Dr.
    Bakersfield, CA 93304

15. Josette James
    1451 Lake St.
    Bakersfield, CA

16. Dominique Jones
    2504 September Dr.
    Bakersfield, CA

17. Tina Jones
    5318 Fairfax Road, Apt. B
    Bakersfield, CA

18. Jeri King
    3605 Rockford Ave., Apt. C
    Bakersfield, CA

19. Tyanna Larry
    519 9th St.
    Bakersfield, CA 93304

20. Veronica Lasalde
    6318 Monitor St.
    Bakersfield, CA

21. Bonnie Lords
    1921 19th St.
    Bakersfield, CA 93303

22. Shelle Miller
    4613 Parkwood Ct.
    Bakersfield, CA 93309

23. Eric Peterson
    1320 Schull
    Bakersfield, CA

24. Jamel Portis
    5211 Cherry Tree Ln.
    Bakersfield, CA

7

1   25.  Mark Roy
        615 California Ave.
2       Bakersfield, CA 93304

3   26.  Rawland Leon Sorensen
        2512 Newport
4       Bakersfield, CA

5   27.  Lisa Terry
        3100 Howe Ave.
6       Sacramento, CA 95821

7   28.  May Turner
        1517 Miller St.
8       Bakersfield, CA 93305

9   29.  Denise Williamson
        310 Jones St.
10      Bakersfield, CA

11  30.  Susan Wolaver
        648 Delfino Ln
12      Bakersfield, CA 93304

13  B.  **Defendants**

14      1.  C

15  Counsel are each ordered to submit a list of witnesses to
16  the court along with a copy for use by the Courtroom Deputy
17  Clerk, on the same date and at the same time as the list of
18  exhibits are to be submitted as ordered below.

19      **CAUTION**

20  Counsel are cautioned that expert witnesses, including
21  percipient experts, must be designated as such.  No witness, not
22  identified as a witness in this order, including "rebuttal"
23  witnesses, will be sworn or permitted to testify at trial.

24          X.  EXHIBITS, SCHEDULES AND SUMMARIES

25  The following is a list of documents or other exhibits that
26  the parties expect to offer at trial.

27      **CAUTION**

28  Only exhibits so listed will be permitted to be offered into

evidence at trial, except as may be otherwise provided in this order.  No exhibit not designated in this pretrial order shall be marked for identification or admitted into evidence at trial.

    1.   Rental agreements executed by Rawland Sorensen.
    2.   Rental income records produced by Rawland Sorensen.
    3.   2008 tax return filed by Rawland Sorensen.
    4.   2009 tax return filed by Rawland Sorensen.
    5.   2512 Newport Lane - floor plan.
    6.   2512 Newport Lane - photographs.
    7.   Ledger of rental properties owned by Rawland Sorensen.
    8.   Property tax bills issued to Rawland Sorensen.
    9.   Rental records (Broussard).
    10.  Rental records (Hawecker).
    11.  Agreement between Sorensen and Hawecker.
    12.  Eviction notices re Hawecker.
    13.  Hawecker rental property - photographs.
    14.  Expert report by Dr. Louise Fitzgerald, Ph.D.
    15.  Expert report by John Heberger, CPA.
    16.  Defendant's Response to Plaintiff Carrie Hawecker's Special Interrogatories.
    17.  Response to Plaintiffs' motion to compel documents and things, including documents.
    18.  Financial records produced by Rawland Sorensen.

B.   <u>Defendant's Exhibits</u>
    1.   C

## XI.  DISCOVERY DOCUMENTS

Only specifically designated discovery requests and responses will be admitted into evidence.  Any deposition

9

1  testimony shall be designated by page and line and such
2  designations filed with the Court on or before April 26, 2011.
3  The opposing party shall counter-designate by line and page from
4  the same deposition and shall file written objections to any
5  question and answer designated by the opposing party and filed
6  with the court on or before May 3, 2011.
7       Written discovery shall be identified by number of the
8  request.  The proponent shall lodge the original discovery
9  request and verified response with the courtroom deputy one day
10 prior to trial.  The discovery request and response may either be
11 read into evidence, or typed separately, marked as an exhibit, as
12 part of the exhibit marking process, and offered into evidence.
13 A.   <u>Plaintiff's List</u>
14      1.   A complete listing of discovery responses by Defendant
15 that may be used by Plaintiffs appears as part of the itemization
16 of exhibits listed above, including Defendant's Response to
17 Plaintiff Carrie Hawecker's Special Interrogatories served April
18 22, 2010, Nos. 3-4.
19 B.   <u>Defendant's List</u>
20      1.   C
21                    XII.   STIPULATIONS
22      1.   In their Joint Scheduling Report filed April 8, 2010,
23 (Doc. 9, p. 4), the parties stipulated to bifurcation of the
24 question of the amount, if any, of punitive damages to be
25 awarded.  Any punitive damages to be awarded, will be tried
26 before the same jury in a second phase of a continuous trial.
27                XIII.   AMENDMENTS - DISMISSALS
28      1.   None.

# XIV. FURTHER TRIAL PREPARATION

A. <u>Trial Briefs.</u>

Counsel are directed to file a trial brief in this matter on or before May 5, 2010. No extended preliminary statement of facts is required. The brief should address disputed issues of substantive law, disputed evidentiary issues of law that will not be resolved <u>in</u> <u>limine</u>, and any other areas of dispute that will require resolution by reference to legal authority.

B. <u>Duty of Counsel To Pre-Mark Exhibits</u>.

1. Counsel for the parties are ordered to meet and conduct a joint exhibit conference on May 3, 2011, via telephone conference, at 10:00 a.m., for purposes of pre-marking and examining each other's exhibits and preparing an exhibit list. All joint exhibits will be pre-marked JX1-JX50; all of the plaintiff's exhibits will be pre-marked with numbers 51-100; all of defendant's exhibits will be pre-marked with numbers 101-151.

2. Each and every page of each and every exhibit shall be individually Bates-stamped for identification purposes, and paginated with decimals and arabic numerals in seriatim; i.e., 1.1, 1.2, 1.3 . . ..

3. Following such conference, each counsel shall have possession of four (4) complete, legible sets of exhibits, for use as follows:

   a. Two (2) sets to be delivered to the Courtroom Deputy Clerk, Renee Gaumnitz, no later than 4:00 p.m. on May 6, 2011, an original for the court and one for the witness.

   b. One (1) set to be delivered to counsel for the opposing party and one (1) set to be available for counsel's own

11

1  use.
2       4.   Counsel are to confer to make the following
3  determination as to each of the exhibits proposed to be
4  introduced into evidence and prepare separate indexes, one
5  listing joint exhibits, one listing each party's exhibits:
6            a.   Joint exhibits, i.e., any document which both
7  sides desire to introduce into evidence, will be marked as a
8  joint exhibit (JX), and numbered JX1-___.  Joint exhibits shall
9  be listed as such in the exhibit list in a column that notes they
10 are admitted into evidence without further foundation;
11           b.   As to any exhibit, not a joint exhibit, to which
12 there is no objection to its introduction into evidence, the
13 exhibit will be marked as Plaintiff's Exhibit ___, or Defendant's
14 Exhibit ___ in evidence, and will be listed in the exhibit list
15 as the exhibit of the offering party;
16           c.   The exhibit list shall include columns for noting
17 objections to exhibits.  The first column will list any
18 objections as to foundation; i.e., Plaintiff's Foundation 2 -
19 "not authenticated."
20           d.   The exhibit list shall include a second column for
21 noting substantive objections to exhibits based on any other
22 grounds; i.e., "hearsay, improper opinion, irrelevant."
23           e.   The exhibit list shall include a description of
24 each exhibit on the left-hand side of the page, and the three
25 columns outlined above (as shown in the example below).
26                         List of Exhibits
27                    Admitted        Objection       Other
28 Exhibit #   Description   In Evidence   To Foundation   Objection

   f. The completed exhibit list shall be delivered to Renee Gaumnitz CRD on or before May 6, 2011, at 4:00 p.m.

   g. If originals of exhibits cannot be located, copies may be used, however, the copies <u>must be legible and accurate</u>. If any document is offered into evidence that is partially not legible, the Court <u>sua sponte</u> will exclude it from evidence.

C. <u>Discovery Documents</u>.

 1. Counsel shall file a list of discovery documents with Renee Gaumnitz CRD at the same time and date as the witness and exhibit lists are lodged with her, unless the discovery documents are marked as exhibits, which counsel intend to use at trial by designating by number, the specific interrogatory, request for admission, or other discovery document. Counsel shall comply with the directions of subsection XII (above) for introduction of the discovery document into evidence.

D. <u>Motions In Limine</u>.

 1. The motions in limine shall be filed by April 19, 2011, and any responses shall be filed by April 25, 2011. The Court will conduct a hearing on motions in limine in this matter on April 29, 2011, at 12:00 p.m. in Courtroom 3, Seventh Floor, before the Honorable Oliver W. Wanger United States District Judge, at which time all evidentiary objections, to the extent possible, will be ruled upon, and all other matters pertaining to the conduct of the trial will be settled.

E. <u>Trial Documents</u>.

 1. <u>Exhibits To Be Used With Witness</u>. During the trial of the case, it will be the obligation of counsel to provide

13

opposing counsel not less than forty-eight hours before the witness is called to the witness stand, the name of the witness who will be called to testify and to identify to the Court and opposing counsel any exhibit which is to be introduced into evidence through such witness that has not previously been admitted by stipulation or court order or otherwise ruled upon, and to identify all exhibits and other material that will be referred to in questioning of each witness.  If evidentiary problems are anticipated, the parties must notify the court at least twenty-four hours before the evidence will be presented.

F.     <u>Counsel's Duty To Aid Court In Jury Voir Dire</u>.

　　　1.     Counsel shall submit proposed voir dire questions, if any, to Renee Gaumnitz CRD at [rgaumnitz@caed.uscourts.gov](mailto:rgaumnitz@caed.uscourts.gov) on or before May 3, 2011, by 4:00 p.m.  Counsel shall also prepare a joint "statement of the case" which shall be a neutral statement, describing the claims and defenses for prospective jurors, to be used in voir dire.

　　　2.     In order to aid the court in the proper voir dire examination of the prospective jurors, counsel are directed to lodge with the Court the day before trial a list of the prospective witnesses they expect to call if different from the list of witnesses contained in the Pre-Trial Order of the Court.  Such list shall not only contain the names of the witnesses, but their business or home address to the extent known.  This does not excuse any failure to list all witnesses in the Pre-Trial Order.

　　　3.     Counsel shall jointly submit, to Renee Gaumnitz CRD on or before May 5, 2011, a neutral statement of the claims and

defenses of the parties for use by the court in voir dire.

G.    <u>Counsel's Duty To Prepare And Submit Jury Instructions</u>.

    1.    All proposed jury instructions shall be filed and served on or before May 9, 2011, by 4:00 p.m.  Jury instructions shall be submitted in the following format.

    2.    Proposed jury instructions, including verdict forms, shall be submitted via e-mail to <u>dpell@caed.uscourts.gov</u> formatted in WordPerfect for Windows X3.  Counsel shall be informed on all legal issues involved in the case.

    3.    The parties are required to jointly submit one set of agreed upon jury instructions.  To accomplish this, the parties shall serve their proposed instructions upon the other fourteen days prior to trial.  The parties shall then meet, confer, and submit to the Court the Friday before the trial is to commence, one complete set of agreed-upon jury instructions.

    4.    If the parties cannot agree upon any instruction, they shall submit a supplemental set of instructions designated as not agreed upon by May 9, by 4:00 p.m.

    5.    Each party shall file with the jury instructions any objection to non-agreed upon instructions proposed by any other party.  All objections shall be in writing and shall set forth the proposed instruction objected to in its entirety.  The objection should specifically set forth the objectionable matter in the proposed instruction and shall include a citation to legal authority explaining the grounds for the objection and why the instruction is improper.  A concise statement of argument concerning the instruction may be included.  Where applicable, the objecting party shall submit an alternative proposed

instruction covering the subject or issue of law.

6. <u>Format</u>.  The parties shall submit one copy of each instruction.  The copy shall indicate the party submitting the instruction, the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the test of the instruction, the legal authority supporting the instruction, and a legend in the lower lefthand corner of the instruction: "Given," "Given As Modified," "Withdrawn" and "Refused" showing the Court's action with regard to each instruction and an initial line for the judge's initial in the lower right-hand corner of the instruction.  Ninth Circuit Model Jury Instructions should be used where the subject of the instruction is covered by a model instruction.

7. All instruction should be short, concise, understandable, and neutral statements of the law.  Argumentative or formula instructions will not be given, and should not be submitted.

8. Parties shall, by italics or underlining, designate any modifications of instructions from statutory authority, or any pattern instruction such as the Model Circuit Jury Instructions or any other source of pattern instructions, and must specifically state the modification made to the original form instruction and the legal authority supporting the modification.

9. Proposed verdict forms shall be jointly submitted or if the verdict forms are unagreed upon, each party shall submit a proposed verdict form.  Verdict forms shall be submitted to the Courtroom Deputy Clerk on the first day of the trial.

10. Failure to comply with these rules concerning the

preparation and submission of instructions and verdict forms may subject the non-complying party and/or its attorneys to sanctions.

### XV. USE OF LAPTOP COMPUTERS/POWERPOINT FOR PRESENTATION OF EVIDENCE

1. If counsel intends to use a laptop computer for presentation of evidence, they shall <u>contact Renee Gaumnitz CRD at least one week prior to trial</u>. The Courtroom Deputy Clerk will arrange a time for any attorney to bring any laptop to be presented to someone from the Court's Information Technology Department, who will provide brief training on how the parties' electronic equipment interacts with the court's audio/visual equipment. If counsel intend to use PowerPoint, the resolution should be set no higher than 1024 x 768 when preparing the presentation.

2. ALL ISSUES CONCERNING AUDIO-VISUAL MATERIALS AND COMPUTER INTERFACE WITH THE COURT'S INFORMATION TECHNOLOGY SHALL BE REFERRED TO THE COURTROOM DEPUTY CLERK.

### XVI. FURTHER DISCOVERY OR MOTIONS

1. No further discovery is contemplated. Plaintiffs anticipate filing in limine motions by the deadline set by the Court at the pretrial conference.

### XVII. SETTLEMENT

1. Settlement negotiations are at an impasse.

### XVIII. SEPARATE TRIAL OF ISSUES

1. Pursuant to the stipulation of the parties in their Joint Scheduling Report (Doc. 9), and this Court's Scheduling Conference Order filed May 13, 2010, (Doc. 13, p. 11), trial is

bifurcated as to the issue of the amount, if any, of punitive damages to be awarded to plaintiffs.  That amount will be determined in a separate phase in a continuous trial before the same jury after entitlement to punitive damages and amount of compensatory damages has been determined.

### XIX. IMPARTIAL EXPERTS, LIMITATIONS OF EXPERTS

1. Appointment by the Court of an impartial expert is unnecessary.

2. There is no need to limit the number of experts. Plaintiffs have designated two experts:  (1) Dr. Louise Fitzgerald, a psychologist who will testify concerning the typical reactions of victims of sexual harassment in housing as applied to the facts of this case; and (2) John Heberger, a certified public accountant who will testify concerning the estimated net worth of defendant for purposes of an award of punitive damages.  Defendant has not designated any experts.

### XX. ATTORNEYS' FEES

1. If plaintiffs are determined to be the prevailing party in this action, they will be entitled to an award of attorneys fees and costs pursuant to the Fair Housing Act, 42 U.S.C. § 3613, FEHA, Cal. Govt. Code § 12989.2, and the Unruh Act, Cal. Civ. Code § 52(a) and (b).

### XXI. ESTIMATE OF TRIAL TIME

1. Three to possibly four days.

### XXII. TRIAL DATE

1. May 10, 2011, at 9:00 a.m., in Courtroom 3, on the Seventh Floor.

///

## XXIII.   NUMBER OF JURORS AND PEREMPTORY CHALLENGES

1.   There will be a seven person jury with four peremptory challenges per side.

## XXIV.   AMENDMENT OF FINAL PRETRIAL ORDER

1.   The Final Pretrial Order shall be reviewed by the parties and any corrections, additions, and deletions shall be drawn to the attention of the Court immediately.  Otherwise, the Final Pretrial Order may only be amended or modified to prevent manifest injustice pursuant to the provisions of Fed. R. Civ. P. 16(e).

## XXV.   MISCELLANEOUS

1.   None.

IT IS SO ORDERED.

Dated:   March 18, 2011                     /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE