**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARRIE HAWECKER and MICHELLE BROUSSARD, <br><br>        Plaintiffs, <br><br> v. <br><br> RAWLAND LEON SORENSEN, <br><br>        Defendant. | 1:10-cv-00085 OWW JLT <br><br> ORDER RE PLAINTIFFS' MOTION FOR CONSOLIDATION AND APPLICATION TO EXTEND TIME TO FILE MOTIONS IN LIMINE <br><br> (DOC. 77, 81) |

## I.   INTRODUCTION

Before the court are: (1) Plaintiffs' motion for an order: (i) consolidating action with related case, (ii) vacating the amended final pretrial order, and (iii) setting the consolidated action for scheduling conference (Doc. 77); and (2) Plaintiffs' application to extend the time to file motions in limine until after ruling on the motion to consolidate (Doc. 81). The United States, Plaintiff in the related case, does not oppose and joins in the motion to consolidate. Doc. 79. Defendant, in pro per, did not file an objection. The motions were heard April 22, 2011.

## II.   BACKGROUND

On January 15, 2010, Plaintiffs filed a complaint against Defendant alleging sexual harassment and sex discrimination in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq., and related state laws. Doc. 1. On October 27, 2010,

Plaintiffs moved to certify a class action for injunctive relief (Doc. 22), which was denied due to Plaintiffs' lack of standing to serve as representatives of the proposed class (Doc. 58).

On March 22, 2011, an amended final pretrial order was issued. Doc. 74. The order set the deadline for filing motions in limine for April 19, 2011, the deadline for responses was April 25, 2011, and the hearing on motions in limine was scheduled for April 29, 2011.

On March 25, 2011, the United States filed a complaint against Defendant to enforce the FHA. Case No. 1:11-cv-00511, Doc. 1. The United States' action seeks declaratory and injunctive relief, monetary damages for each person aggrieved by Defendant's discriminatory conduct, and civil penalties.

### III. LEGAL STANDARD

Consolidation of cases is governed by Federal Rule of Civil Procedure 42(a), which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

A district court has broad discretion to consolidate actions. *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008); *In re Adams Apple, Inc.,* 829 F.2d 1484, 1487 (9th Cir. 1987). "The district court, in exercising its broad discretion

to order consolidation of actions presenting a common issue of law or fact under Rule 42(a), weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Heune v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). Considerations of convenience and judicial economy "must yield to a paramount concern for a fair and impartial trial." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2nd Cir. 1990).

## IV.   ANALYSIS

The two lawsuits share common questions of law and fact. In this action, Plaintiffs, two former female tenants of Defendant, as lessor and owner of numerous rental properties, allege that Defendant engaged in a pattern or practice of sexual harassment and discrimination in violation of the FHA and related state laws. The United States' action advances the same allegations under the FHA against the same Defendant on behalf of persons aggrieved by Defendant's alleged conduct. Defendant is the sole Defendant in both lawsuits, and both actions involve similar questions of fact and law concerning Defendant's alleged liability under the FHA for his conduct toward his female tenants. The United States' pattern or practice action may include individuals already identified in this lawsuit.

Consolidating the two lawsuits would save time, effort, and duplication. There is likely substantial overlap of witnesses,

many with limited means and young children. Defendant has not made any showing that consolidation would cause inconvenience, expense, prejudice, or confusion. Consolidation, however, may delay the resolution of this suit. This action was filed in January 2010, an amended pretrial order was entered March 22, 2011, and a jury trial is scheduled May 10, 2011, but Defendant's attorney has recently withdrawn. The United States' complaint was filed March 25, 2011. Balancing the interests of judicial economy against potential delay, Defendant will need to hire new counsel to prepare for trial.

   Plaintiffs' motion for consolidation is GRANTED. The amended final pretrial order (Doc. 74) is VACATED and the application to set a new scheduling conference to extend the time to file motions in limine is GRANTED.

## V.   CONCLUSION

For the reasons stated:

  1. Plaintiffs' motion for consolidation is GRANTED.
  2. The amended final pretrial order is VACATED.
  3. Plaintiffs' application to extend the time to file motions in limine is GRANTED.
  4. Plaintiffs shall submit a proposed form of order consistent with this memorandum decision within five (5) days of electronic service of this memorandum decision.

```
1    SO ORDERED.

2    DATED: April 22, 2011              /s/ Oliver W. Wanger
                                         Oliver W. Wanger
3                                     United States District Judge
```