UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| CARRIE HAWECKER and MICHELLE BROUSSARD, individually and on behalf of a class of similarly situated persons;<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>RAWLAND LEON SORENSEN,<br><br>　　　　Defendant. | Case No. 1:10-cv-00085-OWW-JLT |
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RAWLAND LEON SORENSEN,<br><br>　　　　Defendant. | Case No. 1:11-cv-00511-OWW-JLT<br><br>CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER |

## **CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

This is a joint agreement between the Plaintiffs in *Hawecker, et al. v. Sorensen*, No. 1:10-cv-00085-OWW-JLT ("Private Plaintiffs"), the United States, and Defendant Rawland Leon

1  CONFIDENTIALITY AGREEMENT & PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

Sorensen.  The parties expect that the disclosure of documents in this case may involve the exchange of sensitive information, including, inter alia, financial and tax information, other personal and business financial information, personally identifying information with respect to the Defendant and tenants and former tenants of his properties, and/or other information of a private nature that is covered by the scope of the Privacy Act of 1974, 5 U.S.C. §§ 551–59, or Rule 140 of the Local Rules of the United States District Court for the Eastern District of California ("Local Rule 140") (appended as Attachment A).  Accordingly, the parties stipulate and agree to, and the Court finds good cause for, entry of this Confidentiality Agreement and Protective Order pursuant to Federal Rule of Civil Procedure 26(c).  The parties further stipulate and agree that certain forms of contact between the Defendant and Private Plaintiffs or witnesses for the United States can and should be avoided.

It is hereby ordered that:

**I. Contact Between the Defendant and Private Plaintiffs, Witnesses, or "Aggrieved Persons"**

1.      The Defendant and his agents, employees, or anyone operating on his behalf or at his direction (<u>excluding</u> counsel of record and their employees) shall not contact or attempt to contact the Private Plaintiffs, their identified witnesses, or any persons identified by the United States, whether in its initial disclosures or other discovery responses, as victims of or witnesses to the Defendant's alleged discriminatory housing practices.  For any such victims or witnesses who are currently tenants at the Defendant's rental properties, the Defendant may contact such individuals for routine matters related to their tenancy, such as general notices sent to all tenants, maintenance calls, and unit inspections.

**II. Treatment of Confidential Information**

PDF created with pdfFactory trial version www.pdffactory.com

2. "Confidential Information" refers to any record, document, tangible thing, testimony, information, or other material disclosed or to be disclosed through formal or informal discovery or otherwise in the course of this litigation that contains: personally identifying information and personal data identifiers, including those set forth in Local Rule 140(a); income tax returns; current home or cellular telephone numbers of any party, witness, or potential witness; and material designated as sensitive by either party.

3. Any party may designate any record, document, tangible thing, testimony, information, or other material as confidential. All documents containing information that is to be considered confidential information pursuant to this Order shall be marked "CONFIDENTIAL" in large letters on each page of the document. Such designation shall, without more, subject the information produced or provided under such designation to the provisions of this Confidentiality Agreement and Protective Order.

4. Any party in this case, or counsel for such party, may designate as confidential its responses to interrogatories by labeling any such response "CONFIDENTIAL."

5. Counsel for any party in this case may designate deposition testimony or any part of deposition testimony as confidential by advising the court reporter and counsel of such designation during the course of the deposition.

6. Whenever any material designated as confidential is identified as an exhibit in the above-captioned case, it shall be marked "CONFIDENTIAL" and shall be subject to all of the requirements of this Confidentiality Agreement and Protective Order.

7. Confidential information includes all material designated confidential pursuant to the terms of this Order, as well as summaries and compilations derived from such confidential materials—including but not limited to charts, tables, graphs, and models—to the extent such

PDF created with pdfFactory trial version www.pdffactory.com

summaries or compilations maintain the material in such a manner that it retains personally identifying information or personal data identifiers.

8. Inadvertent failure to designate a document as "CONFIDENTIAL" may be corrected by supplemental written notice given as soon as practicable.

9. The parties must have a good-faith basis in fact and law to designate material as confidential.

10. If any party objects to the designation of any information as confidential, that party shall confer with opposing counsel within 15 days of making such objection in an effort to resolve any such dispute. If the parties are unable to resolve such dispute, the party designating the material as confidential may move to have the Court declare the contested information confidential.

11. If non-confidential information is contained in or otherwise derived from confidential materials, any portion that consists solely of non-confidential information shall not be confidential for purposes of this Order.

12. In any judicial proceeding in which confidential information may become a part of a written submission to the Court, the parties will (1) delete the confidential information, or (2) provide reasonable notice of the submission to opposing counsel so that opposing counsel can seek, if necessary, an order from the Court protecting the confidentiality of the document—including an order that the document be filed under seal—subject to the Court's review on a document-by-document basis.

13. If confidential testimony or information is contained in the body of any filings or submissions to the Court (*e.g.* where confidential information is quoted or summarized) the entire filing or submission shall be made under seal.

PDF created with pdfFactory trial version www.pdffactory.com

14. Access to confidential information shall be limited to individuals who must handle such information for purposes of this litigation ("qualified persons"). Individuals authorized to handle confidential information include:

   a. The Court and officers of the Court;
   b. Court reporters and their assistants and administrative staff;
   c. Private Plaintiffs and counsel for the Private Plaintiffs, including counsel's paralegals, administrative staff, or contractors;
   d. Counsel for the United States, including Department of Justice attorneys, paralegals, administrative staff, or contractors;
   e. Defendants and counsel for the Defendants, including counsel's paralegals, administrative staff, or contractors;
   f. Any mediator used to attempt resolution of this litigation;
   g. Witnesses and potential witnesses (and their counsel) to the extent necessary in preparation for or during the course of depositions, hearings, interviews, or trial in this action; and;
   h. Experts and consultants (including independent experts and consultants and employees or clerical assistants of said experts) who are employed, retained, or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist in such litigation.

15. All contractors, witnesses, experts, and consultants who review confidential information must first execute the Acknowledgement of Confidentiality Agreement and Protective Order, appended as Attachment B, stating that they will abide by the terms of this agreement. Copies of all Acknowledgements of Confidentiality Agreement executed by

PDF created with pdfFactory trial version www.pdffactory.com

witnesses required to be disclosed by the Federal Rules of Civil Procedure shall be provided to opposing counsel no later than the disclosure date of the witness list for trial.

16. The qualified persons identified in paragraphs 14 and 15 shall not permit disclosure of confidential information to anyone who is not also a qualified person. Unless counsel of record for the party producing the confidential information consents in writing to any other use, such information shall be used solely in connection with the prosecution or defense of this action.

17. Except as provided herein, no party having access to confidential information shall make public disclosures of that material without further order of this Court.

18. No party to the above-captioned case, for itself or any other person acting on its behalf, shall make more copies of any confidential material than are reasonably necessary to conduct this litigation. Information designated as confidential shall be held in strictest confidence and shall be kept securely.

19. Upon conclusion of this case, including any subsequent appeals, all originals and copies of confidential materials, including all summaries thereof, shall be returned to the producing party or the producing party's counsel or representative or destroyed, unless (1) otherwise ordered by the Court for good cause shown, (2) the return or destruction of such materials is prohibited by law, or (3) the document has been filed with the Court or used as an exhibit.

20. Notwithstanding anything to the contrary herein, the parties to the above-captioned case shall have no obligation under this Order with respect to information that (1) is or becomes publicly available (except by unauthorized disclosure), or (2) is received from a third-party who is rightfully in possession of such information and who has the right to disclose it.

PDF created with pdfFactory trial version www.pdffactory.com

21.     Any party to the above-captioned case may petition this Court concerning a violation of this Order and request any available remedies, including, but not limited to, contempt proceedings.

22.     Entering into, agreeing to, and/or complying with the terms of this Order shall not:

   a. Operate as an admission that any particular discovery material constitutes, contains, or reflects confidential matter;

   b. Prejudice the rights of any party to object to the production of documents or information it considers non-discoverable, or to seek a Court determination whether particular discovery materials should be produced;

   c. Prejudice a party from seeking modification or rescission of this Confidentiality Agreement and Protective Order; or

   d. Prejudice a party from seeking further protection of any confidential information.

23.     Nothing in this Order limits the parties' right to seek modification of this Order or to apply for additional protective orders as may become necessary due to a change in circumstances or for other good cause shown.

24.     Except as otherwise provided herein, the restrictions and obligations provided in this Order shall not terminate upon the conclusion of this lawsuit but shall continue subject to order of this Court.

IT IS HEREBY ORDERED.

Dated: _July 5, 2011                    /s/ OLIVER W. WANGER

                                        United States District Judge

7   CONFIDENTIALITY AGREEMENT & PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com