IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE HAWECKER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RAWLAND LEON SORENSON, <br><br> Defendant. <br> _____ <br> UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROWLAND LEON SORENSON, <br><br> Defendant. <br> _____ | Case No.: 1:10-cv-00085 AWI JLT <br><br> ORDER GRANTING MOTION TO AMEND SCHEDULING ORDER <br><br> (Doc. 108) |

Carrie Hawecker and Michelle Broussard seek an order extending discovery for 30 days to allow them to propound written discovery to Defendant related to his recent statement, made at his March 1, 2012 deposition, that at some time in the recent past he had a net worth of $16 million. (Doc. 108).

1

On March 12, 2012, the Court heard argument regarding this motion.  The Court has read and considered the pleadings and arguments of counsel.  For the reasons set forth below, Plaintiffs'[1] motion to compel discovery is **GRANTED**.

## I.  Factual and Procedural Background

Plaintiffs allege violations of the Fair Housing Act (42 U.S.C. §§ 3604 and 3617), and the California Fair Employment and Housing Act (Cal. Gov. Code § 12955, *et seq.*), and the California Unruh Civil Rights Act (Cal. Civ. Code § 51 *et seq.*), and the California Business and Professions Code § 17200, *et seq.* (Doc. 1 at 9-10).  In addition, Plaintiffs raise claims for unfair business practices under the California Business and Professions Code § 17200, *et seq.*, and wrongful eviction under the California Code of Civil Procedure §§1159 and 1160.  *Id.* at 10.  Given these allegations, Plaintiffs have stated a claim for compensatory and punitive damages.  *Id.* at 11.

## II.  Motion to Amend

Pursuant to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified <u>only for good cause</u> and only with the judge's consent. Fed. R. Civ. P. 16(b).  In <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 607 (E.D. Cal. 1999); see <u>Marcum v. Zimmer</u>, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).  In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." <u>Jackson</u>, 186 F.R.D. at 608.

---

[1] It is unclear whether Plaintiff United States joins in this motion but, clearly, they have no opposition to it.

2

Here, counsel report that at his most recent deposition on March 1, 2012, Defendant testified that his net worth, at a time period relevant to this litigation, was $16 million. He reported further that much–if not all–of this worth was lost due in the stock market and due to depreciating real estate values.[2] Though this evidence is not pertinent to issues of liability, the parties agree that it has relevance to the issue of punitive damages. As Plaintiffs' counsel noted, the question is not so much where the money went but whether it no longer belongs to, or is within the control, of Defendant.

Though Plaintiffs have had an inordinate amount of time to conduct discovery–indeed, before being consolidated with the government's case, this case was nearly ready for trial–there is no ignoring that the information at issue was not revealed until March 1, 2012. In and of itself, this would not be sufficient grounds to justify amending the scheduling order because, of course, this situation is frequently encountered when a key deposition is delayed until the eve of the discovery cut-off. However, according to counsel, written discovery had been propounded already that should have revealed this information, though discovery had been focused on the more recent past. Moreover, Plaintiffs report that the highest net worth figure every reported to them by Defendant was approximately $2 to $3 million. Thus, the Court does not find that there has been a lack of diligence.

## II.   Order

Based on the foregoing and good cause appearing, Plaintiff's Motion to Amend the Scheduling Order is GRANTED as follows:

1. The discovery deadline is extended to April 11, 2012 **but only** as to inquiries into Defendant's statement related to his purported $16 million net worth and the disposition of that worth;

2. To the extent that previously propounded discovery encompasses these topics, previous discovery shall not be duplicated. Instead, Plaintiffs SHALL notify Defendant as to the specific discovery requests that require supplementation within 2

---

[2] Defendant's objection that a transcript of his testimony was not lodged, is properly made. However, it does not appear that any counsel has yet received a copy of the transcript. Moreover, Ms. Melody–the only of the three attorneys present at the argument on this motion–provided her account of the testimony. As an officer of the Court, the Court has no doubt that this account is consistent with her recollection of the events. For purposes of this motion, the Court finds this account suffices.

days of service of this order;

3. Plaintiffs SHALL not propound more than 10 interrogatories and 10 requests to produce documents, related to these topics[3];

4. No other amendments to the scheduling order are authorized.

IT IS SO ORDERED.

Dated:   **March 12, 2012**                                                           /s/ Jennifer L. Thurston
                                                                                    UNITED STATES MAGISTRATE JUDGE

---

[3] Because Defendant has no objection to subpoenas for records being issued to third parties, the Court's order here does not preclude these efforts.