IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE HAWECKER, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>RAWLAND LEON SORENSON,<br><br>   Defendant.<br>_____<br>UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>RAWLAND LEON SORENSON,<br><br>   Defendant<br>_____ | Case No.: 1:10-cv-00085 AWI JLT<br><br>ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD<br><br>(Doc. 121)<br><br>ORDER DIRECTING CLERK TO UPDATE DOCKET AND SERVE DEFENDANT |

On March 1, 2012, the law firm of McCormick, Barstow, Sheppard, Wayte and Carruth, LLP ("McCormick Barstow") filed a motion to withdraw as attorneys of record for Defendant Rawland Leon Sorenson ("Defendant"). (Doc. 107). The United States of America ("the Government") filed an opposition to the motion on March 16, 2012 (Doc. 117), which was joined by plaintiffs Michelle Broussard and Carrie Hawecker (Doc. 119). McCormick Barstow filed a reply on March 27, 2012. (Doc. 121). On April 3, 2012, the Court heard argument on the matter by counsel for the individual

plaintiffs and the Government and by Defendant's current counsel.  Notably, Defendant Sorenson did not appear at the hearing.

For the following reasons, the motion to withdraw as counsel of record is **GRANTED.**///

## I.   Procedural History

Plaintiffs Carrie Hawecker and Michelle Broussard initiated this action by filing a complaint against Defendant on January 15, 2010.  (Doc. 1).  On March 25, 2011, the Government filed a notice of related case, and the Plaintiffs moved to consolidate the action.  (Docs. 77-78).  The Court granted the motion, and vacated the pre-trial order previously issued.  (Doc. 89).  McCormick became counsel of record for Defendant and filed an Answer on May 23, 2011.[1]  (Doc. 91).

The Court issued a scheduling order for the consolidated action on June 20, 2011, setting April 16, 2012 as the deadline for filing non-dispositive motions, and April 27, 2012 as the deadline for filing dispositive motions.  (Doc. 95).  In addition, the trial was set for August 21, 2012.  Id. Although the matter was re-assigned to a different District Judge, the deadlines remained in effect.  (Doc. 105).

## II.   Legal Standard

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules of the United States District Court, Eastern District of California. *See* LR 182.  The withdrawal of representation is permitted under the Rules of Professional Conduct if a client "renders it unreasonably difficult for the member to carry our employment effectively." Cal. R.P.C. 3-700(C)(1)(d).  Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

*Id.*  Likewise, California's Rules require the notice of motion and declaration to be served on the client and other parties who have appeared in the case.  CRC 3.1362(d).

---

[1] Previously, Defendant was represented by Swanson and O'Dell, who filed a request for order granting substitution of attorney granted by the Court on February 11, 2011.  (Docs. 66-68).

2

The decision to grant withdrawal is within the discretion of the Court, and leave "may be granted subject to such appropriate conditions as the Court deems fit." LR 182; *see also Canandaigua Wine Co., Inc. v. Moldauer*, 2009 U.S. Dist. LEXIS 4238, at *2 (E.D. Cal. Jan. 13, 2009) ("The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court."). Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to the other litigants, (3) harm caused to the administration of justice; and (4) delay to the resolution of the case caused by withdrawal. *Canandaigua Wine Co.*, 2009 U.S. Dist. LEXIS 4238, at *4.

### III.     Discussion and Analysis

McCormick Barstow asserts "there has been a complete and utter breakdown in the attorney/ client relationship between McCormick Barstow and the Defendant," due in part to his "failure to pay for legal services as well as the non-payment of a substantial amount of fees and costs incurred . . . in association with Defendant's defense." (Doc. 107-1 at 3). McCormick Barstow argues this "constitutes a breach of Defendant's obligations to pay expenses and fees within the meaning of Rule 3-700(C)(1)(f)." *Id.* In addition, McCormick Barstow asserts "circumstances have arisen which make it 'unreasonably difficult' within the meaning of Rule 3-700(C)(1)(d)" for the firm "to effectively carry out its representation of the Defendant in this matter." *Id.*

According to McCormick Barstow, the withdrawal as counsel of record "will not cause unfair prejudice to Defendant or any other litigant in this action." (Doc. 107-1 at 3). The discovery period has closed, and McCormick Barstow "navigated Defendant through . . . propounding and responding to written discovery as well as conducting and defending the depositions of percipient witnesses, expert witnesses and the Defendant himself." *Id.* Further, the firm notes Defendant will have approximately six months to retain counsel and prepare for trial. *Id.*

The Government notes that when prior counsel withdrew following the close of discovery in 2011, Defendant requested "additional time to search for new counsel." (Doc. 117 at 2). The Government asserts "[a]ny delay of the scheduled trial would unfairly stall the resolution of this matter for the dozens of victims of the Defendant's alleged harassment and may prejudice the United States' ability to present the testimony of all the victims and witnesses at trial." *Id.* According to the

1  Government, "Any delay that results from McCormick Barstow's withdrawal motion unjustly
2  extends the time . . . witnesses must wait to have their day in Court and would constitute harm to the
3  administration of justice. *Id.* at 4 (citing *McNally v. Eye Dog Found. for the Blind, Inc.*, 2011 U.S.
4  Dist. LEXIS 34706 (E.D. Cal. Mar. 24, 2011).  Therefore, the Government "opposes the Motion to
5  Withdraw to the extent that McCormick Barstow's withdrawal would dely the scheduled trial in this
6  consolidated action." *Id.* at 2.
7       In reply, McCormick Barstow notes Defendant has not opposed the motion, and there has not
8  "been any indication that he will seek a continuance of the trial proceeding."  (Doc. 121 at 2).  The
9  law firm observes discovery has been closed, and contends there is "ample time to review the case
10 materials and develop trial strategy." *Id.*  McCormick Barstow argues there is no evidence to suggest
11 the plaintiffs "are at risk of suffering unfair prejudice" if the motion to withdraw is granted, and
12 "[t]he purported need for swift resolution of the case does not weigh against the merits of the
13 pending Motion given the amount of time remaining between now and the August 21, 2012 trial
14 date." *Id.* at 2-3.
15      Notably, any prejudice to the plaintiffs is speculative at this time.  Defendant has not
16 requested a change in the trial date, and he would be required to demonstrate good cause to amend
17 the scheduling order to do so.  *See* Fed. R. Civ. P. 16(b)(4).  In *McNally*, counsel for the defendant
18 moved to withdraw "a mere six days prior to the deadline to file an opposition to Plaintiff's motion
19 for summary judgment." *Id.*, 2011 U.S. Dist. LEXIS at *5.  The Court considered "the posture of
20 [the] case and the numerous continuances already granted with regard to every single scheduling date
21 and, in particular, the pending motion for summary judgment," and concluded withdrawal "would
22 cause further lengthy delay . . . which would, in turn, result in significant prejudice to Plaintiffs." *Id.*
23 Here, the facts are much less egregious.  There have not been continual delays in the course of the
24 litigation, and there is no pending motion for summary judgment.  It does not appear any prejudice
25 may be caused to the other litigants nor that harm will be caused to the administration of justice.
26 Moreover, there is no indication the trial date will need to be changed, and thereby cause delay to the
27 resolution of the action.
28

On the other hand, at the hearing, Plaintiffs' counsel reminded the Court that they have motions to compel on calendar (Docs. 116, 118) and reported that they had provided Defendant's counsel their portions of the joint statements required by Local Rule 251.  Given the short amount of time before the hearing on these motions–April 16, 2012–there would be insufficient time for Mr. Sorenson to meaningfully contribute to the joint statement if counsel are relieved before completing these tasks.  Therefore, Defendant's counsel will be required to outline Defendant's position in the joint statements before counsel will be permitted to withdraw from Mr. Sorenson's representation.

## IV.   Conclusion and Order

Defendant's counsel followed the procedural and substantive requirements set forth in the California Rules of Professional Conduct and the Local Rules in filing the motion to withdraw, and set forth sufficient reasons for the withdrawal as counsel of record for Defendant. Therefore, the Court is acting within its discretion to grant the motion.  *See* LR 182.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's counsel SHALL outline Defendant's position in the joint statements re: discovery disputes (Docs. 116, 118) and provide them to opposing counsel no later than April 6, 2012, by the close of business.  Once these tasks are completed, the motion to withdraw is **GRANTED**;

2. The Clerk's Office **SHALL TERMINATE** Daniel Lawrence Wainwright and Nicholas C. Miller as "Attorneys to be Noticed" for Defendant in the Court docket, and update the docket to reflect Defendant's last known contact information as follows:

   > Rawland Leon Sorenson
   > 2512 Newport Lane
   > Bakersfield, CA 93309

3. The Clerk of the Court is DIRECTED to serve a copy of this order to Defendant at the last known address listed above;

4. If Defendant chooses to obtain replacement counsel, **replacement counsel SHALL enter his/her appearance within 45 days** of the date this order is served.  Mr.

Sorenson and/or his replacement counsel is advised that the Court will not continue the trial date absent a showing of exceptional good cause;

5. **Defendant is advised that his failure to comply with the Local Rules, Federal Rules, or the Court orders may result in sanctions pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:   **April 3, 2012**                                                   /s/ Jennifer L. Thurston
                                                                       UNITED STATES MAGISTRATE JUDGE