UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE HAWECKER, et al.,<br><br>             Plaintiffs,<br><br>        v.<br><br>RAWLAND LEON SORENSON,<br><br>             Defendant.<br><br>UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>        v.<br><br>RAWLAND LEON SORENSON,<br><br>             Defendant. | Case No.: 1:10-cv-00085 - AWI - JLT<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLATINTIFFS HAWECKER'S AND BROUSSARD'S MOTION TO COMPEL<br><br>(Doc. 118) |

Carrie Hawecker and Michelle Broussard ("Plaintiffs") seek an order compelling further responses to interrogatories by Rawland Leon Sorensen ("Defendant"). (Doc. 118). The parties filed a "Joint Statement re: Discovery Disagreements" on April 9, 2012. (Doc. 126). On April 16, 2012, the Court heard argument regarding this motion. Defendant did not appear. For the reasons set forth below, Plaintiffs' motion to compel further responses is **GRANTED in PART** and **DENIED in PART**.

1

**I.      Procedural History**

Plaintiffs Carrie Hawecker and Michelle Broussard initiated this action by filing a complaint against Defendant on January 15, 2010.  (Doc. 1).  Plaintiffs allege violations of the Fair Housing Act (42 U.S.C. §§ 3604 and 3617), and the California Fair Employment and Housing Act (Cal. Gov. Code § 12955, *et seq.*), and the California Unruh Civil Rights Act (Cal. Civ. Code § 51 *et seq.*), and the California Business and Professions Code § 17200, *et seq.* (Doc. 1 at 9-10).  In addition, Plaintiffs raise claims for unfair business practices under the California Business and Professions Code § 17200, *et seq.*, and wrongful eviction under the California Code of Civil Procedure §§1159 and 1160.  *Id.* at 10.  Given these allegations, Plaintiffs seek compensatory and punitive damages.  *Id.* at 11.

Plaintiffs propounded their first set of interrogatories and first requests for production of documents on March 16, 2010, to which Defendant responded on April 22, 2010.  (Doc. 50 at 1, 5).  Following Defendant's deposition in September 2010, Plaintiffs propounded a request for supplementation on September 12, 2010, requesting that Defendant produce responsive documents identified during his deposition that had not yet been produced.  *Id.* at 13.  Plaintiffs asserted the production was insufficient because responsive documents had not been produced, and those produced were inadequate to calculate Defendant's net worth, as they are entitled to do given the claim for punitive damages.  Therefore, Plaintiffs moved to compel discovery responses on December 17, 2010 (Doc. 45), which was granted in part and denied in part by the Court.  (Doc. 57).

On March 25, 2011, the Government filed a notice of related case, and the Plaintiffs moved to consolidate the action.  (Docs. 77-78).  Accordingly, the Court issued a scheduling order for the consolidated action on June 20, 2011, ordering the parties "to complete all discovery, including experts, on or before March 2, 2012."  (Doc. 95 at 6).  On January 23, 2012, Defendant responded to the second set of interrogatories propounded by Plaintiffs.  (Doc. 126 at 3).  In compliance with the Court's scheduling order, Plaintiffs filed their motion to compel further responses to the second set of interrogatories on March 16, 2012.  (Doc. 118).

**II.     Motion to Compel Discovery**

Pursuant to Rule 33(b) of the Federal Rules of Civil Procedure, a party responding interrogatories mush answer each "separately and fully in writing under oath."  When a party fails to

1 respond, the propounding party may seek an order compelling responses. Fed. R. Civ. P. 37(a)(3)(B).
2 Further, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to
3 disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). "The moving party bears the burden of
4 demonstrating 'actual and substantial prejudice' from the denial of discovery." *Hasan v. Johnson*,
5 2012 U.S. Dist. LEXIS 21578 at *5 (E.D. Cal. Apr. 9, 2012) (citing *Hallet v. Morgan*, 296 F.3d 732,
6 751 (9th Cir. 2002)).

7 **III.     Discussion and Analysis**

8     In opposition to this motion, Defendant argues he "has consistently denied any form of sexual
9 contact or verbal harassment of plaintiff Michelle Broussard." (Doc. 126 at 13). In addition,
10 Defendant asserts he "detailed his version of all relevant interactions with plaintiff Carrie Hawecker at
11 his September 9, 2010 deposition." According to Defendant, there are no further responses that could
12 be made to the interrogatories. *Id.*

13     Plaintiffs assert the purpose of the motion is "to establish defendant's theory of defense in this
14 case." (Doc. 126 at 4). Plaintiffs contend Defendant "has engaged in a pattern of sexual harassment
15 in the course of his rental property business," and his "responses under oath to these allegations have
16 been vague and contradictory." *Id.* According to Plaintiffs, "Given Mr. Sorenson's ever-changing
17 account of his sexual relations with his tenants, and change in story regarding his interactions with
18 Carrie Hawecker, plaintiffs are entitled to answers to their contention interrogatories seeking a
19 definitive statement on defendant's theory of the case." *Id.* at 11.

20     At the hearing, Plaintiffs clarified that their concern centered on the fact that, though the
21 interrogatories sought facts, Defendant's response to interrogatories provided only a legal conclusion
22 that sexual harassment did not occur. Plaintiffs seek clarification of Defendant's response that he did
23 not commit acts of sexual harassment to determine whether he denies any sexual behavior with the
24 plaintiffs, or if the sexual behavior "was 'welcome' to plaintiffs." (Doc. 126 at 12).

25     Given that Defendant has inconsistently explained the factual basis for his defenses, the Court
26 concludes that Defendant's failure to specify whether he has engaged in sexualized conduct with either
27 Plaintiff and, if he has, the facts that support his interpretation that the conduct was welcome, is
28 prejudicial to Plaintiffs. They should not be required to harmonize all of Defendant's discovery

3

responses to attempt to determine the factual bases for the asserted defenses. Therefore, as to Plaintiff Hawecker's Special Interrogatories, Set One, numbers 18, 19 and 21 and as to Plaintiff Broussard's Special Interrogatories Set One numbers 3, and 7, the motion is **GRANTED.** Defendant is ordered to serve amended responses to these interrogatories within 21 days of service of this order.

On the other hand, the Court does not finds that Defendant's responses to Hawecker's interrogatory 17 and 20 and Broussard's 2, 6 are evasive or incomplete. Both set forth the reasons why he denies liability for sexual harassment—that he did not sexually harass either. For their part, Plaintiffs fail to explain to the Court's satisfaction how these responses are inadequate. Thus, the motion as to these interrogatories is **DENIED**.

### IV.     Conclusion and Order

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' motion to compel is **GRANTED IN PART and DENIED IN PART**;

2. Defendant **SHALL** serve an amended response to Plaintiff Hawecker's Special Interrogatories, Set One, numbers 18, 19 and 21 **within 21 days of service of this order**;

3. Defendant **SHALL** serve an amended response to Plaintiff Broussard's Special Interrogatories, Set One, numbers 3 and 7 **within 21 days of service of this order**.

**Defendant is advised that his failure to comply with this order may result in sanctions being imposed.**

IT IS SO ORDERED.

Dated:   **April 16, 2012**                              /s/ Jennifer L. Thurston
                                                        UNITED STATES MAGISTRATE JUDGE