**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

CARRIE HAWECKER, et al.,

Plaintiffs,

v.

RAWLAND LEON SORENSON,

Defendant.

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

RAWLAND LEON SORENSON,

Defendant.

Case No.: 1:10-cv-00085 AWI JLT

ORDER GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTION TO COMPEL

(Doc. 116)

The Government seeks an order compelling Rawland Leon Sorenson ("Defendant") to permit entry onto his property and to "produced documents and interrogatory responses" relevant to his finances and net worth. (Doc. 116). The parties filed a "Joint Statement re: Discovery Disagreements" on April 9, 2012. (Doc. 127). On April 16, 2012, the Court heard argument regarding this motion. For the reasons set forth below, the Government's motion to compel is **GRANTED IN PART AND DENIED IN PART**.

**I. Procedural History**

Plaintiffs Carrie Hawecker and Michelle Broussard initiated this action by filing a complaint against Defendant on January 15, 2010. (Doc. 1). Plaintiffs allege violations of the Fair Housing Act (42 U.S.C. §§ 3604 and 3617), and the California Fair Employment and Housing Act (Cal. Gov. Code § 12955, *et seq.*), and the California Unruh Civil Rights Act (Cal. Civ. Code § 51 *et seq.*), and the California Business and Professions Code § 17200, *et seq.* (Doc. 1 at 9-10). In addition, Plaintiffs raise claims for unfair business practices under the California Business and Professions Code § 17200, *et seq.*, and wrongful eviction under the California Code of Civil Procedure §§1159 and 1160. *Id.* at 10. Given these allegations, Plaintiffs seek compensatory and punitive damages. *Id.* at 11.

On March 25, 2011, the Government initiated a separate action against Defendant, alleging he violated the Fair Housing Act by engaging in a pattern or practice of sexually harassing female tenants and prospective tenants. (*See United States of Am. v. Sorenson*, Case. No. 1:11-cv-00511-OWW-JLT Doc. 1).[1] The Government filed a notice of the related case, and Plaintiffs moved to consolidate the cases. (Docs. 77-78). Plaintiffs' motion to consolidate was granted on April 29, 2012. (Doc. 89).

The Court issued a scheduling order for the consolidated action on June 20, 2011. (Doc. 95). Pursuant to the order, the parties were "to complete all discovery, including experts, on or before March 2, 2012." *Id.* at 6. During the course of discovery, the Government propounded interrogatories and requests for production of documents related to Defendant's financial condition and net worth. (Doc. 127 at 2). In addition, the Government served a Request to Permit Entry on February 21, 2012, requesting entry upon March 2, 2012, to which Defendant objected.

In compliance with the deadlines set forth in the Court's scheduling order, the Government filed the motion to compel now pending before the Court on March 16, 2012. (Doc. 118).

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of the Court is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of the Court's records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980). Therefore, judicial notice is taken of the complaint filed in *United States of Am. v. Sorenson*, Case No. 1:11-cv-00511-OWW-JLT.

**II. Scope of Discovery**

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence. Rule 26(b) provides:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things. . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Further, relevancy is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 427 U.S. 340, 351 (1978).

**III. Discovery Requests and Responses**

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). A responding party is obligated to respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Haney v. Saldana*, 2010 U.S. Dist. LEXIS 93447, at *9 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2007 U.S. Dist. LEXIS 73753 (E.D. Cal. Sep. 21, 2007)).

In addition, a party may request documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Similarly, a party may serve a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property . . ." Fed. R. Civ. P. 34(a)(2). A request is adequate if it describes items with "reasonable particularity;" specifies a reasonable time, place, and manner for the inspection; and specifies the form or forms in which electronic information can be produced. Fed. R. Civ. P. 34(b). Thus, a request is sufficiently clear if it

"places the party upon 'reasonable notice of what is called for and what is not.'" *Kidwiler v. Progressive Paloverde Ins. Co.*, 192. F.R.D. 193, 202 (N.D. W. Va. 2000) (quoting *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992)); *see also* Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial* (Rev. #1 2011) Discovery, para. 11:1886 ("the apparent test is whether a respondent of average intelligence would know what items to produce").

The responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. Fed. R. Civ. P. 34(a). In the alternative, a party may state an objection to a request, including the reasons. Fed. R. Civ. P. 34(b)(2)(A)-(B). When a party resists discovery, he "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd*, 189 F.R.D 281, 283 (C.D. Cal. 1998) (citing *Nestle Food Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990)). Boilerplate objections to a request for a production are not sufficient. *Burlington Northern & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005).

If a party "fails to respond that inspection will be permitted - or fails to permit inspection - as requested under Rule 34," the propounding party may make a motion to compel production of documents. Fed. R. Civ. P. 37(a)(3)(B)(iv). Further, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). "The moving party bears the burden of demonstrating 'actual and substantial prejudice' from the denial of discovery." *Hasan v. Johnson*, 2012 U.S. Dist. LEXIS 21578 at *5 (E.D. Cal. Apr. 9, 2012) (citing *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

## IV. Discussion and Analysis

According to the "Joint Statement" filed by the parties, the disputes concern the request for entry into Defendant's primary place of residence for an inspection of the premises, and discovery responses related to Defendant's financial condition and net worth. (Doc. 127).

///

///

**A.     Request for Entry onto Defendant's Property**

On February 21, 2012, the Government requested Defendant "permit counsel for the United States and representatives of the United States Marshals Service entry onto the property located at 2512 Newport Lane in Bakersfield, California, including the yards and the interiors of the house and garage, for the purpose of photographing and/or video recording the property." (Doc. 127 at 4). The Government requested "entry be permitted on March 2, 2012, beginning at 9:30 a.m." *Id.*

In response, Defendant objected to the entry of as untimely, because the Government "designated/ proposed a date for entry upon Defendant's land that is ten (10) days from the date of service of the request." (Doc. 127 at 4). Defendant asserted, "The Federal Rules of Civil Procedure require at least 30 days advance notice for such discovery, thereby affording the party to whom the request is made at least 30 days to prepare their response." *Id.* (citing Fed. R. Civ. P. 34(b)(2)(A); Schwarzer, Tashima & Wagstaff, *California Practice Guide: Federal Civil Procedure before Trial*, (2010) Discovery, para. 11:1888). In addition, Defendant argued the request is not necessary or reasonably related to the causes of action at issuing the litigation. *Id.* at 5.

Notably, the Government fails to address the notice requirement or the timeliness of the request response to Defendant's objections to the inspection of his property. As observed by Defendant, a request for inspection should be given at least thirty days before date proposed. *See Holliday v. Extex*, 237 F.R.D. 425, 427 (D. Haw. 2006) (observing a request to inspect failed to comply with Rule 34 when "the request did not allow . . . thirty days to respond and [the party] did not an obtain an agreement or a court order for a shorter time  period"); *Brisbin v. Wash. Sports & Entm't, Ltd.*, 422 F. Supp. 2d 9, 13 n.2 (noting the plaintiff's request for inspection "was untimely since it was made on the day discovery closed and Rule 34(b) allows a defendant 30 days to initially respond, which was beyond the discovery cut-off"); *Willaim Hablinski Architecture v. Amir Constr.*, 2004 U.S. Dist. LEXIS 27660, at *8 (C.D. Cal. Sept. 13, 2004 ) (observing the defendant raised a "valid" objection that the request for inspection "was untimely, in that it failed to provide 30 days in which to respond to the request as required by Fed. R. Civ. P. 34(b)"). A period allowing less than thirty days notice or response "may be stipulated to . . . or be ordered by the court." *Id.* Here, the parties did not stipulate

to a shortened time, and the Government did not seek an order from the Court to shorten the time for the proposed inspection of Defendant's property.

The Government's request for inspection failed to comply with the notice requirements of Rule 34.[2] In addition, the request was untimely because the Government did not allow sufficient time for the inspection to occur prior to the close of discovery on March 2, 2012.[3] Consequently, the Government's motion to compel inspection of Defendant's property is **DENIED**.

**B. Discovery Related to Defendant's Financial Condition and Net Worth**

The Government seeks to compel further discovery responses to ascertain Defendant's financial position. According to the Government, the financial information "is relevant to a determination of what amount constitutes an appropriate civil penalty . . . [and] the determination of punitive damages." (Doc. 127 at 27). According to the Government, information regarding Defendant's monthly income and expenses is required "in order to have an accurate assessment of the Defendant's net worth." *Id.* at 28.

Defendant contends these requests are overbroad "not reasonably calculated to lead to the discovery of admissible evidence." (*See* Doc. 127 at 11, 14, 18-19, 21). However, a defendant's "financial information is relevant to [a] plaintiff's claim for punitive damages and within the scope of permissible discovery." *Fair Hous. Council of Cent. Cal., Inc. v. Nunez*, 2011 U.S. Dist. LEXIS 127389, at *5-6 (E.D. Cal. Nov. 3, 2011) (citing Fed. R. Civ. P. 26(b)(1)). Although the Ninth Circuit has not established "the parameters of the dissemination of financial information during discovery when punitive damages are alleged," a majority of federal courts do not require the plaintiff to make a prima facie showing that punitive damages may be recovered "to discover information relating to the defendant's financial condition in advance of trial." *EEOC v. Cal. Psychiatric Transitions*, 258 F.R.D. 391, 394-95 (E.D. Cal. 2009). Consequently, the information the Government seeks through these discovery requests to determine Defendant's net worth is relevant and within the scope of discovery.

---

[2] Further, the Court is unclear why Plaintiff sought to have the United States Marshal Service would be present at the inspection.

[3] Because the Court finds the request for inspection was untimely and failed to comply with the Federal Rules of Civil Procedure, the parties' arguments regarding the relevance of the evidence is not addressed.

*1. Responses to Interrogatories*

Pursuant to Rule 33(b) of the Federal Rules of Civil Procedure, a party responding to interrogatories mush answer each "separately and fully in writing under oath." When a party fails to respond, the propounding party may seek an order compelling responses. Fed. R. Civ. P. 37(a)(3)(B). Further, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

The Government contends the interrogatories were designed to elicit information regarding "Defendant's assets, income, and expenses to enable an accurate calculation of net worth, including those expenses he incurs every month . . . as well as the extraordinary expenses such as the legal costs the Defendant referenced." (Doc. 127 at 28). However, the Government alleges Defendant's responses are incomplete and insufficient to permit a complete calculation of [his] net worth." *Id.*

In response to each of Interrogatories 1 through 4, Defendant interposed the same objection that the request was overbroad [in] scope, unduly burdensome, oppressive and harassing" and it would be burdensome "to conduct a comprehensive audit of all expenses which he incurs in his daily life. *Id.* at 15. Nevertheless, Defendant provided a response to each interrogatory, though the response was nearly the same as to each—a list of his rental properties and the associated monthly mortgage cost.

a. Interrogatory No. 1

> Interrogatory No. 1: Please identify each of your assets (whether owned solely by you or partly by you) with a value of $500 or more. Describe each asset in detail, including but not limited to: the type of asset; the value of the asset, including rental or interest income; the physical location of the asset; and any other persons or entities having an ownership interest in the assets.

As noted above, Defendant listed his rental properties but failed to list the associated rental rates. Notably, he did not identify his own, personal residence at 2512 Newport Lane in Bakersfield though he did identify his car. He did not provide his estimate of the value of these items nor did he indicate whether any hare partially owned by others. Therefore, the Government's motion to compel further responses to interrogatory number 1 is **GRANTED**. Defendant SHALL provide an amended response that lists each assets he owns that is valued over $500, its location, its estimated value

whether any other person has an ownership interest in the asset and the monthly income he receives from each asset, if any.

b. Interrogatory No. 2

> Interrogatory No. 2: Please identify your ordinary expenses. For each expense, identify: the type of expense, the name of the company or person generating the expense, the amount of the expense, the frequency of the expense, and the method used to pay the expense. If an ordinary expense ranges in amount, state the range of the amount of the expense since January 1, 2010.

Plaintiff contends that Defendant's response is inadequate because it "does not identify the type, amount, frequency, or any other information about the 'ordinary household utilities.'" (Doc. 127 at 29). In addition, the Government contends the response "omits . . . any employee salary information, insurance costs, car payments, utility expenses, property maintenance costs, eviction-filing fees, and other potentially-responsive expense information." *Id.* Therefore, the Government contends Defendant should be required to supplement his response to the interrogatory. *Id.*

Though Plaintiff contends that every possible expense incurred by Defendant is pertinent, the Court is not convinced. Plaintiff asserts that every purchase—as small as a purchase of a cup of coffee—should be provided by Defendant so that there is a clear picture of his net worth. However, Plaintiff provides no real justification for this foray into Defendant's privacy nor does Plaintiff provide legal authority that requiring this detail is not overbroad or, indeed, harassing. The Court finds that pertinent discovery is only that which would, truly, impact Defendant's financial condition so, clearly, a monthly total for food expenses, for example, would be satisfactory for this purpose.

On the other hand, Defendant does not explain his failure to provide information regarding any expenses beyond his monthly mortgage payments, and does not claim that these are his only ordinary expenses. Therefore, the Government's motion to compel further responses to interrogatory number 2 is **GRANTED in PART**. Defendant SHALL provide an amended response detailing by category his monthly expenses—both personal expenses and those related to his rental properties— as they were from January 1, 2010 to present, on average. This requires Defendant to identify the category of the expense and for each category, list the monthly expense amount, the source of the funds used to pay the expense and to whom the expense is/was paid.

        a. Interrogatory No. 3

> Interrogatory No. 3: Please identify any expense, other than an ordinary expense, of $500 or more that you incurred since January 1, 2010. For each expense, identify: the type of expense, the name of the company or person generating the expense, the amount of the expense, and the method used to pay for the expense. This question calls for all expenses of $500 or more, incurred since January 1, 2010, that were not included in your response to interrogatory #2.

For the same reasons set for as to interrogatory number 2, the Government's motion to compel further responses to interrogatory number 3 is **GRANTED in PART**. Defendant SHALL provide an amended response detailing any non-recurrent expenses—both personal expenses and those related to his rental properties— in the amount of $500 from January 1, 2010 to present. This requires Defendant to identify the expense, the monthly amount of the expense, the source of the funds used to pay the expense, why the expense was incurred and to whom the expense was paid.

a. Interrogatory No. 4

> Interrogatory No. 4: Please identify all gifts or loans, including cash gifts or loans, worth over $50 that you have given any person since January 1, 2010. For each gift or loan, identify: whether the transaction was a gift or a loan, the recipient of the gift or loan, the type of gift or loan, the value of the gift or loan, the location where the gift was purchased (if applicable), the method used to pay for the gift or loan, the date you gave the gift or loan, any documents that relate to the gift or loan, and, if a loan, the terms of the loan including the dates you received or expect to receive repayment.

For the same reasons set for as to interrogatory number 2, the Government's motion to compel further responses to interrogatory number 4 is **GRANTED in PART**. Defendant SHALL provide an amended response detailing any gifts or loans he made in the amount of $500 or more from January 1, 2010 to present. This requires to Defendant to list every person to whom he made a loan in an amount of $500 or more from January 1, 2010 to the present. As to each loan, he SHALL provide the amount of the loan, the source of the funds used to make the loan, when the loan was made and the terms of the loan, including whether the terms were written and when repayment occurred or will occur. Also, Defendant is required to identify every gift of money in excess of $500 and every gift given by him that cost at least $500, between January 1, 2010 and the present. As to each gift, Defendant SHALL identify the recipient and the amount of the case gift or the cost of the gift, the source of the funds used to make the gift and the date the gift was given.

*2. Requests for Production of Documents*

Request for Production of Documents No. 20: All documents sufficient to show your net worth, including but not limited to:

a. bank statements, money market statements, bond accounts, and other investment accounts as of July 31, 2011 and August 31, 2011;

b. a listing of all rental income receivable as of July 31, 2011 and August 31, 2011;

c. copies of all mortgage loan balance statements for all investment and personal real estate properties as of August 31, 2011;

d. copies of home owner's insurance policies for all investment and personal real estate properties as of August 31, 2011;

e. documentation and valuation of all life insurance policies and annuities as of July 31, 2011 and

f. estimated value of all household goods, including furniture, equipment, clothing, firearms, and collectibles owned and the approximate value as of August 31, 2011;

g. listing of all personal motor vehicles owned or leased as of August 31, 2011, including year, make, and model;

h. listing of all other personal property, including boats, ATVs, and trailers as of August 31, 2011;

i. copies of individual 2010 Federal and State Individual Income Tax Returns, including all applicable attached schedules;

j. copies of all other tax returns for any entities controlled by you for 2010;

k. copies of checks and documents supporting payment of estimated taxes for 2011;

l. listing of outstanding accounts payable as of July 31, 2011 and August 31, 2011;

m. copies of all credit card balance statements as of July 31, 2011 and August 31, 2011; and

n. copies of applications for loans during the past year. August 31, 2011;

Request for Production of Documents No. 21: All documents referring or relating to a loan, refinancing of a loan, an application for a loan, or application for refinancing of a loan in which any of the Subject Properties served in whole or in part as a security or were offered as security for the repayment of that loan. The response to this request should include, but not be limited to, any and all appraisals of real property, applications, and any financial or net worth statements that were prepared by or for you in connection with such loan or refinancing.

The Government asserts Defendant failed to produce documents requested in Requests for Production Nos. 20 and 21 "including copies of bank statements, mortgage balances, loan-refinance applications, and other documents individually listed . . ." (Doc. 127 at 29). According to the Government, Defendant has failed to produce documents in response "to Requests for Production 20(a), (b), (e), (f), (h), (k), (l), (m), or 21." *Id.* at 30.

As to both requests, Defendant provides the same set of documents, each of which are grouped together as Exhibits A through I. Notably, as to request number 20, he does not identify which exhibit(s) responds to which subpart. Also, by identifying the same exhibits for request number 21, he indicates impliedly, that each was used to obtain a loan or to apply for a loan. This seems quite unlikely.[4]

Defendant does not contest that he failed to respond to the above requests, but rather asserts he "has already provided ample evidence of his financial condition," and materials received by the Government through subpoenas "should paint a very clear picture of Defendant's financial condition in terms of account balances and investments (or lack thereof)." (Doc. 127 at 32-33). However, this argument disregards Defendant's burden to respond to "each item or category" of a document request. *See* Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."); *see also Thomas v. Hickman*, 2007 U.S. Dist. LEXIS 95796, at *18 (E.D. Cal. Dec. 6, 2007) (Rule 34(b) "specifically requires that each request be addressed").

Therefore, the Government's motion to compel responses to the requests for production of documents numbers 21 is **GRANTED**. The Government's motion to compel responses to the requests for production of documents numbers 20 is **GRANTED in PART**. Because Plaintiff failed to overcome the objection based upon overbreadth, Defendant SHALL provide documents responsive to each subpart of the request in full except as clarified below:

---

[4] For example, the Court is hard-pressed to believe that Exhibit C, which is a looseleaf binder of handwritten notes, would have been used for this purpose. Instead, it seems Defendant merely listed the same response in order to avoid having to actually produce specific and responsive documents.

      i. As to subpart e., Defendant SHALL provide the requested documents as to insurance policies and annuities that carry a "cash-in" or redemption value;

ii. As to subpart f., Defendant SHALL provide the requested documents as to any item with a value of at least $500;

iii. As to subpart h., Defendant SHALL provide the requested documents as to any personal property that is required to be licensed by the Department of Motor Vehicles;

iv. As to subpart k., Defendant SHALL provide the requested documents demonstrating how Defendant determined the amount of quarterly taxes due and the documents upon which he relied to estimate the amount of quarterly taxes due and documents demonstrating proof of payment of these taxes;

v. As to subpart l., Defendant SHALL provide the requested statements for any credit card which reflected a debt of at least $500.

**V. Conclusion and Order**

Based upon the foregoing, the Government's motion to compel (Doc. 116) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The motion to compel inspection of and entry onto Defendant's property is **DENIED**;

2. The motion to compel further responses to interrogatories is **GRANTED in PART** and **DENIED in PART** as follows:

   a. Defendant **SHALL** provide a further response to Interrogatory No. 1;

   b. Defendant **SHALL** provide further responses to Interrogatory Nos. 2 3, and 4 as they have been modified by the Court;

3. The motion to compel further responses to the production of documents is **GRANTED in PART** and **DENIED in PART** as follows:

   a. Defendant **SHALL** provide further responses to No. 20(a), (b), (e), (f), (h), (k), (l), (m), as modified by the Court;

   b. Defendant **SHALL** provide a further response to No. 21;

4. Defendant is ordered to produce his amended responses and responsive documents or his certification that no responsive documents have been located, no later than 21 days from the date of service of this order.

IT IS SO ORDERED.

Dated: **April 16, 2012**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE