UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE HAWECKER, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>RAWLAND LEON SORENSON,<br><br>　　　　Defendant.<br>_____<br>UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RAWLAND LEON SORENSON,<br><br>　　　　Defendant.<br>_____ | Case No.: 1:10-cv-00085 - AWI - JLT<br><br>ORDER DENYING MOTION TO AMEND THE SCHEDULING ORDER BY PLAINTIFFS HAWECKER AND BROUSSARD<br><br>(Doc. 136)<br><br>ORDER DISREGARDING PLAINTIFFS' MOTION TO COMPEL DISCOVERY<br><br>(Doc. 137) |

Carrie Hawecker and Michelle Broussard ("Plaintiffs") seek to amend the scheduling order to file a motion to compel defendant Rawland Leon Sorenson ("Defendant") to produce financial information, and on order directing Defendant to produce the documents requested. (Docs. 136-37). (Doc. 118). On May 25, 2012, the Court heard argument regarding Plaintiffs' motions. Defendant neither filed an opposition nor appeared at the hearing.

For the reasons set forth below, Plaintiffs' motions to amend the scheduling is **DENIED**, and the motion to compel is **DISREGARDED**.

1

I.      **Relevant Procedural History**

Plaintiffs initiated this action by filing a complaint against Defendant on January 15, 2010. (Doc. 1). Plaintiffs allege violations of the Fair Housing Act (42 U.S.C. §§ 3604 and 3617), and the California Fair Employment and Housing Act (Cal. Gov. Code § 12955, *et seq.*), and the California Unruh Civil Rights Act (Cal. Civ. Code § 51 *et seq.*), and the California Business and Professions Code § 17200, *et seq.* (Doc. 1 at 9-10). In addition, Plaintiffs raise claims for unfair business practices under the California Business and Professions Code § 17200, *et seq.*, and wrongful eviction under the California Code of Civil Procedure §§1159 and 1160. *Id.* at 10. Given these allegations, Plaintiffs seek compensatory and punitive damages. *Id.* at 11.

Plaintiffs propounded their first set of interrogatories and first requests for production of documents on March 16, 2010, to which Defendant responded on April 22, 2010. (Doc. 50 at 1, 5). Following Defendant's deposition in September 2010, Plaintiffs propounded a request for supplementation on September 12, 2010, requesting that Defendant produce responsive documents identified during his deposition that had not yet been produced. *Id.* at 13. Plaintiffs asserted the production was insufficient because responsive documents had not been produced, and those produced were inadequate to calculate Defendant's net worth, as they are entitled to do given the claim for punitive damages. Therefore, Plaintiffs moved to compel discovery responses on December 17, 2010 (Doc. 45), which was granted in part and denied in part by the Court. (Doc. 57).

On March 25, 2011, the Government initiated a separate action against Defendant, alleging he violated the Fair Housing Act by engaging in a pattern or practice of sexually harassing female tenants and prospective tenants. (*See United States of Am. v. Sorenson*, Case. No. 1:11-cv-00511-OWW-JLT Doc. 1).[1] The Government filed a notice of the related case, and Plaintiffs moved to consolidate the cases. (Docs. 77-78). Plaintiffs' motion to consolidate was granted on April 29, 2012. (Doc. 89).

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of the Court is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of the Court's records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980). Therefore, judicial notice is taken of the complaint filed in *United States of Am. v. Sorenson,* Case No. 1:11-cv-00511-OWW-JLT.

The Court issued a scheduling order for the consolidated action on June 20, 2011. (Doc. 95). Pursuant to the order, the parties were "to complete all discovery, including experts, on or before March 2, 2012." *Id.* at 6. In addition, non-dispositive pre-trial motions were to be filed on or before March 16, 2012. *Id.* at 7. On March 2, 2012, Plaintiffs moved to amend the scheduling order for the sole purpose of conducting discovery regarding Defendant's financial net worth. (Docs. 108, 109). On March 12, 2012, the Court granted Plaintiffs' motion, and extended the discovery deadline to April 11, 2012, "**but only** as to inquiries into Defendant's statement related to his purported $16 million net worth and the disposition of that worth." (Doc. 114 at 3) (emphasis in original). The Court further ordered, "No other amendments to the scheduling order are authorized." (Doc. 114 at 4)

In compliance with the Court's scheduling order, Plaintiffs filed a motion to compel further responses to the first set of interrogatories propounded by Michelle Broussard and the second set of interrogatories propounded by Carrie Hawecker. (Doc. 118; Doc. 126 at 2). The Court granted Plaintiffs' motion in part, and ordered Defendant to serve an amended response to Plaintiff Hawecker's Special Interrogatories, Set One, Numbers 18, 19 and 21 within twenty-one days of service of the order, which was issued on April 16, 2012. (Doc. 129 at 4).

On May 4, 2012, Plaintiffs filed an ex parte application for an order shortening time to hear a motion to amend the scheduling order to enable filing of a motion to compel Defendant to respond to the second set of interrogatories propounded by Michelle Broussard. (Doc. 134). The Court granted the ex parte application on May 7, 2012. (Doc. 135). In doing so, the Court ordered, "The Court will first consider whether Plaintiffs have demonstrated good cause to amend the scheduling order to allow a non-dispositive motion to be considered out of time. Only if this showing is made, will the Court consider the discovery motion." (Doc. 135 at 2, n.1).

On May 10, 2012, Plaintiffs filed the motions to amend the scheduling order and to compel discovery responses. (Docs. 136-37).

## II.     Scheduling Orders

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." *Id.*

Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).

Further, scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (*quoting Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

Johnson, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). The party requesting modification of a scheduling order may be required to show:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

*Id.* at 608 (internal citations omitted).

### III.   Discussion and Analysis

Plaintiffs contend they have been diligent, because "[t]he discovery plaintiffs seek to compel was served in a timely manner." (Doc. 136-1 at 5). In addition, Plaintiffs contend the non-dispositive motion deadline had not passed when they filed the motion to amend the scheduling order on March 2, 2012, "to enable them to serve the additional financial discovery." *Id.* According to Plaintiffs,

Defendant was not required to respond to the discovery requests until after the non-dispositive motion deadline had expired, and "[a] motion to amend the scheduling order to allow for the filing of the motion to compel prior to the March 16th deadline would have been premature."[2] *Id.* (citing *Smith v. Frank*, 2007 WL 1847276, 2007 U.S. Dist. LEXIS 47116 (E.D. Wis. June 26, 2007). Therefore, they contend there is good cause to amend the scheduling order.

Notably, this action is in a different posture than the matter before the court in *Smith*. In *Smith*, "the defendants [requested] that they be given thirty days after decisions are issued on their pending motions to dismiss in which to file their motion for summary judgment." *Id.*, 2007 U.S. Dist. LEXIS 17116, at * 7. The court noted it had not ruled upon the defendants' motions to dismiss, which may dispose of the action. *Id.* Consequently, the motion to amend was premature and defendants did not demonstrate good cause to amend the scheduling order at that time. *Id.*

Here, in contrast, Plaintiffs requested an extension of the scheduling order for discovery related to Defendant's financial net worth prior to the expiration of the discovery period. However, Plaintiffs request to amend this deadline only and did not seek an extension of the non-dispositive motion filing deadline. Moreover, the Court's order permitting the additional discovery specifically states, "No other amendments to the scheduling order are authorized." (Doc. 114 at 4) Perhaps aware of the import of this order, Plaintiffs waited nearly a month after Defendant's failure to respond to the discovery to seek an amendment to the scheduling order to allow the filing of the motion to compel.[3] In light of the posture of this case, this does not demonstrate diligence in alerting the Court of a problem with a deadline. (Doc. 95 at 13 ["If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact . . ."])

On the other hand, Plaintiffs are correct that they "should have anticipated that Mr. Sorensen would fail to respond to discovery." (*See* Doc. 136-1 at 5). In fact, at the hearing, counsel admitted that he was aware that the deadline for nondispositive motions would pass before the discovery was

---

[2] Based upon this rationale, the Court need never set a nondispositive deadline because, generally, discovery has not yet begun when the scheduling order is issued.

[3] Though counsel reported that this time was spent sending letters to Mr. Sorenson and leaving telephone messages, even still, a month delay is excessive.

due but felt that seeking an extension of that deadline would be premature. However, seeking an extension of time before the deadline has expired is <u>exactly</u> what is required. The Court's Local Rule 144(d) reads,

> Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor.

Consistent with this, the scheduling order required,

> The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

(Doc. 95 at 13) Moreover, this Court has held that the failure to seek an extension as to any deadline in the scheduling order well <u>before</u> the date passes is a basis for denying the requested amendment. In *Hardy v. County of El Dorado*, 2008 U.S. Dist. LEXIS 75925, at *4 (E.D. Cal. Aug. 29, 2008), the Court rejected a motion to extend the discovery cut-off, filed three days before the discovery cut-off, for a lack of diligence. The Court held, "Indeed, requesting the Court to modify the Scheduling Order to extend the discovery cut-off date three days before the deadline does not constitute diligence."

The failure to request an extension to allow further nondispositive motions to be filed is more striking given that by the time the discovery extension was sought, Defendant's attorney already had filed a motion to withdraw as counsel of record which would be heard before the discovery responses would be due. (Doc. 117) Given this situation, when Plaintiffs requested an extension of the discovery deadline by thirty days (Doc. 109-1 at 1), they should have known that there was a good likelihood that they would find themselves in yet another discovery dispute.

In addition, when the Court granted permission—over Defendant's objection—to conduct very limited additional discovery beyond the discovery period, it was based upon counsel's assurance that this would not interfere with the continued progress of the case toward trial. Indeed, the failure to seek the amendment to the nondispositive motion filing deadline may have been based also upon an unconscious recognition that had Plaintiffs indicated that the additional discovery would lead to

further disputes and a series of motions, this would have weighed heavily against permitting the additional discovery.

The time for discovery has closed.  The parties must now turn their attention to trial preparation.  In any event, because they have not demonstrated good cause to modify the scheduling order once again, the request to do so is **DENIED**.

## IV.     Conclusion and Order

Because Plaintiffs have not demonstrated good cause to amend the scheduling order, the Court will not consider the motion to compel discovery responses.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiffs' motion to amend the scheduling order (Doc. 136) is **DENIED**.
2. Plaintiffs' motion to compel discovery responses (Doc. 137) is **DISREGARDED**.

IT IS SO ORDERED.

Dated:  **May 25, 2012**                                 **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE