**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

CARRIE HAWECKER, et al.,

Plaintiffs,

v.

RAWLAND LEON SORENSON,

Defendant.

UNITED STATES OF AMERICA,

Plaintiff,

v.

RAWLAND LEON SORENSON,

Defendant.

Case No.: 1:10-cv-00085 - AWI - JLT

ORDER GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTION FOR SANCTIONS

(Docs. 139, 140)

The Government seeks sanctions against Rawland Leon Sorenson ("Defendant") for failure to comply with the Court's discovery order. (Docs. 139-40). The Government requests Defendant be precluded from presenting any evidence or argument regarding his financial condition. *Id.* The Court heard argument regarding the motion on June 26, 2012. For the reasons set forth below, the Government's motion is **GRANTED IN PART AND DENIED IN PART**.

///

## I. Procedural History

Plaintiffs Carrie Hawecker and Michelle Broussard initiated this action by filing a complaint against Defendant on January 15, 2010. (Doc. 1). Plaintiffs allege violations of the Fair Housing Act (42 U.S.C. §§ 3604 and 3617), and the California Fair Employment and Housing Act (Cal. Gov. Code § 12955, *et seq.*), and the California Unruh Civil Rights Act (Cal. Civ. Code § 51 *et seq.*), and the California Business and Professions Code § 17200, *et seq.* (Doc. 1 at 9-10). In addition, Plaintiffs raise claims for unfair business practices under the California Business and Professions Code § 17200, *et seq.*, and wrongful eviction under the California Code of Civil Procedure §§1159 and 1160. *Id.* at 10. Given these allegations, Plaintiffs seek compensatory and punitive damages. *Id.* at 11.

On March 25, 2011, the Government initiated a separate action against Defendant, alleging he violated the Fair Housing Act by engaging in a pattern or practice of sexually harassing female tenants and prospective tenants. (*See United States of Am. v. Sorenson*, Case. No. 1:11-cv-00511-OWW-JLT Doc. 1).[1] The Government filed a notice of the related case, and Plaintiffs moved to consolidate the cases. (Docs. 77-78). Plaintiffs' motion to consolidate was granted on April 29, 2012. (Doc. 89).

The Court issued a scheduling order for the consolidated action on June 20, 2011. (Doc. 95). Pursuant to the order, the parties were "to complete all discovery, including experts, on or before March 2, 2012." *Id.* at 6. During the course of discovery, the Government propounded interrogatories and requests for production of documents related to Defendant's financial condition and net worth. (Doc. 127 at 2). In addition, the Government served a Request to Permit Entry on February 21, 2012, requesting entry upon March 2, 2012, to which Defendant objected.

In compliance with the deadlines set forth in the Court's scheduling order, the Government filed the motion to compel discovery on March 16, 2012. (Doc. 116). The Government's motion was granted in part and denied in part on April 17, 2012. (Doc. 131). The Government's request for

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of the Court is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of the Court's records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980). Therefore, judicial notice is taken of the complaint filed in *United States of Am. v. Sorenson*, Case No. 1:11-cv-00511-OWW-JLT.

inspection of and entry onto Defendant's property was denied. *Id.* at 12. However, Defendant was ordered to provide further responses to interrogatories and requests for production of documents related to his financial net worth. *Id.* at 12-13.

On May 24, 2012, the Government filed a motion seeking sanctions for Defendant's failure to comply with the Court's order (Doc. 139), which was amended on May 25, 2012. (Doc. 140). Plaintiffs Carrie Hawecker and Michelle Broussard filed a notice of joinder to the motion on May 25, 2012. (Doc. 143). Although Defendant did not file an opposition to the motion, he was represented at the hearing by counsel, who was appointed by the Court on June 5, 2012.

## II. Legal Standards

Pursuant to the Federal Rules of Civil Procedure, if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b). "Just orders" may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceedings in whole or in part;
>
> (vi) rending a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). The Ninth Circuit explained, "Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R. J. Reynolds Indus., Inc.*, 709 F.2d 857, 589 (9th Cir. 1983) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

**III. Discussion and Analysis**

The Government argues "Defendant has consistently failed to comply with his discovery obligations and this Court's orders, and [he] was expressly warned that sanctions could be imposed for his failure to comply with the same." (Doc. 139-1 at 5). According to the Government, Defendant's failure to comply with the Court's order to produce further discovery related to his net worth "frustrated the purposes of discovery and 'seriously impaired' the United States' ability to evaluate and litigate its claims for civil penalties and punitive damages." *Id.* at 7. The Government contends it was unable to test Defendant's claim that he had $16 million, but his net worth had fallen to $317,700. *Id.* Therefore, the Government requests Defendant be precluded "from presenting at trial any evidence of his financial condition or net worth, including any increases or decreases thereto." *Id.* at 5. This exclusion would include any evidence produced by Defendant in the course of discovery, including "the report and testimony of [Defendant's] retained expert, James Braun." *Id.* at 9.

Notably, sanctions prohibiting a party from introducing evidence "are typically reserved only for flagrant discovery abuses." *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co., Inc.*, 251 F.R.D. 534, 543 (D. Nev. 2008) (citing *Bank of N.Y. v. Meridien BIAO Bank Tanz. Ltd.*, 171 F.R.D. 135, 151-52 (S.D.N.Y. 1997)). The Supreme Court explained: "Rule 37(b)(2) contains two standards – one general and one specific – that limit a district court's discretion. First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982).

Here, the Government seeks to preclude *all* evidence from Defendant regarding his net worth because Defendant failed to comply with the Court's order. Although the Government has not received all documents it seeks related to Defendant's net worth, to prevent Defendant from presenting evidence *that has been* disclosed to the plaintiffs would be unduly harsh. This evidence of Defendant's net worth was produced during the course of discovery and the plaintiffs are aware of his claims regarding his former and current financial status. Notably, the discovery propounded by the Government which is at issue here, sought documentation of Defendant's assets, expenses and expenditures for a limited period of time, beginning January 1, 2010. (*See* Doc. 131 at 7-10)

Nevertheless, Defendant failed to comply with the Court's order to produce documents such as those relating to his expenses and losses allegedly suffered, and sanctions under Rule 37(b)(2) are appropriate. Therefore, at trial, Defendant may rely only upon the evidence presented in discovery thus far, and shall be precluded from presenting any additional evidence, whether through documents, testimony or otherwise, that relates to or explains his net worth.

## IV. Conclusion and Order

As discussed above, Defendant failed to comply with the Court's discovery order dated April 17, 2012. (Doc. 12). Therefore, the Court is acting within its discretion to impose sanctions pursuant to Rule 37(b)(2), to prohibit Defendant from presenting undisclosed evidence related to his net worth at trial. *See Wyle*, 709 F.2d at 589; *Nat'l Hockey League*, 427 U.S. at 643.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. The Government's motion for sanctions is **GRANTED IN PART and DENIED IN PART**;
   a. The motion is **GRANTED** to the extent that Defendant may rely only upon the evidence presented in discovery thus far, and **SHALL BE PRECLUDED** from presenting any additional evidence, whether through documents, testimony or otherwise, that relates to or explains his net worth;
   b. In any other respect, the motion for sanctions is **DENIED**.

IT IS SO ORDERED.

Dated: **June 27, 2012**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE