1  STEVEN H. ROSENBAUM
   R. TAMAR HAGLER (SBN 189441)
2  COLLEEN M. MELODY
   PAMELA O. BARRON
3  United States Department of Justice
   950 Pennsylvania Avenue NW
4  Washington, DC  20530
   (202) 305-0616
5  BENJAMIN B. WAGNER
6  ALYSON A. BERG
   United States Attorney's Office, Eastern District of California
7  2500 Tulare Street, Suite 4401
   Fresno, CA  93721
8  (559) 497-4000
9  Attorneys for Plaintiff United States of America

10
                    UNITED STATES DISTRICT COURT
11                  EASTERN DISTRICT OF CALIFORNIA
                           FRESNO DIVISION
12

13  CARRIE HAWECKER and MICHELLE      )
    BROUSSARD, individually and on behalf of a )
14  class of similarly situated persons;       )
                                               )
15          Plaintiffs,                        )    Case No. 1:10-cv-00085-JLT
                                               )
16       vs.                                   )
                                               )
17  RAWLAND LEON SORENSEN,            )
                                               )
18          Defendant.                         )
                                               )
19  _____)
                                       
20  UNITED STATES OF AMERICA,         )
                                               )
21          Plaintiff,                         )    Case No. 1:11-cv-00511-JLT
                                               )
22       vs.                                   )
                                               )
23  RAWLAND LEON SORENSEN,            )
                                               )
24          Defendant.                         )
                                               )
25  _____)

26

27

28

                            1                           Consent Decree

**CONSENT DECREE**

## I.  INTRODUCTION

1.      This action was filed on January 15, 2010, by Carrie Hawecker and Michelle Broussard ("Private Plaintiffs") against Defendant Rawland Leon Sorensen ("the Defendant") alleging violations of the Fair Housing Act, as amended, 42 U.S.C. §§ 3601–3631, as well as violations of California state law.

2.      On March 25, 2011, a separate action was filed by the United States to enforce the Fair Housing Act.  The United States alleges that the Defendant has engaged in a pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, and denial to a group of persons of the rights granted by the Fair Housing Act which denial raises an issue of general public importance.

3.      Specifically, the United States and the Private Plaintiffs allege that, at least from 2002 through the present, the Defendant on multiple occasions subjected actual and prospective female tenants of his rental properties to discrimination on the basis of sex, including severe, pervasive, and unwelcome sexual harassment.  Such conduct has included, but is not limited to:

   a.   Making unwelcome sexual advances and unwelcome sexual comments to female tenants and prospective tenants;

   b.   Exposing his genitals to female tenants and prospective tenants;

   c.   Entering the residences of female tenants without permission or notice;

   d.   Groping or otherwise touching female tenants on their breasts and buttocks without their consent;

Consent Decree

e.   Granting or offering to grant tangible housing benefits—such as reducing the rent, overlooking or excusing late or unpaid rent, purchasing new appliances for the rentals, and forestalling or terminating eviction proceedings—in exchange for sexual favors; and

f.   Taking adverse housing actions against female tenants who have not granted or who would not continue to grant the requested sexual favors, including evicting or initiating eviction proceedings against such tenants in retaliation against them.

4.   By the actions and statements described above, the United States and the Private Plaintiffs allege that the Defendant has:

a.   Denied housing or otherwise made a dwelling unavailable because of sex in violation of 42 U.S.C. § 3604(a);

b.   Discriminated in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b);

c.   Made statements with respect to the rental of a dwelling that indicate a preference, limitation, or discrimination based on sex, in violation of 42 U.S.C. § 3604(c); and

d.   Coerced, intimidated, threatened, or interfered with a person in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights granted or protected by Section 804 of the Fair Housing Act, in violation of 42 U.S.C. § 3617.

5.   The United States further alleges that the conduct of the Defendant constitutes:

a.   A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act under 42 U.S.C. § 3614(a); and

Consent Decree

  b. A denial to a group of persons of the rights granted by the Fair Housing Act, which

   denial raises an issue of general public importance under 42 U.S.C. § 3614(a).

6. The United States and the Private Plaintiffs allege that female tenants, prospective

tenants, and persons associated with them have been injured by the Defendant's

discriminatory conduct.  Such persons are aggrieved persons as defined in 42 U.S.C.

§ 3602(i) and have suffered damages as a result of the Defendant's conduct.

7. The United States and the Private Plaintiffs allege that the Defendant's conduct was

intentional, willful, and/or taken in reckless disregard for the rights of others.

8. On April 22, 2011, the Court consolidated the actions by the United States and the

Private Plaintiffs.

9. By their signatures below, the parties hereby consent to the entry of this Consent Decree

and the attached Judgment.

  **ACCORDINGLY, it is hereby ADJUDGED, ORDERED and DECREED:**

     **II. GENERAL INJUNCTION**

10. The Defendant, his agents, employees, successors and assigns, and all other persons in

active concert or participation with them, are enjoined, with respect to the rental of

dwellings, from:

  a. Refusing to rent a dwelling unit, refusing or failing to provide or offer information

   about a dwelling unit, or otherwise making unavailable or denying a dwelling unit to

   any person because of sex;

  b. Discriminating against any person in the terms, conditions or privileges of renting a

   dwelling unit, or in the provision of services or facilities in connection therewith,

   because of sex;

c.   Making, printing, publishing, or causing to be made any notice, statement or advertisement with respect to the rental of a dwelling unit that states any preference, limitation or discrimination based on sex; or

d.   Coercing, intimidating, threatening or interfering with any person in the exercise or enjoyment of, or on account of having exercised or enjoyed, or on account of having aided and encouraged any other person in the exercise or enjoyment of, any right granted by the Fair Housing Act.

### III. INDEPENDENT MANAGER(S)

11.   The Defendant may retain ownership of the rental properties located at 3209 Oregon Street, 3226 Oregon Street (aka 1401 Vale Street), and 8905 Viola Street, all in Bakersfield, California (the "Subject Properties").  The Defendant has represented that at least one of the Subject Properties will continue to be operated as a residential rental property and that, after conveying his interest in the properties identified in paragraph 36 and Appendix A, he will have no remaining financial or other interest in any other residential rental property.

12.   The Defendant shall retain or otherwise enter into an agreement with an individual or individuals, approved in advance by the United States (hereinafter "Independent Manager(s)"), to manage all aspects of the rental and management of the Subject Properties.  The Defendant must, within fifteen (15) days after the entry of this Consent Decree, identify a proposed Independent Manager(s) who is unrelated to him and who does not now work for him, and has not in the past worked for him, as a contractor or in any other capacity.  The United States will have fifteen (15) days following the Defendant's identification of a proposed Independent Manager(s) to notify the Defendant

whether the Independent Manager(s) has been approved.  If the United States does not approve the proposed Independent Manager(s), the Defendant will have fifteen (15) days from such notification to identify an alternate Independent Manager(s).  This process will continue until an Independent Manager(s) is approved by the United States and, immediately thereafter, formally retained by the Defendant.

13. If after retaining the Independent Manager(s) the Defendant wishes to change Independent Manager(s), the Defendant may do so, provided that any such subsequent Independent Manager(s) must also be approved in advance by the United States and comply with the requirements in this Consent Decree.

14. The Independent Manager(s) shall maintain a place of business other than the Defendant's personal residence.  No tenant shall be requested or required to go to the Defendant's personal residence to transact business related to his or her tenancy.

15. Only the Independent Manager(s) shall be responsible for showing and renting units, supervising repairs, determining whom to rent to and/or evict, overseeing all aspects of the rental process, and engaging in any other management activities.  The Defendant may consult with the Independent Manager(s) to set general policies related to rent payments, evictions, and other matters, but may not be involved in individualized decisions specific to any particular tenant.

16. Within ninety (90) days of the entry of this Consent Decree, the Defendant, the Independent Manager(s), and any person involved in showing, renting or managing any dwelling unit, shall undergo in-person training on the Fair Housing Act, with specific emphasis on discrimination on the basis of sex.  The training shall be conducted by an independent, qualified third party, approved in advance by the United States, and any

expenses associated with this training shall be borne by the Defendant.  The Defendant shall obtain from the trainer certifications of attendance, executed by each individual who received training, confirming their attendance.  This confirmation shall include the name of the course, the name of the instructor, the date the course was taken, and the length of the course and/or time within which the course was completed.  At a minimum, the training required shall consist of instruction on the requirements of all applicable federal and state housing discrimination laws, with an emphasis on sexual harassment, and a question and answer session for the purpose of reviewing the foregoing areas.

17.   The Independent Manager(s) shall be responsible for:

    a.   Distributing the pamphlet entitled "Are You a Victim of Housing Discrimination?" (Department of Housing and Urban Development (HUD) Form 903.1) to all applicants and tenants at the Subject Properties;

    b.   Whenever any of the Subject Properties is available to rent, posting a prominent, easily readable "For Rent" or "Vacancy" sign or notice at each such property; the sign shall include the slogan "Equal Housing Opportunity" and/or the fair housing logo;

    c.   Posting and prominently displaying an 8.5-by-11-inch HUD fair housing poster (HUD Form 928.1) in a conspicuous location in or near the rental office or other location used as a rental office for the Subject Properties;

    d.   Requiring that all advertising conducted in newspapers, telephone directories, radio, television or other media, and all billboards, signs, pamphlets, brochures and other promotional literature, be in compliance with HUD advertising guidelines, available on the HUD website, www.hud.gov/offices/fheo/library/part109.pdf.

Consent Decree

e.   Ensuring that any and all employees who will be performing any duties in relation to the Subject Properties are familiar with the requirements of the Fair Housing Act, particularly as they pertain to sex discrimination and sexual harassment;

f.   Notifying the United States in the event the Independent Manager(s) obtains any information indicating that the Defendant is in violation of this Consent Decree or the Fair Housing Act, including by entering the premises of any of the Subject Properties without first complying with the requirements of paragraph 19, below;

g.   Providing to the United States notification and documentation[1] of the following events, no later than fifteen (15) days after occurrence:

    i.   Any change in the Defendant's rules or practices regarding the Nondiscrimination Policy discussed in section IV, below, or the nondiscriminatory standards and procedures discussed in section V; and

    ii.   Any written or oral complaint against the Defendant, or the Defendant's agents or employees, regarding discrimination in housing.  If the complaint is written, the Independent Manager(s) shall provide a copy of it with the notification.  The notification shall include the full details of the complaint, including the complainant's name, address, and telephone number.  The Defendant shall promptly provide the United States all information it may request concerning any such complaint and shall inform the United States within fifteen (15) days of the substance of any resolution of such complaint; and

---

[1]    All documents or other communications required by this Consent Decree to be sent to the United States shall be sent by commercial (non-USPS) overnight delivery service addressed as follows:  Chief, Housing and Civil Enforcement Section, Civil Rights Division, United States Department of Justice, 1800 G Street, N.W., Suite 7002, Washington, D.C. 20006, Attn: DJ 175-11E-183, or as otherwise directed by the United States.  Facsimile transmissions shall be sent to (202) 514-1116.

h.  Providing any information reasonably related to compliance with this Consent Decree that is requested by the United States.

18.  Within ninety (90) days of the date of entry of this Consent Decree, and every six (6) months thereafter for the duration of this Consent Decree, the Independent Manager(s) shall deliver to the United States a report containing information about the Defendant's compliance efforts during the preceding reporting period, including but not limited to:

a.  A list of the Subject Properties, including the street address, the number of rental units at each property, and a description of the interest in the property;

b.  A list of all tenants at the Subject Properties and their telephone numbers;

c.  Notification and documentation of the adoption and implementation of the Nondiscrimination Policy referred to in section IV, below, including copies of all Employee Acknowledgement forms;

d.  Notification and documentation of the adoption and implementation of the nondiscriminatory standards and procedures discussed in section V, below;

e.  Copies of standard rental applications and leases, pursuant to paragraphs 21–22 of this Consent Decree;

f.  Copies of all fair housing training certifications, pursuant to paragraph 16 of this Consent Decree;

g.  Copies of all rental applications, leases, and other information, recorded by any means, related to any inquiries regarding the availability of the Subject Properties, maintained pursuant to section V of this Consent Decree;

h.  Notification of any purchase, inheritance, acquisition, sale, transfer, disposition, or other change in the Defendant's ownership or management interest in any of the

Subject Properties, including the identity of the purchaser(s) to whom the interest is being transferred.

The final report due under this paragraph shall be delivered to the United States sixty (60) days prior to the expiration of this Consent Decree.

19.   The Defendant shall not enter the premises of any of the occupied Subject Properties except upon prior approval by the United States for an inspection with the Independent Manager(s).  The Independent Manager(s) must accompany the Defendant to any such inspection and remain physically present on the premises at all times that the Defendant is on the premises of one of the Subject Properties.

## IV. NONDISCRIMINATION POLICY

20.   The Defendant must implement, through the Independent Manager(s), the written Nondiscrimination Policy set forth in Appendix B.  Within fifteen (15) days of being retained pursuant to paragraphs 12–13 of this Consent Decree, the Independent Manager(s) must implement the Nondiscrimination Policy and distribute it to all employees and agents who have responsibility for showing, renting, or managing any and all of the Subject Properties.  The Independent Manager(s) shall secure a signed statement from each such agent or employee acknowledging that he or she has received and read the Consent Decree and the Nondiscrimination Policy, has had the opportunity to have questions about the Consent Decree and Nondiscrimination Policy answered, and agrees to abide by the relevant provisions of the Consent Decree and the Nondiscrimination Policy.  This statement shall be in the form of Appendix C.

## V. NONDISCRIMINATORY STANDARDS AND PROCEDURES FOR SHOWING AVAILABLE DWELLING UNITS TO PROSPECTIVE TENANTS

21.   Within thirty (30) days of the United States' approval of the Independent Manager(s), the Independent Manager(s) shall develop and implement, with respect to the Subject Properties, objective, uniform, non-discriminatory standards and procedures for informing persons about and showing available dwelling units to prospective tenants, to include a standard rental application, waiting list, and lease.  Such standards and procedures shall be submitted to the United States for approval in advance of their implementation.  The standards and procedures shall be posted and prominently displayed in any office where the Independent Manager(s) conducts rental activity and/or has personal contact with applicants, and a copy of these standards and procedures shall be made available upon request to any applicant for the rental of one of the Subject Properties.  These standards and procedures may be modified only if written notice is given to the United States thirty (30) days before the proposed modifications are to take effect and the United States makes no objection thereto prior to the proposed effective date.

22.   The nondiscriminatory standards and procedures discussed in paragraph 21, above, shall include the use of the following documents, which the Independent Manager(s) shall update as new information becomes available, and retain for the duration of the Consent Decree:

a.   Rental Applications: Independent Manager(s) and/or their agents/employees shall provide and process rental applications on a non-discriminatory basis and shall maintain all rental applications, whether deemed complete or incomplete, as well as any correspondence about the availability of dwelling units.  The standard rental

11                                   Consent Decree

application must include the following phrase in boldface type, using letters of equal or greater size to those of the text in the body of the document:

**We are an equal housing opportunity provider. We do not discriminate on the basis of race, color, sex, national origin, religion, disability or familial status (having children under age 18).**

b.  Waiting Lists: Independent Manager(s) and/or their agents/employees shall maintain waiting lists in a non-discriminatory manner and develop uniform standards for selecting individuals from the list.

c.  Leases: Independent Manager(s) and/or their agents/employees shall enter into written leases with tenants in a non-discriminatory manner and develop uniform standards for executing and maintaining the leases.

## VI.  COMPLIANCE TESTING

23.  The United States may take steps to monitor the Defendant's compliance with this Consent Decree including, but not limited to, conducting fair housing tests at any location(s) in which the Defendant's employees or agents conduct rental activities.

## VII.  ACQUISITION OR TRANSFER OF INTEREST IN SUBJECT PROPERTIES

24.  If, at any time while this Consent Decree remains in effect, the Defendant decides to sell or otherwise transfer the entirety of his interest in any of the Subject Properties to an unrelated party in an arms-length transaction,[2] the Defendant shall take the following steps:

---

[2]     For purposes of this Consent Decree, "arms-length transaction" is defined as a transaction that has been arrived at in the marketplace between independent, non-affiliated persons, unrelated by blood or marriage, with opposing economic interests regarding that transaction.

a. At least thirty (30) days prior to completion of the sale or transfer, provide each prospective purchaser or other transferee a copy of this Consent Decree along with written notice that the property remains subject to section II of the Decree;

b. At least thirty (30) days prior to completion of the sale or transfer, provide the United States written notice of the Defendant's intent to sell or otherwise transfer interest in the property, along with a copy of the notice sent to each prospective purchaser or transferee, containing the latter's name, address, and telephone number;

c. Within thirty (30) days following completion of the sale or other transfer, the Defendant shall provide the United States a copy of the documents memorializing the transfer in interest of the property.

25. If the Defendant complies with paragraph 24(a)–(c), and transfers all ownership, management, or other financial interest in each of the Subject Properties to an arms-length purchaser or other transferee, and if the Defendant has no ownership, management, or other financial interest in any other residential rental property, then the Defendant shall thereafter be relieved of obligations under sections III through V of this Consent Decree with regard to the Subject Properties.  Transfer of interest in the Subject Properties does not relieve the Defendant of obligations under sections II, VIII, IX, X, and XI of this Consent Decree.

26. If the proposed transfer of interest is not an arms-length transaction, the Defendant must comply with the requirements of paragraph 24(a)–(c).  In addition, the Defendant shall remain jointly and severally liable, along with the purchaser or other transferee, for any violations of sections II–V and XII–XIV of this Consent Decree for its duration.  The

Defendant shall remain liable for his obligations under sections II, VIII, IX, X, and XI of this Consent Decree.

27. If at any time while this Consent Decree remains in effect, the Defendant intends to acquire an ownership, management, or other financial interest in any other residential rental property, either in whole or in part, the Defendant shall notify the United States in writing at least thirty (30) days before completion of the transaction, providing the name and address of the property and the identity of the manager(s) of the property.  Upon acquisition of any such property, that property shall be deemed one of the Subject Properties under the terms of this Consent Decree for its duration.  In addition, within thirty (30) days following completion of the purchase, the Defendant shall provide the United States: (a) a statement specifying the nature of the Defendant's interest in the property and a copy of the documents memorializing the acquisition of that interest; (b) the number of individual dwelling units at the property; (c) the names of any existing tenants; and (d) the sex of each such tenant, based on the good faith observation of the Independent Manager(s).

**VIII. COMPENSATION OF AGGRIEVED PERSONS AND CIVIL PENALTY**

28. The Defendant agrees that entry of this Consent Decree constitutes the entry of a civil judgment against him in the total amount of TWO MILLION, ONE HUNDRED THIRTY THOUSAND DOLLARS ($2,130,000) ("Judgment").

29. Of the two million, one hundred thirty thousand dollar ($2,130,000) Judgment, two million, seventy five thousand dollars ($2,075,000) is monetary damages to compensate persons aggrieved by the Defendant's conduct and to pay the fees and costs incurred by counsel for the Private Plaintiffs.

30. The two million, seventy-five thousand dollars ($2,075,000) in damages referenced in paragraph 29 is a debt for willful and malicious injury by the Defendant of the aggrieved persons.  The Defendant agrees that the two million, seventy-five thousand dollars ($2,075,000) in damages referenced in paragraph 29 is not dischargeable in bankruptcy. Defendant shall not seek to discharge any part of this debt in bankruptcy.

31. Of the two million, one hundred thirty thousand dollar ($2,130,000) Judgment, fifty-five thousand dollars ($55,000) is a civil penalty payable to the United States pursuant to 42 U.S.C. § 3614(d)(1)(C) to vindicate the public interest.

32. The payment required under paragraph 31 above constitutes a debt for a fine, penalty, or forfeiture payable to and for the benefit of the United States within the meaning of 11 U.S.C. § 523(a)(7) and is not compensation for actual pecuniary loss.  The Defendant agrees that the fifty-five thousand dollars ($55,000) in civil penalty referenced in paragraph 31 is not dischargeable in bankruptcy.  Defendant shall not seek to discharge any part of this debt in bankruptcy.

33. Of the two million, one hundred thirty thousand dollar ($2,130,000) Judgment:

   a. Eight hundred sixty-five thousand dollars ($865,000) shall be satisfied by the conveyance of thirty (30) residential properties to the plaintiffs, as outlined in paragraph 36 below.  The properties to be conveyed are identified in Appendix A to this Consent Decree.

   b. One million, two hundred sixty-five thousand dollars ($1,265,000) is to be suspended, subject to the provisions in paragraphs 43–47 below.

## IX. TRANSFER OF PROPERTIES TO TRUST

Consent Decree

34.   In order to effectuate the Judgment, the United States will establish a trust or similar legal entity ("Trust") for the purpose of compensating the Private Plaintiffs and aggrieved individuals identified by the United States, paying the civil penalty to the United States, and paying costs and attorneys fees to counsel for the Private Plaintiffs.

35.   The Trust will be administered by a trustee or trustees ("Trustee") to be selected by the United States.  The Trustee will be an individual or entity knowledgeable in California's trust laws and experienced in trust administration, including the management and liquidation of residential real property.  The Trustee will meet all applicable legal requirements for serving as a trustee in connection with the settlement of these cases.  In carrying out its responsibilities, including those relating to the distribution of Trust assets, the Trustee will take its direction from the United States.  The terms of the Trust, including but not limited to its duration, the Trustee's powers, compensation for the Trustee and removal of the Trustee, will be set forth in a trust instrument to be prepared by or on behalf of the United States, in compliance with the California Probate Code.

36.   The Defendant shall transfer his entire interest in each of the dwellings listed in Appendix A to the Trust or Trustee.  That transfer shall proceed as follows:

a.   The United States or its agent shall deliver quitclaim or grant deeds ("Deeds") for execution to the Defendant.  The Deeds will effect a transfer of the Defendant's entire interest in the properties listed at Appendix A ("Transferred Properties").

b.   Within five (5) days of delivery to the Defendant of each of the Deeds, the Defendant shall execute each of those Deeds before a notary public and cause the fully executed deeds to be delivered to the United States or its designated agent.

Consent Decree

c.  At the time of transfer, the Transferred Properties will be encumbered only by the mortgages and taxes Defendant identified in the Financial Disclosure Statement dated August 28, 2012, discussed in paragraph 43, upon which the United States and the Private Plaintiffs have relied.  The Defendant represents that any and all liens, mortgages, securities, or other encumbrances secured by any of the Transferred Properties have been identified in the Financial Disclosure Statement and that copies of any such liens, mortgages, securities, or other encumbrances on the Transferred Properties have been produced with the Financial Disclosure Statement.

d.  Concurrent with the delivery of the executed Deeds, the Defendant shall provide copies of any required notices to any person or entity regarding the transfer of the Transferred Properties, including but not limited to any tax authorities, local government entities, or lien or mortgage holders.  The Defendant further agrees to cooperate in the execution of any documents required to effect the assumption of any mortgage obligations secured by any of the Transferred Properties by the Trust or Trustee.

e.  The Defendant further agrees to undertake, participate, and cooperate in performing or completing the acts described in this paragraph and any other act required to effect a complete transfer of the Defendant's entire interest in each of the Transferred Properties to the Trust or Trustee.

f.  In the event that the Defendant fails or refuses to cooperate in any reasonable action to accomplish the transfer of the Transferred Properties, he hereby stipulates that his attorney may serve as his agent for all purposes associated with the transfer

17                                                          Consent Decree

provisions of this paragraph.  The Defendant shall execute a Limited Power of Attorney, attached as Appendix D, in order to effect the terms of this provision.

37.  The Defendant agrees not to sell, transfer, encumber, reduce the value of, or otherwise dissipate his assets, including the Transferred Properties identified in Appendix A, between the date he signs this Consent Decree and the conveyance of his properties as outlined above.

38.  The Trust or Trustee will receive, maintain, manage, sell, and/or otherwise appropriately dispose of the residential properties being conveyed by the Defendant pursuant to paragraph 36, and such other properties or assets as may be identified and conveyed to the Trust or Trustee, pursuant to paragraph 45.

39.  The Defendant, to the extent necessary as determined by the United States, will provide such full and timely cooperation to the United States and the Trustee, including but not limited to information, documents, assistance, signatures, transfer of title, and power of appointment, as is required to complete the establishment and operation of the Trust.

40.  The Trustee will be compensated and reimbursed out of the Trust assets for reasonable administration expenses associated with administering the Trust, managing its assets, and hiring necessary third parties to assist in administering and managing the Trust and its assets.  The terms of Trustee compensation and reimbursement will be set forth in the trust instrument.

41.  Trust assets shall be distributed among the Private Plaintiffs, the aggrieved persons identified by the United States in Appendix E, the law firm of Brancart & Brancart (for payment of  Private Plaintiffs' attorneys' fees, costs, and expenses), and the United States (for payment of the civil penalty identified in paragraph 31).  The Trust instrument will

set forth the apportionment of the assets as between (1) the Private Plaintiffs, for purposes of compensating the Private Plaintiffs and paying costs and attorneys' fees incurred by counsel for the Private Plaintiffs, and (2) the United States, for purposes of compensating aggrieved persons identified by the United States and paying the civil penalty referenced in paragraph 31. All distributions to the Private Plaintiffs will be made to the attorney-client trust account of Brancart & Brancart. Upon distribution, the United States will specify the amounts distributed through a separate notice ("Disbursement Notice") publicly filed with the Court. The Disbursement Notice will set forth the amounts to be received by each individual or entity identified above. The Defendant shall not have any right to object to the terms of the Trust instrument or to the disbursements or the disbursement amounts identified in the Disbursement Notice.

42.   No aggrieved person shall receive a disbursement of trust assets until she has executed and delivered to counsel for the United States the release at Appendix F. The Private Plaintiffs and the Defendant will execute mutual releases in the form of Appendix G.

## X. SUSPENDED JUDGMENT

43.   The Defendant has provided a financial disclosure statement and authorizations to release information to the United States and the Private Plaintiffs in the forms of Appendix H and has provided the documents and attachments required by that form ("Financial Disclosure Statement"). The United States and the Private Plaintiffs have relied on the accuracy and completeness of the Financial Disclosure Statement in entering into this Consent Decree, particularly with respect to paragraphs 28–29, 34, and 43–47. The Defendant warrants that the Financial Disclosure Statement is thorough, accurate, and complete. The Defendant further warrants that he does not own or have an interest in any

asset(s) that has not been disclosed in the Financial Disclosure Statement, and that he has made no misrepresentations on, or in connection with, the Financial Disclosure Statement.

44.   In light of the Defendant's representations in connection with the Financial Disclosure Statement, one million, two hundred sixty-five thousand dollars ($1,265,000) of the Judgment imposed by paragraph 28 will be suspended ("Suspended Judgment").  Neither the United States nor the Private Plaintiffs will seek to enforce the Suspended Judgment against assets identified in the Financial Disclosure Statement dated August 28, 2012. Any assets owned by the Defendant, whether in whole or in part, which are not disclosed or the value or status of which is misrepresented on the Financial Disclosure Statement are not covered by this paragraph and will be available to satisfy the Suspended Judgment.

45.   Any plaintiff may act to collect all or part of the amount of the Suspended Judgment, including by conducting discovery designed to identify and locate assets not identified on the Financial Disclosure Statement.  The Defendant shall not oppose any such efforts. Upon discovery of an asset owned by the Defendant or in which the Defendant has an interest that was not disclosed in the Financial Disclosure Statement, or a misrepresentation by the Defendant on the Financial Disclosure Statement, any plaintiff may apply to the Court for an order to enforce the Judgment in paragraph 28, including an order transferring possession of the asset(s) to the Trust or Trustee for the purpose of satisfying all or part of the Suspended Judgment.  The Defendant agrees not to contest plaintiffs' right to such asset(s).

Consent Decree

46. Any asset(s) conveyed to the Trust or Trustee pursuant to paragraph 45 will be disbursed according to the trust instrument and Disbursement Notice(s), as set forth in paragraph 41 of this Consent Decree.

47. In no event will the value of assets conveyed to the Trust or Trustee pursuant to paragraph 45, not including any interest earned while held by the Trust or Trustee, exceed the amount of the Suspended Judgment.

## XI. VACATION OF EVICTION JUDGMENTS

48. Within seven (7) days of a request by the United States, the Defendant will execute and cooperate fully in the completion and filing of any and all necessary documents to vacate eviction and related judgments and/or strike unlawful detainer complaints filed or entered against the Private Plaintiffs and all aggrieved persons identified by the United States, including but not limited to the case numbers identified in Appendix I.  The Defendant shall execute and cooperate fully in the filing of any and all motions, affidavits, notices of non-opposition, notices of joinder, or other filings that may be required.  The cooperation required by this paragraph includes any necessary court appearance(s) in Kern County Superior Court.  The cooperation required by this paragraph also includes the execution of any and all documents required to remove information regarding an eviction judgment obtained by the Defendant from any credit reporting agency.

## XII. SCOPE AND DURATION OF CONSENT DECREE

49. The provisions of this Consent Decree shall apply to all of the Defendant's agents, employees, heirs, successors and assigns, and all persons acting in active concert or participation with him.

50.   This Consent Decree shall remain in effect for five (5) years after the date of its entry. By consenting to entry of this Consent Decree, the United States and the Defendant further agree that in the event the Defendant engages in any future violation(s) of the Fair Housing Act, such violation(s) shall constitute a "subsequent violation" pursuant to 42 U.S.C. § 3614(d)(1)(C)(ii).

51.   The Court shall retain jurisdiction for the duration of this Consent Decree to enforce its terms, after which time the case shall be dismissed with prejudice. The United States and the Private Plaintiffs may move the Court to extend the duration of the Consent Decree in the interests of justice.

## XIII. TIME FOR PERFORMANCE

52.   Any time limits for performance imposed by this Consent Decree may be extended by mutual written agreement of the parties. The other provisions of this Consent Decree may be modified by written agreement of the parties or by motion to the Court. If the modification is by written agreement of the parties, then such modification will be effective upon filing of the written agreement with the Court and shall remain in effect for the duration of the Consent Decree or until such time as the Court indicates through written order that it has not approved the modification.

## XIV. MISCELLANEOUS

53.   The parties shall act in good faith to comply with all requirements imposed by this Consent Decree. The parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Decree prior to bringing such matters to the Court for resolution. However, in the event the United States or the Private Plaintiffs contend that there has been a failure by the Defendant,

whether willful or otherwise, to perform in a timely manner any act required by this Consent Decree or otherwise to act in conformance with any provision thereof, the United States and/or the Private Plaintiffs may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and reasonable attorneys' fees which may have been occasioned by the violation or failure to perform.

54.   During the period in which this Consent Decree is in effect, the Defendant shall preserve all records that are the source of, contain, or relate to any of the information pertinent to his obligations under this Consent Decree, including, but not limited to availability lists, waiting lists, rental applications, leases, rental roll ledgers, and occupancy lists.  Upon reasonable notice to counsel for the Defendant, representatives of the United States shall be permitted to inspect and copy all such records at any and all reasonable times or, upon request by the United States, the Defendant shall provide copies of such documents.

55.   The parties agree that, as of the date of the entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described above.  To the extent that either party previously implemented a litigation hold to preserve documents, electronically stored information (ESI), or things related to the matters described above, the party is no longer required to maintain such litigation hold.  Nothing in this paragraph relieves either party of any other obligations imposed by this Consent Decree.

56.   The United States and the Defendant will bear their own costs and attorneys' fees associated with this litigation.

Consent Decree

**IT IS SO ORDERED** this ___13th___ day of ___September___, 2012.

/s/ Jennifer L. Thurston
HON. JENNIFER L. THURSTON
United States Magistrate Judge

Consent Decree

1   By their signatures below, the parties consent to the entry of this Consent Decree:

2

3   Dated: Sept. 11, 2012                    Respectfully submitted,

4

5   **For Plaintiffs Carrie Hawecker and Michelle Broussard:**

6

7                                            _____
                                             CHRISTOPHER BRANCART
8                                            SBN 128475
                                             Brancart & Brancart
9                                            Post Office Box 686
                                             Pescadero, CA 94060
10                                           Phone: (650) 879-0141
                                             Fax: (650) 879-1103
11                                           E-mail: cbrancart@brancart.com

12

13  **For Plaintiff United States of America:**

14

15

16  BENJAMIN B. WAGNER                       STEVEN H. ROSENBAUM
    United States Attorney                   Chief
17  Eastern District of California

18

19  _____         _____
    ALYSON A. BERG                           R. TAMAR HAGLER
20  Assistant United States Attorney         SBN 189441
    2500 Tulare Street, Suite 4401           Deputy Chief
21  Fresno, CA  93721                        COLLEEN M. MELODY
    Phone: (559) 497-4000                    PAMELA O. BARRON
22  Fax: (559) 497-4099                      Trial Attorneys
23  Email: Alyson.Berg@usdoj.gov             Housing and Civil Enforcement Section
                                             Civil Rights Division
24                                           United States Department of Justice
                                             950 Pennsylvania Avenue NW
25                                           Northwest Building, 7th Floor
                                             Washington, DC  20530
26                                           Phone: (202) 305-0616
27                                           Fax: (202) 514-1116
                                             E-mail: Colleen.Melody@usdoj.gov
28

                                    25                          Consent Decree

**For Defendant Rawland Leon Sorensen:**

09-07-2012

M. GREG MULLANAX
SBN 155138
2140 N. Winery Avenue, Suite 101
Fresno, CA 93703
Phone: (559) 420-1222
Fax: (559) 354-0997
E-mail: greg@lawmgm.com

RAWLAND LEON SORENSEN

Consent Decree

## Appendix A

1.      1221 Antonia Way, Bakersfield
2.      2413 Bernice Court, Bakersfield
3.      1920 Bradley Avenue, Bakersfield
4.      5117 Brockton Court, Bakersfield
5.      5013 Centaur Street, Bakersfield
6.      5800 Don Street, Bakersfield
7.      5804 Don Street, Bakersfield
8.      1808 Doolittle Avenue, Bakersfield
9.      120 Dunlap Street, Bakersfield
10.     5521 Dustin Street, Bakersfield
11.     2908 Estero Street, Bakersfield
12.     3817 Evelyn Drive, Bakersfield
13.     3909 Evelyn Drive, Bakersfield
14.     2726 Gary Place, Bakersfield
15.     4204 Gordon Street, Bakersfield
16.     4608 Hahn Avenue, Bakersfield
17.     701, 703A, 703B Hill Street, Bakersfield
18.     106 Jefferson Street, Bakersfield
19.     308 and 310 Jones Street, Bakersfield
20.     2726 Karen Place, Bakersfield
21.     1800 Mallard Court, Bakersfield
22.     2309 Manor Street, Bakersfield
23.     2608 Miria Drive, Bakersfield
24.     2612 Miria Drive, Bakersfield
25.     2617 Miria Drive, Bakersfield
26.     2711 Poppy Street, Bakersfield
27.     5833 Sparks Street, Bakersfield
28.     1415 Sylvia Drive, Bakersfield
29.     1313 Terrace Way, Bakersfield
30.     417 Troy Street, Bakersfield

## Appendix B

## NONDISCRIMINATION POLICY

It is the policy of Rawland Leon Sorensen to comply with Title VIII of the Civil Rights Act of 1968, as amended, commonly known as the Fair Housing Act, by ensuring that his rental properties are available to all persons without regard to race, color, religion, national origin, disability, familial status (having children under age 18), or sex.  This policy means that, among other things, Rawland Leon Sorensen and any and all agents and employees with the responsibility for renting, managing, or administering any dwelling units must not engage in discrimination on the basis of sex, including any illegal sexual harassment of tenants or potential tenants.  Rawland Leon Sorensen and any such agents and employees may not:

A. Refuse to rent, refuse to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, national origin, disability, familial status, or sex;

B. Discriminate against any person in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, national origin, disability, familial status, or sex;

C. Make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, national origin, disability, familial status, or sex;

D. Represent to persons because of race, color, religion, national origin, disability, familial status, or sex that any dwelling is not available for inspection or rental when such dwelling is in fact so available; or

E. Coerce, intimidate, threaten, or interfere with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights under the Fair Housing Act.

Rawland Leon Sorensen or any agent or employee who fails to comply with this Nondiscrimination Policy will be subject to appropriate disciplinary action.  Any action taken that results in unequal service to, treatment of, or behavior toward tenants or actual or potential applicants on the basis of race, color, religion, national origin, disability, familial status, or sex may constitute a violation of state and federal fair housing laws.  Any tenant or applicant who believes that any of the above policies have been violated by any owner, agent, or employee should file a written complaint with the Independent Manager(s) by contacting _____. The Independent Manager(s) shall immediately investigate the complaint and take the necessary remedial actions.  An individual who believes that he or she is the victim of discrimination may also contact the U.S. Department of Housing and Urban Development at 1-800-440-8091 x 2493, or the U.S. Department of Justice at 1-800-896-7743 x 992 or 202-514-4713.

## **Appendix C**

## **EMPLOYEE ACKNOWLEDGMENT**

I acknowledge that on _____, 201__, I was provided copies of the Consent Decree entered by the Court in <u>Hawecker et al.</u> v. <u>Rawland Leon Sorensen</u>, Nos. 1:10-cv-00085; 1:11-cv-00511 (E.D. Cal.), and the Nondiscrimination Policy of Rawland Leon Sorensen.  I have read and understand these documents and have had my questions about these documents answered.  I understand my legal responsibilities and shall comply with those responsibilities.

_____
Signature

_____
Print Name

_____
Job Title

_____
Home Address

_____
Home Address Continued

_____
Home Telephone Number

_____
Date

RECORDING REQUESTED BY:

Rawland Leon Sorensen

AND WHEN RECORDED MAIL TO:

M. Greg Mullanax
Law Office of M. Greg Mullanax
2140 N. Winery Ave., Suite 101
Fresno, CA 93703

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LIMITED POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS: That I, RAWLAND LEON SORENSEN, the undersigned, hereby make, constitute and appoint M. Greg Mullanax, as my true and lawful attorney to act for me and in my place and stead and for my use and benefit:

- To take all actions on my behalf to effectuate the terms of the Consent Decree approved by the Court in the following action: *Hawecker, et al. v. Sorensen*, Case Number 1:10-cv-00085-JLT, in the United States District Court, Eastern District of California; specifically including, but not limited to, effectuating all documents necessary for the transfer of properties to the Trust as designated in the Consent Decree.

Rawland Leon Sorensen hereby grants to M. Greg Mullanax full power and authority to do and perform each and every act and thing which may be necessary, or convenient, in connection with any of the foregoing, as fully, to all intents and purposes, as Rawland Leon Sorensen might or could do if personally present, hereby ratifying and confirming all that said attorney in fact shall lawfully do or cause to be done by authority hereof.

This Limited Power of Attorney shall become effective on the date on which the Court approves said Consent Decree and shall be effective from that date and shall terminate on November 1, 2013.

Wherever the context so requires, the singular number includes the plural.

WITNESS my hand this __7th__ day of September, 2012.

Rawland Leon Sorensen

STATE OF CALIFORNIA

COUNTY OF KERN

On __September 9, 2012__, before me, __Kristin M. Nahama__, a notary public, personally appeared __Rawland Leon Sorensen__, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the United States of America and the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature

KRISTIN M. NAHAMA
COMM. #1815844
NOTARY PUBLIC • CALIFORNIA
KERN COUNTY
My Comm. Exp. Oct. 31, 2012

1

**Appendix E**

2   Marquesha Benford

3   Diana Bermudez

4   Melissa Brown

5   Ruby Childs

6   Capricia Cobb

7   Khalifia Cox

8   Sheila Davis

9   Patrice Denweed

10   Andrea Garcia

11   Shannon Guevara

12   La Quice Holmes

13   Melissa Johnston

14   Dominique Jones

15   Tina Jones

16   Carlishia Laney

17   Joann Martinez

18   Lynnette Mays

19   Jeri Miller

20   Shelle Miller

21   Tashawn Sharp

22   Karen Sorensen

23   Kenya Webber

24   Denise Williamson

25

26

27

28

### Appendix F

### FULL AND FINAL RELEASE OF CLAIMS

In consideration for the parties' agreement to the terms of the Consent Decree they entered into in the case of <u>Hawecker et al.</u> v. <u>Rawland Leon Sorensen</u>, Nos. 1:10-cv-00085; 1:11-cv-00511 (E.D. Cal.), as approved by the United States District Court for the Eastern District of California, and in consideration for the payment of $\$$_____, I, _____, do hereby fully release and forever discharge Rawland Leon Sorensen, along with his insurers, attorneys, agents, employees, former employees, heirs, executors, and administrators and any persons acting under his respective direction or control from any and all fair housing claims set forth, or which could have been set forth, in the Complaint in this lawsuit that I may have had against any of them for any of Rawland Leon Sorensen's actions or statements related to those claims through the date of the entry of the Consent Decree.

Executed this _____ day of _____, 2012.

_____
Signature

_____
Print Name

_____
Home Address

_____
Home Address Continued

## <u>MUTUAL RELEASE</u>

This Mutual Release, dated August___, 2012, is executed by and between Carrie Hawecker and Michelle Broussard,(collectively, the " private plaintiffs"), on the one hand, and Rawland Leon Sorensen (the "defendant"), on the other hand.

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, the private plaintiffs and defendant, for themselves, their successors, heirs and assigns, fully and forever release, acquit, and forever discharge each other, and each and every one of their affiliates, successors, assigns, heirs, administrators, controlling and/or otherwise related entities, partners, employers, employees, attorneys, servants, agents, officers, directors, and all other representatives, of and from all claims, actions, causes of action, demands, rights, damages, costs, expenses, and compensation whatsoever, whether known or unknown, foreseen or unforeseen, which the undersigned have now or which may hereafter accrue, relating to, or in any way connected with, the events and occurrences as set forth and described in and which are the subject of the complaint pending in the United States District Court for the Eastern District of California, *Carrie Hawecker, et al. v. Rawland Leon Sorensen* Case No. 10-CV-85 JLT (the "Action"), except for and subject to the terms and conditions set forth in the consent decree entered by the District Court pursuant to the settlement of this action.

This is intended as a full and complete release and discharge of any and all claims that the undersigned may or might have or had by reason of the incidents or activities as alleged in the Complaint except for and subject to the terms and conditions set forth in the consent decree entered by the District Court pursuant to the settlement of the Action.

All rights under Section 1542 of the Civil Code of the State of California are hereby expressly waived.  The undersigned understands that said Section 1542 of the Civil Code provides as follows:

*A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which, if known by him, must have materially affected his settlement with the debtor.*

The undersigned hereby declare and represent that the undersigned are executing this Mutual Release after having received full legal advice as to their rights from their legal counsel.

Each signatory is legally competent and authorized to execute this agreement on behalf of the party whose name is subscribed at the signatories' line.

This Release may be executed in counterparts.

///

///

///

The undersigned hereby certify that the undersigned have read all of this release and Civil Code section and fully understand all of same.

_____          _____
Carrie Hawecker                                                           Date


_____          _____
Michelle Broussard                                                        Date


_____          _____
Rawland Leon Sorensen                                                 Date


APPROVED AS TO FORM AND CONTENT BY:


_____          _____
Christopher Brancart                                                      Date
Attorney for Plaintiffs


_____          _____
M. Greg Mullanax                                                          Date
Attorney for Defendant

# Appendix H



**U.S. DEPARTMENT OF JUSTICE**

*United States Attorney*
*Eastern District of California*

---

**AUTHORIZATION TO RELEASE INFORMATION**

To whom it may concern:

In connection with a financial investigation being conducted by the United States Attorney, I,

_____
Print Full Name

hereby authorize any authorized representative of the United States Attorney bearing this release, or a copy thereof, within one year of its date, to obtain any information in your files pertaining to employment, military, credit, educational, or business records, including, but not limited to, attendance, licensing, disciplinary, credit, medical, financial, city, state, and federal tax records, returns and supporting documentation, bank records, and/or records maintained by any city, state, and/or federal agency. I hereby direct you to release such information upon request of the bearer.

This release is executed with full knowledge and understanding that the information will be used in connection with the consideration of my liability on a debt claimed by the United States and my financial ability to pay said debt. Information will be disseminated only to those individuals and agencies directly involved in this determination or to fulfill other obligations imposed by law, regulation, presidential directive or executive order.

I hereby release you, as the custodian of such records, and the school, college, university, or other educational institution, hospital or other repository of medical records, credit bureau, lending institution, financial institution, consumer reporting agency, retail business establishment, insurance company, or public agency, including officers, directors, employees, or related personnel, both individually or collectively, from any and all liability for damages of whatever kind, which may at any time result to me, my heirs, family, or associates, because of compliance with this authorization and request to release information, or any attempt to comply with it. If there are any questions as to the validity of this release, you may contact me as indicated below.

_____     _____
Date                                 Signature

_____     _____
Phone Number                         Print Full Name

_____     _____
Social Security Number               Date of Birth

_____
Resident Street Address          City                State            Zip Code

**GENERAL AUTHORIZATION FOR RELEASE OF RECORDS**

TO WHOM IT MAY CONCERN:

The undersigned hereby authorizes _____ (Company, Official or Agency) or its representative, to procure and disclose a copy of my records to CHRISTOPHER BRANCART, BRANCART & BRANCART, P.O. BOX 686, PESCADERO, CA  94060; TEL:  (650) 879-0141;FAX: (650) 879-1103;EMAIL:  cbrancart@brancart.com, ***including*** 1) government benefit, such as housing, social security, and income maintenance records,  2) criminal justice records, such as police, arrest, police report, court, prison, probation, and parole records, 3) housing records, such as tenant, loan, purchase, sale, rental records, credit reports, and financial information, 4) financial records, such as bank, credit, and loan information, and/or 5) communication records, such as telephone, cell, website, email and other electronically stored information.  ***This authorization does not cover medical records.***   This authorization shall be valid for one year after its date of execution. A photocopy of this Authorization shall be considered as valid as the original.

_____

Today's Date

_____          _____

Signature                                                        Name/Print

_____

Address

_____          _____

Social Security Number                                Date of Birth

_____          _____

Telephone Number                                       Message Number

**U.S. DEPARTMENT OF JUSTICE**

*United States Attorney*
*Eastern District of California*

---

### INDIVIDUAL FINANCIAL DISCLOSURE STATEMENT

Complete this questionnaire for you and your spouse.
If more space is needed use page provided at end of document.

### Section 1: Personal Information

1.  Full Name: _____   Maiden name: _____

2.  Other names ever used: _____

3.  Birth date: _____   Social Security Number (SSN): _____

    Place of birth (city, state & country): _____

4.  Driver's license #: _____   State: _____   Exp. date: _____

5.  Marital Status:  ☐ Single        ☐ Married        ☐ Separated        ☐ Divorced        ☐ Widowed

6.  Home address: _____

    City: _____   State: _____   Zip: _____

    Home phone: _____   Work phone: _____

    Cell phone: _____   Email address: _____

7.  Previous addresses (past 10 years): _____

    City: _____   State: _____   Zip: _____

    Dates at this address: _____

    Prior to above address: _____

    City: _____   State: _____   Zip: _____

    Dates at this address: _____

8.  Education.  List all schools attended after high school (including trade schools and any other formal or informal training), years attended and degree obtained (if any):

    _____

    _____

9.  Professional licenses:

    Type: _____   Number: _____   Exp. date: _____

    Type: _____   Number: _____   Exp. date: _____

## Section 2: Family Information

10. Spouse/Companion's full name[1]: _____ Maiden name: _____

11. Other names ever used: _____

12. Date of marriage: _____ Place of marriage: _____

13. Spouse's birth date: _____ Spouse's SSN: _____

14. Spouse's driver's license #: _____ State: _____ Exp. date: _____

15. Spouse's parents' full names: _____

16. List each family members full name and date of birth (include step parents, siblings and children):

    Father: _____ DOB: _____

    Mother: _____ DOB: _____

    Brothers: _____ DOB: _____

    _____ DOB: _____

    Sisters: _____ DOB: _____

    _____ DOB: _____

    Sons: _____ DOB: _____

    _____ DOB: _____

    _____ DOB: _____

    Daughters: _____ DOB: _____

    _____ DOB: _____

    _____ DOB: _____

17. Identify all persons living in your home and their relationship to you:

    Name: _____ Relationship: _____

    Name: _____ Relationship: _____

    Name: _____ Relationship: _____

    Name: _____ Relationship: _____

    Name: _____ Relationship: _____

_____

[1] If you do not have a spouse but do have a companion or partner then answer all questions in this document that say spouse as if it said companion or partner.

**Section 3: Employment Information**

18.  Current employer/business information.  Check appropriate box:

     ☐ Wage Earner      ☐ Partner         ☐ Retired
     ☐ Self-Employed    ☐ Corporate Owner   ☐ Unemployed

Occupation:  _____  Position/title:  _____

Name of business:  _____

Primary business activity:  _____

Business address:  _____

City:  _____  State:  _____  Zip:  _____

Business website:  _____

Person to Contact:  _____  Phone No.:  _____

Annual pay (including overtime and bonuses):  $ _____  Years at this business:  _____

| |
|---|
| If business owner or stock holder:  How long have you owned this business: _____ |
| Employer Identification No.: _____  Percentage of ownership: _____ |
| What is your investment worth in this business at current market value:  $ _____ Current market value is the amount that you would expect to receive if you sold business today. |

19.  Other full and/or part-time employment within the last 5 years:

| Business Name | Address | Owner? | Employment Dates |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

20.  Spouse's current employer/business information.  Check appropriate box:

     ☐ Wage Earner      ☐ Partner         ☐ Retired
     ☐ Self-Employed    ☐ Corporate Owner   ☐ Unemployed

Occupation:  _____  Position/title:  _____

Name of business:  _____

Primary business activity:  _____

Business address:  _____

City:  _____  State:  _____  Zip:  _____

Business website:  _____

Person to Contact:  _____  Phone No.:  _____

Annual pay (including overtime and bonuses):  $ _____  Years at this business:  _____

If business owner or stock holder:  How long have you owned this business: _____

Employer Identification No.: _____   Percentage of ownership: _____

What is your investment worth in this business at current market value:  $ _____
Current market value is the amount that you would expect to receive if you sold business today.

21.  Spouse's other full and/or part-time employment within the last 5 years:

| Business Name | Address | Owner? | Employment Dates |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

## Section 4: Taxes

22.  Did you file a Federal Income Tax Return last year?  ☐ Yes  ☐ No    If yes: ☐ Joint    ☐ Individual

Form No.: _____   Adjusted Gross Income reported: $ _____   Where filed: _____

23.  Do you expect to receive a tax refund from any federal, state, or local government?  ☐ Yes   ☐ No
If yes, provide details:

| Government Entity | Type of Tax | Year(s) | Amount |
|---|---|---|---|
|  |  |  | $ |
|  |  |  | $ |
|  |  |  | $ |

24.  Do you or your spouse owe any delinquent taxes?  ☐ Yes   ☐ No     If yes, provide details:

| Government Entity | Type of Tax | Year(s) | Amount of Debt |
|---|---|---|---|
|  |  |  | $ |
|  |  |  | $ |
|  |  |  | $ |

## Section 5: Income

25. State monthly income for each category below for you and your spouse.  If income varies, add your income over the last 12 months and divide by 12.  If you or your spouse own a business attach Profit & Loss Statements, Balance Sheets, Statements of Cash Flows, and business income tax returns for the last two years and part-year statements for the period between the end of the last fiscal year and today's date.  If employed attach most recent pay stub(s).  Also attach personal income tax returns for the last two years and supporting documentation for all other types of income listed:

| Your Monthly Income | | Spouse's Monthly Income | |
|---|---|---|---|
| Total Salary / Wages | $ | Total Salary / Wages | $ |
| Take-home Salary / Wages | $ | Take-home Salary / Wages | $ |
| Commissions | $ | Commissions | $ |
| Bonus Income | $ | Bonus Income | $ |
| Total Business Income | $ | Business Income | $ |
| Take-home Business Income | $ | Take-home Business Income | $ |
| Profit Sharing | $ | Profit Sharing | $ |
| Rental Income | $ | Rental Income | $ |
| Interest / Dividends | $ | Interest / Dividends | $ |
| Unemployment | $ | Unemployment | $ |
| Disability | $ | Disability | $ |
| AFDC / Food Stamps | $ | AFDC / Food Stamps | $ |
| Pensions / Annuities | $ | Pensions / Annuities | $ |
| Social Security | $ | Social Security | $ |
| Child Support | $ | Child Support | $ |
| Alimony | $ | Alimony | $ |
| Gifts from Relatives | $ | Gifts from Relatives | $ |
| Other Gifts | $ | Other Gifts | $ |
| Other [2] | $ | Other [2] | $ |
| Totals | $ | Totals | $ |

26. Date to begin receiving pension, profit sharing, IRA distribution, Social Security,

   and/or life insurance, if in the future: _____  Amount per month:  $ _____

   Name of Company: _____  Point of Contact and Phone No.: _____

27. Whole life / universal life insurance: do you anticipated receiving any distributions from a whole life or universal life insurance policy in next 12 months?   ☐ Yes  ☐ No   If yes, amount $ _____

   Name of insurance company: _____  Policy No.: _____

---

   [2] Any other income including periodic income, such as rebates, lottery winnings, tax refunds, royalties, user fees, etc. (please specify, use separate sheet if necessary).

Individual Financial Disclosure Statement

**Section 6: Expenses**

28.  State monthly  household expenses.  Average over 12 months if necessary.  Do not include any expenses paid by your business:

| Monthly Expenses | |
|---|---|
| Rent / Mortgage (primary) | $ |
| Other Rent / Mortgage | $ |
| Property Taxes | $ |
| Home Maintenance | $ |
| Electricity | $ |
| Natural Gas / Propane | $ |
| Telephone | $ |
| Water | $ |
| Sewer | $ |
| Trash | $ |
| Other Utilities | $ |
| Cable TV | $ |
| Internet | $ |
| Cell Phone | $ |
| Car / Truck Payment(s) | $ |
| Boat / RV / Plane Payment(s) | $ |
| Vehicle License Fees | $ |
| Vehicle Maintenance | $ |
| Gasoline | $ |
| Other: | $ |
| Sub-Total Column 1 | $ |

| Monthly Expenses | |
|---|---|
| Food | $ |
| Clothing & Misc. | $ |
| Entertainment | $ |
| Healthcare / Medical | $ |
| Alimony | $ |
| Child Support | $ |
| Child / Dependent Care | $ |
| Educational | $ |
| Other Secured Debt | $ |
| Credit Cards | $ |
| Auto Insurance | $ |
| Life Insurance | $ |
| Home / Rental Insurance | $ |
| Health Insurance | $ |
| Other Insurance (Umbrella) | $ |
| Accounting (Personal) | $ |
| Legal (Personal) | $ |
| Charitable Contributions | $ |
| Gifts | $ |
| Other Personal Expenses [3] | $ |
| Sub-Total Column 2 | $ |

Total of columns 1 and 2: $ _____

---

[3] Please itemize on separate sheet if amount exceeds $50 per month.

**Section 7: Assets**

Identify all assets held by you and/or your spouse.  Specify if asset is held (owned) separately by husband (H), wife (W), jointly (J), Business (B) or in a trust account (T).  Attach the last three account statements for all checking, other, and investment accounts listed:

29.   Checking account(s):

| Owner | Name(s) on Account | Name of Institution and Address | Account # | Balance |
|---|---|---|---|---|
| | | | | $ |
| | | | | $ |
| | | | | $ |

30.   Other accounts (savings, certificates of deposit, pension, IRA, KEOGH, 401(k), deferred compensation, retirement, etc.):

| Owner | Name(s) on Account | Name of Institution and Address | Account # | Balance |
|---|---|---|---|---|
| | | | | $ |
| | | | | $ |
| | | | | $ |

31.   Investments (stocks, bonds, mutual funds, government securities, etc.).  Also indicate if used as collateral on a loan:

| Owner | Name of Company | Account # | # of Shares | Purchase Date | Value |
|---|---|---|---|---|---|
| | | | | | $ |
| | | | | | $ |
| | | | | | $ |

32.   Other personal investments valued at current market value:

| Owner | Description | Purchase Date | Value |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

33.   Other business investments at current market value:

| Owner | Description | Purchase Date | Value |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

34.   Business assets (not listed elsewhere) at current market value:

| Owner | Description | Purchase Date | Value |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

35.   Self-employment business assets not listed elsewhere as personal property:

| Owner | Description | Purchase Date | Value |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

36.   Primary and secondary home financial information.  Current value is the amount that you would expect to receive if you sold your home today.  Do not include the loan amount in the total liens.  Attach copies of recent loan and lien statements:

Primary home address: _____

Original purchase price: $ _____     Date of purchase: _____

Home current market value: $ _____     Loan(s) balance: $ _____

Total Liens: $ _____     Lien Holders: _____

Secondary home address: _____

Original purchase price: $ _____   Date of purchase: _____

Home current market value: $ _____   Loan(s) balance: $ _____

Total Liens: $ _____   Lien Holders: _____

37.   Other investment property.  Indicate type of property, e.g., apartment, condo, house, commercial, etc.  Current value is the amount that you would expect to receive if you sold this property today.  Do not include the loan balance as part of the total liens.  Attach copies of recent loan and lien statements:

Address: _____   Type: _____

Original purchase price: $ _____   Date of purchase: _____

Current market value: $ _____   Loan balance: $ _____

Total Liens: $ _____   Lien Holders: _____

Address: _____   Type: _____

Original purchase price: $ _____   Date of purchase: _____

Current market value: $ _____   Loan balance: $ _____

Total Liens: $ _____   Lien Holders: _____

Address: _____   Type: _____

Original purchase price: $ _____   Date of purchase: _____

Current market value: $ _____   Loan balance: $ _____

Total Liens: $ _____   Lien Holders: _____

38.   Cars, trucks and other vehicles:

| Make & Model | Year | License No. & St. | Mileage | Value | Loan Bal. |
|---|---|---|---|---|---|
|  |  |  |  | $ | $ |
|  |  |  |  | $ | $ |
|  |  |  |  | $ | $ |
|  |  |  |  | $ | $ |

39.   Boat, RV, Aircraft, motorcycles, ATV's and other recreational vehicles:

| Make & Model | Year | License No. & St. | Hours/Miles | Value | Loan Bal. |
|---|---|---|---|---|---|
| | | | | $ | $ |
| | | | | $ | $ |
| | | | | $ | $ |
| | | | | $ | $ |
| | | | | $ | $ |

40.   Total current value of all personal assets:

| | |
|---|---|
| Televisions, VCRs, CD or DVD  players, computers, printers, stereos, video and digital cameras, IPODS, cell phones, etc.: | $ |
| Sporting goods, guns, fishing equipment, etc.: | $ |
| Furniture, jewelry, antiques, art objects, stamp or coin collections, etc.: | $ |
| Other (describe): | $ |

41.   Money owed to you (list source and reason for debt):

| Debtor Name & Phone Number | Reason for Debt | Amount |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |
| | | $ |

42.   Money, or other assets, held by someone else on your behalf:

| Person Holding Asset & Phone Number | Description of Asset | Value |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |
| | | $ |

Individual Financial Disclosure Statement

43. Anticipated inheritance or benefit from a trust or claim:

Description: _____ $ _____

Trustee name: _____ Phone No.: _____

44. Cash on hand (include any money that you have that is not in the bank): $ _____

45. Lawsuits in which you might receive something of value (include contact name and phone number):

| Jurisdiction | Court & Case No. | Persons Involved and Status | Value |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

46. Other assets or anticipated assets (e.g., timeshare property, patents, copyrights, retainers, advance payments, deposits, mineral interest and leases, etc.).  Include contact name and phone number:

| Description of Asset | Value |
|---|---|
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |

47. Life insurance.  Do you have life insurance with a cash value?  ☐ Yes   ☐ No
    If yes, provide details (term life insurance does not have a cash value):

| Name and Address of Insurance Company | Policy Number | Type of Policy | Face Amount | Cash Surrender Value | Amount Borrowed | Amount You can Borrow |
|---|---|---|---|---|---|---|
| | | | $ | $ | $ | $ |
| | | | $ | $ | $ | $ |
| | | | $ | $ | $ | $ |

### Section 8: Liabilities

48.  Mortgage/loan on home.     Primary loan current Balance:         $ _____

Secondary loan current Balance:       $ _____

Attach copy of recent mortgage statement and if refinanced or purchased within the last 3 years, attached copy of the loan application.

49.  Credit cards.  Do you or your spouse have any credit cards?  ☐ Yes    ☐ No     If yes, provide details and attach copies of the most recent statements:

| Creditor Card Company | Account No. Last 4 Digits | Balance | Monthly Payments |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

50.  Other loans.  Do you or your spouse have any other loans payable?  ☐ Yes    ☐ No
If yes, provide details and attach copies of the most recent statements and loan applications submitted within the last 3 years:

| Creditor Name and Address | Type | Balance | Monthly Payments |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

51.  Are there any judgements against you?  ☐ Yes    ☐ No     If yes, provide details:

| Creditor Name | Date of Judgement | Amount of Debt |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |

52.  Are there any garnishments against your or your spouse's wages?  ☐ Yes   ☐ No
     If yes, provide details:

| Creditor Name | Date of Judgement | Amount of Debt |
|---|---|---|
|  |  | $ |
|  |  | $ |
|  |  | $ |

53.  Do you anticipated owing money from a pending judgment or claim?  ☐ Yes   ☐ No
     If yes, provide details:

| Description | Anticipated Debt |
|---|---|
|  | $ |
|  | $ |
|  | $ |

54.  Do you or your spouse owe any large medical bills?  ☐ Yes   ☐ No    If yes, provide details:

| Creditor Name | Amount of Debt |
|---|---|
|  | $ |
|  | $ |
|  | $ |

55.  Do you or your spouse have any other liabilities?  ☐ Yes   ☐ No    If yes, provide details:

| Description | Amount of Debt |
|---|---|
|  | $ |
|  | $ |
|  | $ |
|  | $ |

## Section 9: Other Information

56. Have you ever been divorced?  ☐ Yes   ☐ No     If yes, attach a copy of divorce settlement or decree and provide details below:

| | |
|---|---|
| Date of divorce: _____  Location where filed: _____ | |
| Name of former spouse: _____  SSN: _____ | |

57. List all transfers of property (including cash) by loan, gift, sale, barter, exchange, etc. that you and/or your spouse have made within the last five years (items worth $2,500 or more):

| Description of Asset | Date of Transfer | FMV When Transferred | Amount Received | Transferee Name and Relationship to Defendant |
|---|---|---|---|---|
| | | $ | $ | |
| | | $ | $ | |
| | | $ | $ | |

58. Have you ever been involved in any bankruptcy proceedings? ☐ Yes ☐ No   If yes, provide details:

| Date | Jurisdiction | Case Number | Status |
|---|---|---|---|
| | | | |
| | | | |

59. Have you ever been a party to any civil suit? ☐ Yes   ☐ No     If yes, provide details:

| Date | Jurisdiction | Case Number | Persons Involved and Status |
|---|---|---|---|
| | | | |
| | | | |

60. Are you affiliated with any partnerships or joint ventures? ☐ Yes   ☐ No     If yes, provide details:

| Company Name & Address | Percent Interest | Current Value |
|---|---|---|
| | % | $ |
| | % | $ |

61. Are you an officer or director of any corporation? ☐ Yes   ☐ No     If yes, provide details:

| Company Name & Address | Begin and End Dates | Remuneration |
|---|---|---|
| | | $ |
| | | $ |

62. Are you a participant in a profit sharing plan?  ☐ Yes   ☐ No

   If yes, name of plan: _____   Value in plan: $ _____

63. Do you have a will and/or living trust?  ☐ Yes   ☐ No     If yes, attach copy.

64. Are you a trustee, executor, beneficiary, or administrator under any will or testament, insurance policy, or trust agreement (including a family trust)?  ☐ Yes   ☐ No     If yes, provide details:

| Description | Type | Relationship to You |
|---|---|---|
|  |  |  |
|  |  |  |

65. • Do you have a safe deposit box?  ☐ Yes   ☐ No   If yes, provide information below for each box:

   • Do you have assets or documents in someone else's safe deposit box?  ☐ Yes   ☐ No
     If yes, provide information below for each box:

   • Are you a designated deputy and/or do you have access to someone else's safe deposit box?

   ☐ Yes   ☐ No   If yes, provide information below for each box:

| Name and Address of Location of Safe Deposit Box | Box No. | Contents |
|---|---|---|
|  |  |  |
|  |  |  |

66. Provide details for all insurance policies held (except life insurance list earlier).  Include details about riders or supplemental insurance on personal assets (e.g., jewelry, antiques, etc.):

| Type of Policy | Company Name | Policy Number | Coverage Limits |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

67. List any other assets not listed previously including any assets outside the United States:

| Asset Description | Location | Value |
|---|---|---|
|  |  | $ |
|  |  | $ |
|  |  | $ |
|  |  | $ |

**Following is a summary of document copies you are required to attach:**

1. Profit & Loss Statements, Balance Sheets and Statements of Cash Flows for the last two years for your and/or your spouse's business(es) and /or interest in partnerships.  Also attach part-year Profit and Loss Statement and Balance Sheet for period between the end of the last fiscal year and today's date.
2. Your and your spouse's most recent pay stub(s) or direct deposit statement(s), if employed.
3. Federal and State tax returns for the last two years (both business and individual).  Attach copy of entire tax return and all forms W-2 and 1099.
4. The most recent mortgage/loan statement(s) and lien documents.
5. The three most recent bank, financial institution, investment or other account statements for all of your and/or your spouse's business and personal accounts.
6. All loan and line-of-credit applications submitted by you or your spouse within the last 3 years.
7. Credit card statements.
8. Divorce settlement or decree(s), if any.
9. Will and/or living trust documents.
10. Signed "Authorization to Release Information" form (separate document).

## PLEASE READ CAREFULLY BEFORE SIGNING

**With knowledge of the penalties and liability for false statements provided by Title 18, United States Code, Section 1001, with knowledge of the penalties and liability for false claims provided by Title 31, United States Code, Section 3729 et seq., and with knowledge that this financial disclosure statement is submitted by me to affect action by the United States Department of Justice, I hereby certify under penalty of perjury that the above statements are true, accurate and correct and that it is a complete statement of all my income and assets, real and personal, whether held in my name or by any other.**

_____     _____
Date                                              Signature

                                                    _____
                                                    Print Full Name

_____     _____
Date                                              Signature of Spouse/Companion

                                                    _____
                                                    Print Full Name of Spouse/Companion

If you were assisted by someone in filling out this financial disclosure statement, please state that person's name and relationship to you, and have that person sign below:

_____     _____
Date                                              Signature

_____     _____
Relationship                                  Print Full Name

Note: If you have added additional sheets to this form or added information on the back of any page, you must also sign these sheets.

Revised February 2010

Make copies of this sheet when additional space is needed.  Indicate the question numbers on the left.

| # | Details |
|---|---------|
|   |         |

_____        _____
Date                                                    Signature

Individual Financial Disclosure Statement                                    Add-on Page _____ of _____

1

**<u>Appendix I</u>**

2 S-1500-CL-208295

3 S-1500-CL-213081

4 S-1500-CL-214483

5 S-1500-CL-205558

6 S-1500-CL-193861

7 S-1500-CL-209051

8 S-1500-CL-195755

9 S-1500-CL-234976

10 S-1500-CL-217221

11 S-1500-CL-207839

12 S-1500-CL-228271

13 S-1500-CL-209405

14 S-1500-CL-185492

15 S-1500-CL-176511

16 S-1500-CL-198335

17 S-1500-CL-209405

18 S-1500-CL-192779

19 S-1500-CL-193727

20 S-1500-CL-262787

21 S-1500-CL-208628

22 S-1500-CL-223541

23 S-1500-CL-167834

24 S-1500-CL-238477

25 S-1500-CL-246067

26

27

28