UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE HAWECKER, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>RAWLAND LEON SORENSON,<br><br>　　　　　Defendant.<br>_____<br>UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RAWLAND LEON SORENSON,<br><br>　　　　　Defendant.<br>_____ | Case No.: 1:10-cv-00085 - JLT<br><br>ORDER GRANTING THE GOVERNMENT'S MOTION TO ENFORCE THE CONSENT DECREE<br><br>(Doc. 191) |

　　　　The Government to enforce the Consent Decree signed by all parties to the litigation and approved by the Court, asserting Rawland Leon Sorenson ("Defendant") has failed to comply with injunctive provisions of the Consent Decree. (Doc. 191). Plaintiffs Carrie Hawecker and Michelle Broussard filed a notice by which they joined the Government's motion. (Doc. 192). Defendant did not file an opposition to the motion. For the reasons set forth below, the Government's motion is **GRANTED**.

1

## I. Factual and Procedural History

Plaintiffs Carrie Hawecker and Michelle Broussard initiated this action by filing a complaint against Defendant on January 15, 2010. (Doc. 1). Plaintiffs alleged violations of the Fair Housing Act (42 U.S.C. §§ 3604 and 3617), and the California Fair Employment and Housing Act (Cal. Gov. Code § 12955, *et seq.*), and the California Unruh Civil Rights Act (Cal. Civ. Code § 51 *et seq.*), and the California Business and Professions Code § 17200, *et seq.* (Doc. 1 at 9-10). In addition, Plaintiffs raised claims for unfair business practices under the California Business and Professions Code § 17200, *et seq.*, and wrongful eviction under the California Code of Civil Procedure §§1159 and 1160. *Id.* at 10. Given these allegations, Plaintiffs sought compensatory and punitive damages. (*Id.* at 11).

On March 25, 2011, the Government initiated a separate action against Defendant, alleging he violated the Fair Housing Act by engaging in a pattern or practice of sexually harassing female tenants and prospective tenants. (*See United States of Am. v. Sorenson*, Case. No. 1:11-cv-00511-OWW-JLT Doc. 1).[1] The Government filed a notice of the related case, and Plaintiffs moved to consolidate the cases. (Docs. 77-78). The motion to consolidate was granted on April 29, 2012. (Doc. 89).

The parties—including the Government, private plaintiffs, and Defendant— entered into an agreement, and requested the Court's approval over a Consent Decree on September 11, 2012. (Doc. 182). The Court approved the Consent Decree on September 13, 2012 (Doc. 183), and entered final judgment on September 14, 2012 (Doc. 184). Within fifteen days of the entry of the Consent Decree, Defendant was to "retain or otherwise enter into an agreement with an individual or individuals ... to manage all aspects of the rental and management" of his rental properties. (Doc. 183 at 5, ¶¶ 11-12). Upon approval from the Government, the Independent Manager would "be responsible for showing and renting units, supervising repairs, determining whom to rent to and/or evict, overseeing all aspects of the rental process, and engaging in any other management activities." (*Id.* at 5-6, ¶ 12, 15).

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The accuracy of the Court's record cannot reasonably be questioned, and judicial notice may be taken of the Court's records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). Therefore, judicial notice is taken of the complaint filed in *United States of Am. v. Sorenson,* Case No. 1:11-cv-00511-OWW-JLT.

According to the Government, Plaintiff failed to propose the Independent Manager by the deadline of September 28, 2012. (Doc. 191 at 4). The Government reports:

> Having not heard from the Defendant more than a month later, on November 1, 2012, counsel for the United States sent the Defendant a letter via FedEx reminding him of his obligations under the Consent Decree and requesting that the Defendant contact the United States by November 8, 2012, with the name and contact information for his proposed Independent Manager. The Defendant did not respond to this letter. [Citation.]
>
> On December 6, 2012, the United States sent a second letter to the Defendant. In that letter, the United States stated in stronger terms that the Defendant's obligations under the Consent Decree are mandatory and again requested that the Defendant identify a proposed Independent Manager for the Department of Justice's consideration. [Citation.] The letter stated that if the Defendant did not respond, the United States might seek this Court's assistance in enforcing the terms of the Consent Decree. [] Once again, the Defendant did not respond.
>
> The United States sent a third letter on February 4, 2013, again asking that the Defendant contact counsel for the United States. The letter requested a statement of whether the Defendant intended to comply with the Independent Manager provision and, if so, the date by which he intended to comply. [Citation.] The United States specified that it may seek the Court's assistance in compelling his compliance with the Independent Manager provision if the Defendant did not contact the United States by February 11, 2013. [] The Defendant signed for the letter on February 5, 2013, but has not contacted counsel for the United States as of the filing of this motion. [Citation].

(Doc. 191 at 4-5) (internal citations and footnote omitted). Accordingly, attempts to contact Plaintiff via written communications have been fruitless. Likewise, the Government reports attempts to contact Defendant by phone between December 2012 and February 2013 were unsuccessful. (*Id.* at 4).

Because Plaintiff failed to comply with the terms of the Consent Decree, the Government now seeks to enforce the Consent Decree. Specifically, the Government "requests that the Court order the Defendant to identify a proposed Independent Manager for the United States' consideration with 15 days, and that the duties of the Defendant, United States, and Independent Manager with regard to the Independent Manager provision be triggered from the date of the Court's order." (Doc. 191 at 8).

## II.     Legal Standards

The Supreme Court has defined a consent decree as "an agreement that the parties desire and expect will be reflected in, and be enforceable as, a judicial decree that is subject to the rules generally applicable to other judgments and decrees." *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 378

(1992).  Consequently, "[a] consent decree has attributes of both a contract and a judicial act." *Wicker v. Oregon*, 543 F.3d 1168, 1173-74 (9th Cir. 2008); *see also Frew ex re. Frew v. Hawkins*, 540 U.S. 431, 437 (2004).

The Ninth Circuit explained, "It is well established that the district court has the inherent authority to enforce compliance with a consent decree that it has entered in an order, to hold parties in contempt for violating the terms therein, and to modify a decree." *Nehmer v. U.S. Dep't. of Veterans Affairs*, 494 F.3d 846, 860 (9th Cir. 2007).  A consent decree may only be modified in the event of a significant change in circumstances. *Labor/Community Strategy Center v. Los Angeles County Metro. Transp. Auth.*, 564 F.3d 1115, 1120 -1121 (9th Cir. 2009).  Importantly, "[t]he failure of substantial compliance with the terms of a consent decree can qualify as a significant change in circumstances that would justify the decree's temporal extension." *Id.* at 1121.

### III.     Discussion and Analysis

The Government argues: "Despite having benefitted from the negotiated settlement, the Defendant has failed to comply with one of the most critical provisions that he agreed to as a part of the parties' bargain."  (Doc. 191 at 7).  As noted by the Government, Defendant has not identified an Independent Manager, although nearly five months have passed since the Court approved and entered the Consent Decree.  *Id.*  The Government contends: "This failure is a serious violation of the Consent Decree because it goes to the heart of the issues alleged and litigated in this case: whether the Defendant sexually harassed the female tenants of his rental properties.  The Independent Manager requirement is designed to ensure that the Defendant's contact and involvement with tenants is curtailed to prevent future FHA violations."  *Id.*

Significantly, Defendant's failure to identify the Independent Manager resulted in a failure to comply with related provisions of the Consent Decree.  For example, Defendant and the Independent Manager were to participate training on the Fair Housing Act "[w]ithin 90 days of the entry of the Consent Decree," (Doc. 183 at 6, ¶16) as well as submit reports of Defendant's efforts to comply with the Consent Decree.  (*Id.* at 9, ¶18).  Because Defendant has failed to comply with the terms of the Consent Decree, a temporal extension of the deadlines contained therein is appropriate.  *See Labor/ Community Strategy Center*, 564 F.3d at1121 (9th Cir. 2009).

## IV. Conclusion and Order

As discussed above, Defendant has failed to comply with the terms of the Consent Decree entered by this Court on September 13, 2012. (Doc. 183). It is within the inherent authority of the Court to modify the deadlines contained therein and to enforce the terms of the Consent Decree. *Nehmer*, 494 F.3d at 860.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. The Government's motion to enforce the Consent Decree is **GRANTED**;
2. Defendant **SHALL** identify a proposed Independent Manager as defined within the Consent Decree and notify the United States by phone, fax, or overnight (non-U.S.) delivery of that individual's or company's contact information <u>within 15 days of the date of service of this order</u>; and
3. The parties duties contained in paragraphs 12, 16, 18, 20, and 21 of the consent decree (Doc. 183) **SHALL** be triggered from the date of service of this order.

IT IS SO ORDERED.

Dated:   **March 21, 2013**                    /s/ **Jennifer L. Thurston**
                                               UNITED STATES MAGISTRATE JUDGE