UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE HAWECKER, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>RAWLAND LEON SORENSON,<br><br>　　　　Defendant.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RAWLAND LEON SORENSON,<br><br>　　　　Defendant. | Case No.: 1:10-cv-00085 - JLT<br><br>ORDER GRANTING THE GOVERNMENT'S MOTION FOR CIVIL CONTEMPT PROCEEDINGS<br><br>(Doc. 191)<br><br>ORDER TO DEFENDANT TO APPEAR AND SHOW CAUSE IN PERSON WHY A CONTEMPT CITATION SHOULD NOT ISSUE<br><br>ORDER SETTING A CIVIL CONTEMPT HEARING ON SEPTEMBER 30, 2013 |

　　The Government seeks to have civil contempt proceedings, asserting Rawland Leon Sorenson ("Defendant") has failed to comply with the terms of the Consent Decree signed by all parties to the litigation and approved by the Court. (Doc. 196 at 2). For the following reasons, the Government's motion for contempt proceedings is **GRANTED**, and Defendant is **ORDERED TO APPEAR** and to show cause **in person** why a contempt citation should not issue at a hearing to be held on **September 30, 2013**.

1

///

## I. Factual and Procedural History

Plaintiffs Carrie Hawecker and Michelle Broussard initiated this action by filing a complaint against Defendant on January 15, 2010. (Doc. 1). Plaintiffs alleged violations of the Fair Housing Act (42 U.S.C. §§ 3604 and 3617), and the California Fair Employment and Housing Act (Cal. Gov. Code § 12955, *et seq.*), and the California Unruh Civil Rights Act (Cal. Civ. Code § 51 *et seq.*), and the California Business and Professions Code § 17200, *et seq.* (Doc. 1 at 9-10). In addition, Plaintiffs raised claims for unfair business practices under the California Business and Professions Code § 17200, *et seq.*, and wrongful eviction under the California Code of Civil Procedure §§1159 and 1160. *Id.* at 10. Given these allegations, Plaintiffs sought compensatory and punitive damages. (*Id.* at 11).

On March 25, 2011, the Government initiated a separate action against Defendant, alleging he violated the Fair Housing Act by engaging in a pattern or practice of sexually harassing female tenants and prospective tenants. (*See United States of Am. v. Sorenson*, Case. No. 1:11-cv-00511-OWW-JLT Doc. 1).[1] The Government filed a notice of the related case, and Plaintiffs moved to consolidate the cases. (Docs. 77-78). The motion to consolidate was granted on April 29, 2012. (Doc. 89).

The parties—including the Government, private plaintiffs, and Defendant— entered into an agreement, and requested the Court's approval over a Consent Decree on September 11, 2012. (Doc. 182). The Court approved the Consent Decree on September 13, 2012 (Doc. 183), and entered final judgment on September 14, 2012 (Doc. 184). Within fifteen days of the entry of the Consent Decree, Defendant was to "retain or otherwise enter into an agreement with an individual or individuals ... to manage all aspects of the rental and management" of his rental properties. (Doc. 183 at 5, ¶¶ 11-12). Upon approval from the Government, the Independent Manager would "be responsible for showing

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The accuracy of the Court's record cannot reasonably be questioned, and judicial notice may be taken of the Court's records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). Therefore, judicial notice is taken of the complaint filed in *United States of Am. v. Sorenson,* Case No. 1:11-cv-00511-OWW-JLT.

and renting units, supervising repairs, determining whom to rent to and/or evict, overseeing all aspects of the rental process, and engaging in any other management activities." (*Id.* at 5-6, ¶ 12, 15).

After Defendant failed to comply with the terms of the Consent Decree, the Court issued an order on March 21, 2013, modifying the deadlines contained in the Consent Decree. (Doc. 194). Defendant was ordered to propose an Independent Manager "and notify the United States by phone, fax, or overnight (non-U.S.) delivery of that individual's or company's contact information within 15 days of the date of service of [the] order," or no later than April 5, 2013. (*See id.* at 5). The Government reports Defendant failed to comply with the deadline, reporting that "[t]o date, the Defendant has not identified a proposed Independent Manager or contacted the United States in any way to discuss the Enforcement Order or Independent Manager provision." (Doc. 196 at 2). Therefore, the Government filed the motion now before the Court for civil contempt sanctions. *Id.*

## II.     Contempt Proceedings

Contempt proceedings may be civil or criminal in nature. The Ninth Circuit utilizes the "sanction test" to determine whether the contempt proceedings are civil or criminal, explaining: "[I]f the purpose of the relief is to compel the respondent to comply or to compensate the petitioner for the refusal, the contempt proceeding is civil in nature. If the purpose is to punish the respondent and vindicate the court, the proceeding is criminal." *United States v. Asay*, 614 F.2d 655, 659 (9th Cir. 1980); *see also Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983) ("To distinguish civil from criminal contempt, the focus of the inquiry is often 'not [upon] the fact of the punishment but rather its character and purpose.'"). Here, the Government seeks to have Defendant comply with the Consent Decree, and as such the proceedings are civil in nature. *See Falstaff Brewing Corp.*, 702 F.2d at 778 ("[c]ivil contempt is characterized by the court's desire to compel obedience to a court order . . . or to compensate the contemnor's adversary for the injuries with result from the noncompliance").

## III.    Discussion and Analysis

To demonstrate a finding of civil contempt is appropriate, the moving party bears the initial "burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *Fed. Trade Comm'n v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th

3

Cir. 1999)). Once the moving party does so, the contemnor must "demonstrate why [he] was unable to comply." *Id.* "The contempt 'need not be willful,' and there is no good faith exception to the requirement of obedience to a court order." *Go-Video, Inc. v. Motion Picture Ass'n of America*, 10 F.3d 693, 695 (9th Cir. 1993).

Here, the Government asserts Defendant has willfully violated the terms of the Consent Decree approved by the Court on September 13, 2012 (Doc. 183) and the Court's Order to Enforce the Consent Decree dated March 21, 2013 (Doc. 194). The Government contends, "Defendant's failure to identify an Independent Manager is a serious violation of the Consent Decree because it goes to the heart of the issues alleged and litigated in this case: whether the Defendant sexually harassed the female tenants of his rental properties." (Doc. 196 at 7) (internal quotation marks omitted). Moreover, Defendant's failure to identify an Independent Manager resulted in a failure to comply with related provisions of the Consent Decree. For example, Defendant and the Independent Manager were to participate training on the Fair Housing Act "[w]ithin 90 days of the entry of the Consent Decree," (Doc. 183 at 6, ¶16) as well as submit reports of Defendant's efforts to comply with the Consent Decree. (*Id.* at 9, ¶18). There is no evidence Defendant is unable to comply with the terms of the Court's orders, yet he has failed to do so.

### IV.     Conclusion and Order

Although the Government seeks the issuance of civil contempt sanctions by and through its motion, the entry of sanctions is not appropriate at this time. Importantly, a proceeding for civil contempt is considered a "trial," which requires oral testimony. *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 495 (9th Cir. 1983); Fed. R. Civ. P. 43(a). In general, proceedings for civil contempt "are instituted by the issuance of an Order to Show Cause . . . why a contempt citation should not issue and a notice of a date for the hearing." *Alcalde v. NAC Real Estate Invs. & Assign., Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008). Accordingly, the Court construes the Government's motion as a motion for an order to show cause, thereby initiating the civil contempt proceeding for Defendant's failure to comply with the terms of the Consent Decree.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1.     The Government's motion for civil contempt proceedings is **GRANTED**;

4

2.     Defendant is **ORDERED TO APPEAR** and to show cause <u>**in person**</u> why a civil contempt citation should issue against him;

3.     The Government **SHALL** personally serve Plaintiff with this Order no later than **August 23, 2012**, and promptly file proof of service thereafter; and

4.     A civil contempt hearing is **SET** on **September 30, 2013** at 9:00 a.m. at the United States Courthouse in Bakersfield, California.

Defendant is advised that he has the right to be represented by counsel at this hearing. If Defendant seeks to retain counsel, he **SHALL** do so prior to the hearing and ensure his representative is present at the hearing; the proceedings will not be delayed for a failure to seek representation in a timely manner. **<u>Defendant is cautioned that his failure to appear at the hearing may result in the issuance of a warrant for his arrest</u>**.

IT IS SO ORDERED.

Dated:   **July 22, 2013**                   **/s/ Jennifer L. Thurston**
                                                 UNITED STATES MAGISTRATE JUDGE